# EXHIBIT A
# Complaint filed
# 1-4-24

FILED
HARRISBURG, PA

JAN 0 4 2024

PER_____
DEPUTY CLERK

## DISTRICT COURT OF THE UNITED STATES
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Miller<br>        Petitioner,<br><br>v.<br><br>COUNTY OF LANCASTER<br>[political subdivision];<br><br>OFFICE OF OPEN RECORDS<br>[State agency]<br>        Respondents. | Case No:  1. 24-CV- 14.<br><br><br>PETITION FOR DECLARATORY<br>JUDGMENT AND INJUNCTIVE<br>RELIEF<br><br><br><br>TRIAL BY JURY REQUIRED |

FILED BY:

Date: January 4, 2024

Michael Miller, Pro Se
108 N. Reading Rd, Ste F, 246
Ephrata, PA 17522
(717) 388-0163
reaganfive@protonmail.com

## I.    <u>TABLE OF CONTENTS</u>

I.      TABLE OF CONTENTS ........................................................................... ii

II.     TABLE OF AUTHORITIES.................................................................... iii

III.    PURPOSE............................................................................................... 1

IV.     JURISDICTION AND VENUE.............................................................. 1

V.      PARTIES ................................................................................................ 2

VI.     RELEVANT LAW ................................................................................. 3

VII.    GENERAL FACTUAL ALLEGATIONS ............................................. 4

        Background Facts ................................................................................ 4

        Denial #1 (Copies of Mail-in Ballots).................................................. 6

        Denial #2  (Cast Vote Record Report) .............................................. 10

        Denial #3 (Digital Ballot Images) ...................................................... 12

VIII.   PETITION FOR RELIEF...................................................................... 15

        Questions regarding Denial #1 ........................................................... 15

        Questions regarding Denial #2 and Denial #3 .................................. 17

IX.     VERIFICATION ................................................................................... 20

## II.    TABLE OF AUTHORITIES

**Statutes**

1 Pa. C.S. §1932 ................................................................................................. 17
25 P.S. § 2648 ............................................................................................. passim
25 P.S. § 2649 ............................................................................................... 4, 20
25 P.S. § 3150.17 .................................................................................................. 4
25 P.S. § 3504 ........................................................................................... 11, 17
25 P.S. §3150.17 .................................................................................................. 8
28 U.S.C. § 1331 .................................................................................................. 1
28 U.S.C. § 1343 .................................................................................................. 1
28 U.S.C. § 1391(b) ............................................................................................. 2
28 U.S.C. § 2201(a) ............................................................................................. 1
28 U.S.C. § 2202 .................................................................................................. 1
65 P.S. § 67.102 .................................................................................................. 3
65 P.S. § 67.1101 ................................................................................................ 8
65 P.S. § 67.1102 ..................................................................................... 8, 13, 14
65 P.S. § 67.1301 ......................................................................................... 11, 17
65 P.S. § 67.1302 ......................................................................................... passim
65 P.S. § 67.305(a)(3) ...................................................................................... 7, 8
65 P.S. § 67.502 .................................................................................................. 8
65 P.S. § 67.702 .................................................................................................. 7
65 P.S. § 67.705 ................................................................................................ 14
65 P.S. § 67.708 ................................................................................................ 16
65 P.S. § 67.902 .................................................................................................. 7
Act of Jul. 28, 1953, P.L. 723, No. 230 .............................................................. 3

**Rules**

210 Pa. R.A.P. 3761 ............................................................................. 4, 9, 16, 19
Fed. R. Civ. P. 57 ................................................................................................ 1

**Constitutional Provisions**

Pa. CONST. Art III ........................................................................................ 3, 18
Pa. CONST. Art. I ....................................................................................... 2, 3, 6
Pa. CONST. Art. IX ............................................................................................. 3
Pa. CONST. Art. V ..................................................................................... 3, 16, 17
Pa. CONST. Art. VII ........................................................................................... 2
U.S. Const. amend. I ........................................................................................... 3
U.S. Const. amend. XIV ..................................................................................... 3

### III.    <u>PURPOSE</u>

Michael Miller, ["Miller" and "Petitioner"] seeks declaratory and injunctive relief to prevent the accrual of injury to his rights arising from State action to prevent him from obtaining public records he has right to under State law. Miller seeks a favorable declaration that State actions against him violate constitutional guarantees of free expression, due process, and equal protection.

### IV.    <u>JURISDICTION AND VENUE</u>

1.  This Court has jurisdiction to grant declaratory judgment and coercive relief pursuant to 28 U.S.C. § 2201(a) and 28 U.S.C. § 2202.

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 ("arising under the Constitution") because this matter raises questions regarding free expression, due process, and equal protection.

3.  This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) ("civil rights claims arising under the Constitution").

4.  The General Factual Allegations herein are substantively undisputed.

5.  Pursuant to Fed. R. Civ. P. 57, petitioner seeks the declaration of the existence or nonexistence of rights, duties, powers, privileges, disabilities, and immunities or of any fact upon which such legal relations depend, or of a

1

status.

6. Declaratory and injunctive relief will terminate the controversy giving rise to this proceeding.

7. Each branch of the State upholds the scheme described herein such that Miller's further exhaustion in State's courts is futile.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occur in the Middle District of Pennsylvania judicial district.


## V.  **PARTIES**

9. Michael Miller, ["Petitioner" or "Miller"] is one of the people of the union state of Pennsylvania as seen in Pa. Const. Art I. At all times relevant to this petition, Miller resided in Lancaster County, Pennsylvania and is a qualified elector pursuant to Pa. Const. Art. VII § 1 (electors). Miller has all rights, privileges, and immunities of a citizen of Pennsylvania and the United States.

10. Respondent, COUNTY OF LANCASTER ["County" or "Respondent"], is a political subdivision of COMMONWEALTH OF PENNSYLVANIA ["State"]. At all times relevant to this petition, County has powers and duties created by its charter [Act of Jul. 28, 1953, P.L. 723, No. 230], the RTKL

2

(local agency under 65 P.S. § 67.102), and the Pennsylvania Election Code.

11. Respondent, PENNSYLVANIA OFFICE OF OPEN RECORDS ["OOR" or "Respondent"], is an executive office of State created by 65 P.S. § 67.1310. At all times relevant to this petition, OOR is granted authority and duties by the RTKL.

12. Acts by government officials and entities described herein are alleged to be acts of 'the State' pursuant to U.S. Const. amend. XIV.


## VI.  <u>RELEVANT LAW</u>

The Court should review the State's compliance with the following law:

    a.  U.S. Const. amend. I (protection of speech/press against overbreadth; vagueness; unbridled discretion)

    b.  U.S. Const. amend. XIV (due process; equal protection)

    c.  Pa. Const. Preamble (purpose of government)

    d.  Pa. Const. Art. I, §§ 1, 7, 26 (property and liberty; free speech/press; equal protection)

    e.  Pa. Const. Art III, § 1, 20, 32 (laws passed by bill; requirement of generality; delegation of powers; prohibitions against local or special laws)

    f.  Pa. Const. Art. V, §10(c) (Supreme Court powers over courts; rules compliant with Constitution; may not abridge substantive rights)

    g.  Pa. Const. Art. IX, § 1, 4 (requirement of general and uniform laws and procedures; local government by elected officials)

    h.  Pa. Election Code statutes 25 P.S. § 3150.17; 25 P.S. § 2648; 25 P.S.

3

§ 2649; 25 P.S. § 3504.

i.  Pa. Right to Know Law (esp. Sections 102, 305, 701, 708, 1101, 1102, 1301, 1302, 1303, 1306, 1309, 1310)

j.  210 Pa. R.A.P. 3761(b) (enforcement of agency disclosure of records)


## VII.    GENERAL FACTUAL ALLEGATIONS

This section contains factual allegations from three of Miller's public records requests for election records. Miller cites multiple requests to highlight patterns of State action. Some allegations reference an exhibit in Miller's Commonwealth suits 595CD2023 and 596CD2023 by which petitioner seeks access to the records.[1]


**Background Facts**

13.  On May 17, 2022, Miller contested for Pennsylvania State Senate District 36 in an election held in Lancaster County, Pennsylvania.

14.  On May 17, 2022, County announced that approximately 14,000 of the 22,000 ballots it received from 'mail-in' voters could not be counted by County's scanners because the ballots had been misprinted. (County's clerk testified

_____

[1] Page numbers of separately filed exhibits are referenced herein as "(R. pg. #)".

4

that 8,000 ballots scanned concurrently without error).

15. Some ballots received from voters in Senate District 36 did not have Miller's contest printed on the ballot, therefore those voters were unable to vote for Miller.

16. On May 17, 2022, County's policymaking board directed County's employes to procure and mark 14,000 'replacement' mail-in ballots and to count these instead of the ballots returned by voters.

17. County reported the count of the replacement ballots instead of the ballots completed by voters.

18. On May 31, 2022, approximately 120 voters in 40 precincts filed petitions in the Lancaster County Court of Common Pleas demanding a hand count of Miller's election on grounds they had information that the reported count was in error. The Court denied the petitions and a hand count.

19. In May, 2022, Miller began to request election information from County pursuant to the RTKL.

20. Miller used the records to create and circulate publications critical of County's ballot administration, lack of transparency, and reported vote count.

21. On August 10, 2022, a front-page newspaper article entitled, "Ex-hopeful fails to follow up on request", implied that release of the requested records violated

5

laws.

22. Miller exercises liberty to promote free and general discussion that prepares
the people for an intelligent exercise of Pa. CONST. art. I, § 5, which states:
"Elections shall be free and equal; and no power, civil or military, shall at any
time interfere to prevent the free exercise of the right of suffrage."

**Denial #1 (Copies of Mail-in Ballots)**

23. Facts in this subsection are substantively referenced in the record of Miller's
efforts to obtain copies of the voted mail-in ballots created by County for the
said election.

24. On June 7, 2022, pursuant to 65 P.S. § 67.702, Miller sent a request to County
to obtain copies of all mail-in ballots created for the May 2022 election.
["ballots"]

25. On June 15th, pursuant to 65 P.S. § 67.902, County issued a 30-day extension
of time to respond to Miller's request. (R.2)

26. On July 15th, pursuant to 65 P.S. § 67.305(a)(3), County denied the records
by issuing an administrative denial on the basis the ballots "are not subject to
public disclosure" according to the Pennsylvania Election Code (25 P.S. §
2648). (R. 3)

27. County's responses on June 15th and July 15th restrained Miller's publication.

28. On July 27th, Miller appealed County's denial to OOR pursuant to 65 P.S. § 67.1101.

29. On August 17th, at approximately 4:38pm, Bender sent an email to OOR appeal officer, Kelly Isenberg ["Isenberg"], County's solicitor, Jacqueline Pfursich ["Pfursich"], and Miller.

30. Bender's email attached a letter written by Pfursich to Isenberg.

31. Pfursich's letter to Isenberg stated, "County respectfully asks that this appeal be denied" pursuant to 65 P.S. § 67.305(a)(3) ("exempt from disclosure"). (R.6)

32. On October 5th, around 10:45am, pursuant to 65 P.S. § 67.1102, Isenberg emailed her final determination to parties and Pfursich. (R.9 - R.19)

    a. Isenberg's final determination ordered County to release records to Miller within 30 days. (R.18 – R.19)

    b. Isenberg's final determination[2] did not find that the granted records were exempt from disclosure pursuant to 65 P.S. § 67.305(a)(3).

    c. Isenberg's final determination concluded that the items requested under 25 P.S. §3150.17 are accessible under conditions specified in 25 P.S. § 2648.

---

[2] 65 P.S. §67.1101(b)

33. The RTKL/OOR scheme allowed County to escape judicial review for non-compliance with a final determination by not appealing within 30 days of its issuance, as follows:

    a. 65 P.S. § 67.1302 allows agencies 30 days from the issuance of its final determination to appeal the final determination.

    b. Isenberg's final determination afforded County 30 days to release the records.

    c. County did not appeal the final determination.

34. On October 5, 2022, around 4:10pm, Bender sent Miller an email containing a letter written by Pfursich to Miller.

35. Pfursich's letter describes restraints on access to the granted records that prevent Miller from obtaining copies of the ballots. (R.20 - R.21)

36. On October 12th, County's policymaking board held a public meeting at which it declared its decision to impose restraints that do not allow Miller to obtain copies of the ballots. (R. 126)

    a. In the meeting, a board member told a newspaper reporter, "I can't imagine what people might think if there's ballots floating around." (R. 127)

    b. In the meeting, Pfursich claimed that the board "put the parameters in place" specifically for requests for election materials in 2020, after the number of requests "really pick(ed) up". (R. 126)

37. County has not lawfully promulgated regulations pursuant to 25 P.S. § 2648.

8

38. On October 14th, Miller emailed County to assert his right to obtain the
    records. Pfursich replied in refusal by email.

39. On October 21st, Miller e-mailed Bender, Isenberg, and 'DC, OpenRecords'
    (RA-OpenRecords@pa.gov) requesting OOR's enforce its final
    determination.

40. On October 24th, Kyle Applegate, OOR's chief counsel, ["Applegate"] sent an
    email to Miller, stating,

    > *"Our office's jurisdiction in the matter has ended with the issuance of
    > the Final Determination, and we are unable to undertake any sort of
    > enforcement action." (R.22)*

41. On December 29, 2022, pursuant to 65 P.S. § 67.1302, 210 Pa. R.A.P. 3761,
    and OOR's 'Procedural Guidelines'[3], Miller filed a 'Petition to Enforce a
    Final Determination' in the Lancaster County Court of Common Pleas. (R.24
    - R.32)

    a. On October 17, 2020, the Commonwealth Court created 210 Pa. R.A.P.
       3761(b)(1) to create a statutory enforcement action for decisions under 65
       P.S. § 67.1301, which is by the requestor filing a petition to enforce in
       the appellate jurisdiction of the Commonwealth Court.
    b. The State provides no equivalent enforcement action for decisions under
       65 P.S. § 67.1302.
    c. Pursuant to 210 Pa. R.A.P. 3761, the Court treated Miller's petition as an

---

[3] https://www.openrecords.pa.gov/Appeals/ProceduralGuidelines.cfm

9

original action in mandamus in County's court of common pleas.

d. County argued in court that it had created "regulations it deems necessary for sakekeeping" pursuant to 25 P.S. § 2648. (R. 20)

e. On May 12, 2023, the court dismissed Miller's petition on its opinion that 25 P.S § 2648 grants County's board power to impose its restraints on Miller's access. (R.33 – R.44)

f. The court denied Miller a hearing and opportunity to amend.

g. The court violated rules of civil procedure (Pa. R.C.P. 1028) by dismissing Miller's prima facie case on preliminary objections in the nature of a demurrer. (R.39, 42, 43)

h. Miller appealed to the Commonwealth Court.

i. As of December 2023, the State has denied Miller a hearing.

42. On June 26, 2023, Miller filed a private criminal complaint to County's

District Attorney against Bender and Pfursich.

a. Miller's private criminal complaint alleged violation of 25 P.S. § 3504 -- ("misdemeanor") for officials' refusal to permit copying or inspecting of election records. (R.45)

b. On July 13th, the District Attorney disapproved Miller's criminal complaints on the claim that the complaints "lacked prosecutorial merit" and "are the subject of pending litigation".

c. On August 11th, Miller filed a petition for review of the District Attorney's disapproval in the Lancaster County of Common Pleas.

d. On December 20th, the District Attorney answered that since the Court determined that County made the records available "subject to what the County deemed necessary for safety and security", Miller's allegations lack prosecutorial merit.

**Denial #2  (Cast Vote Record Report)**

10

43. On July 19th, 2022, Miller requested a Cast Vote Record report for the May 17, 2022 election (a 'report' pursuant to 25 P.S. § 2648).

44. On July 28th, County denied the request -- claiming that the report is not accessible under the Election Code. (R. 46)

45. Miller appealed County's denial to OOR. (OOR Docket # AP 2022-1831)

46. On August 17th, Bender sent Miller and the appeal officer a printout of an apparent email exchange in which County's election clerk emailed Pfursich a letter from Jessica Mathis, Director, Bureau of Elections, Department of State, dated November 8, 2021.

47. Mathis's letter directs "County Election Officials" to deny records requests for CVRs and digital ballot images. (R. 48-49)

48. On August 26th, Bender emailed the OOR appeal officer a statement purported by Pfursich to be an affidavit by the chief election clerk. (R.50)

49. The statement is not an affidavit or under oath.

50. The statements, as presented, are inadmissible as evidence in any fair tribunal and Miller objected to them repeatedly. (R.55)

51. The OOR appeal officer conducted no authentication, cross-examination, or hearing. (65 P.S. § 67.1102)

11

52. On October 14th, the OOR appeal officer issued a final determination denying the records on grounds that the alleged statement was competent and sufficient evidence for denial.  (R.56 – R.61).

53. Miller did not appeal.

54. On December 6th 2023, in a hearing before the Commonwealth Court for 57CD2023, the State's attorney argued in opposition to the publication of cast vote record reports, stating:

> "We [Department of State] don't believe (the requestors) are entitled to (the CVR) (based on readings of 25 P.S. § 2648), but absent that, in the climate that we're in currently there's always the possibility of the threat of manipulation of information. We're trying to prevent that. By allowing requests for information such as this to get out, I believe there could be a manipulation of that information in the public's eye and could lead to a lot of challenges of results that are not necessarily warranted."

**Denial #3 (Digital Ballot Images)**

55. On October 26, 2022, Miller requested copies of the scanned images of the ballots used in the May 17th 2022 election.

56. On November 2nd, County denied the records on grounds it does not currently maintain the records in the requested format, allegedly pursuant to 65 P.S. § 67.705. (R.62 - R.64)

57. Miller appealed to OOR. (OOR Docket # AP 2022-2536).

12

58. On November 17th and November 29th, County emailed the OOR appeal

    officer statements alleged by Pfursich to be affidavits by County's election

    clerk. (R.65 - R.75)

59. The statements are not affidavits or under oath.

60. The statements are not 'reasonably probative' or competent evidence in any

    fair tribunal. 65 P.S. § 67.1102(a)(2)

61. Miller objected to the admission and weighing of these alleged statements and

    sent a preemptive complaint to OOR.

62. The OOR appeal officer conducted no authentication, cross-examination, or

    hearing.

63. On November 29th, Applegate sent a responsive email to Miller's stating:

    "*Good afternoon Mr. Miller,*

    *The Right-to-Know Law sets the burden of proof that the Office of Open
    Records must follow. Courts have repeatedly held that affidavits and
    attestations are evidence that may be accepted by OOR Appeals Officers.
    Our evidentiary practices will continue to follow the Right-to-Know Law
    and caselaw. To the extent that you wish to challenge any specific evidence
    submitted by the County, you may do so before Appeals Officer Burlew.
    Following her Final Determination, you have the right to raise any issues to
    an appellate court, such as the Lancaster County Court of Common Pleas.*"

64. On December 1st, the OOR appeal officer issued her final determination that

    the clerk's statements were sufficient evidence to deny the records. (R.76 –

13

R.87)

65. On December 29th, Miller filed a petition for judicial review in the Lancaster
County Court of Common Pleas (pursuant to 65 P.S. § 67.1302). (R.88
R.111)

66. On May 12, 2023, the court entered an order affirming OOR's final
determination and dismissing Miller's petition. (R.112 - R.125)

67. The court conducted no fact finding, hearing, or cross-examination pursuant to
65 P.S. § 67.1302 ("findings of fact").

68. The court's 'Findings of Fact' merely restated the record of the OOR appeal.
(R.112 - 116)

69. The court, like OOR, did not determine whether or not the records exist.

70. The court held that OOR appeal officers have "wide discretion" to make final
determinations in this manner. (R.122)

71. The court's dismissal was not based on evidence. 65 P.S. § 67.708(a)(1)

72. Miller appealed to the Commonwealth Court.

73. As of December 31, 2023, the State has denied Miller a hearing.

14

## VIII.    PETITION FOR RELIEF

In its determination of ultimate relief, Petitioner requests the Court address the questions related to each denial.

**Questions regarding Denial #1**

74.  Does County's imposition of restraints constitute action by which the government might prevent free and general discussion of public matters?

75.  Does the RTKL create for Miller a protected property interest?

76.  What due process is required?

77.  Does the RTKL create for Miller a liberty interest?

78.  Under which statute in the Pa. Election Code are voted ballots exempt from public access?

79.  By what authority may County refuse to provide copies to Miller?

80.  What power is granted to County to impose its restraints on Miller?

81.  As alleged, are the County's alleged actions of a criminal nature under 25 P.S. § 3504? (pari materia construction with 25 P.S. § 2648)[4]

---

[4] 1 Pa.C.S. § 1932: Statutes in pari materia (a) Statutes or parts of statutes are in

82. Is the scheme a system of prior restraint?

83. Does the scheme lack constitutionally required procedural safeguards?

84. Do the federal and state equal protection clauses permit the State to provide
    Miller -- a requestor under 65 P.S. § 67.1302 -- a judicial review that is
    unequal to that which it provides requestors under 65 P.S. § 67.1301? (See
    210 Pa. R.A.P. 3761b(1) and its 'Official Note')

85. Did the State's judicial review satisfy prohibitions against vagueness,
    overbreadth, or unbridled discretion?

86. Did the State's judicial review provide Miller with sufficient due process?

87. May another State agency litigate in Miller's suits against County?[5]

88. Is 210 Pa. R.A.P. 3761(b) compliant with Pa. CONST. Art. V, §10(c)?

89. Is 210 Pa. R.A.P. 3761(b) ("mandamus or other petition authorized by local
    rule") compliant with Pa. Const. Art. III, §§ 1, 20, 31, and 32, and Art. IX, §
    1? (mandate for general and uniform laws; prohibitions against special and

---

pari materia when they relate to the same persons or things or to the same class of
persons or things (b) Statutes in pari materia shall be construed together, if
possible, as one statute.
[5] In 57 CD 2023, the Commonwealth Court allowed the Department of State to
intervene in a citizen's suit against County of Lycoming to obtain public election
records. Accordingly, Miller seeks a declaration.

local procedures)

## Questions regarding Denial #2 and Denial #3

90. Might the State's actions in Denials #2 and #3 prevent free and general

    discussion of public matters?

91. Do the OOR appeal officer's decisions in requests #2 and #3 satisfy

    prohibitions against vagueness, overbreadth, or unbridled discretion?[6]

92. May OOR appeal officers regulate a citizen's free expression in the absence of

    law, statute, or regulations?[7]

93. Did the judicial review provided to Miller satisfy prohibitions against

    vagueness, overbreadth, or unbridled discretion?

94. Did the judicial review provided to Miller satisfy due process and equal

    protection requirement?

95. Has the Pa. Supreme Court complied with Pa. Const. Art. V, §10(c) in

    prescribing all pertinent aspects of judicial review under the RTKL?

96. Is OOR's power to interfere with municipal public records (property held in

---

[6] See 65 P.S.§ 67.1101(b); 65 P.S.§ 67.1102(a)(1)(2)(3)(4) and (b)(1)(2)(3); and 65 P.S.§ 67.1309 ("unless adopted");

[7] 65 P.S.§ 67.102 (outcome must be based on law, statute, regulation)

17

trust) violative of Pa. Const. Art. III. § 31? (non-delegation; act in accordance with law)

WHEREFORE, Miller moves the Court to enter an order providing the following relief:

97.  Declare that County's restraints, as applied, are invalid.

98.  Enjoin County from enforcing its restraints.

99.  Declare that 25 P.S. § 2648 is unconstitutionally vague with respect to terms "ballot", "ballot boxes", "contents", and "voting machines". Alternatively, declare the definitions of these terms.[8]

100. Declare the types of election records that an agency has authority to refuse to provide a qualified elector through a public records request?

101. Declare the conditions by which County must release the records to Miller.

102. Declare the State's RTKL (or portions thereof) invalid.

103. Enjoin the State's RTKL (or portions thereof).

---

[8] During an election, County's board makes a digitized copy of the document marked by the voter. County's board uses a digitized document (not the document completed by the voter) to produce the count,. The voter does not create a digitized document or place one in a ballot box. A thing similar is never exactly the same.

104. Enjoin 210 Pa. R.A.P. 3761(b).

105. Provide interim provisions for public records access that are consistent with constitutional provisions.

106. Order County to preserve all May 17th 2022 election records pursuant to 25 P.S. § 2649. (records subject to litigation)

107. Such and other further relief as the circumstances and demands of justice may warrant.

## IX.    <u>VERIFICATION</u>

STATE OF PENNSYLVANIA
LANCASTER COUNTY

BEFORE ME personally appeared Michael Miller who, being by me first duly

sworn and identified in accordance with Pennsylvania law, deposes and states

under penalties of perjury:

1. My name is Michael Miller: Petitioner herein.

2. I have read and understood the attached foregoing petition filed herein, and

    each fact alleged in the General Factual Allegations is true and correct

    according to my own personal firsthand knowledge.

3. The Exhibits referenced in this Petition and filed concurrently with this

    Court are true copies.

**Michael Miller**

SWORN TO and subscribed before me this _4th_ day of _January_

2024.

Signature: _____

Printed: _Elizabeth Weber_____

Notary Public

Commonwealth of Pennsylvania - Notary Seal
Elizabeth Weber, Notary Public
Lancaster County
My commission expires August 13, 2025
Commission number 1304095

20