# EXHIBIT B
# 6-20-24 Report and Recommendation and 9-30-24 Order

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL MILLER,** | **:** | **Civ. No. 1:24-CV-14** |
| | **:** | |
| **Plaintiff,** | **:** | **(Judge Wilson)** |
| | **:** | |
| **vs.** | **:** | **(Magistrate Judge Carlson)** |
| | **:** | |
| **LANCASTER COUNTY, et al.,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

<u>**REPORT AND RECOMMENDATION**</u>

**I.    <u>Factual Background</u>**

The *pro se* plaintiff in this case, Michael Miller, resides in Ephrata, Lancaster County, and within the venue of the United States District Court for the Eastern District of Pennsylvania. Miller has filed this civil action seeking injunctive and declaratory relief against Lancaster County and the Commonwealth of Pennsylvania Office of Open Records alleging that this Court should review the defendants' compliance with an array of federal and state constitutional provisions and laws in the course of responding to Miller's requests for information under Pennsylvania's Right to Know law. (Doc. 1, ¶¶ 1-13). Notably, in his complaint, Miller acknowledges that these state law questions have been the subject of ongoing litigation by the plaintiff in state courts in Lancaster County and elsewhere. (<u>Id.</u>, Section VII).

1

Miller's state Right to Know litigation, which now inspires his parallel federal declaratory judgment action, appears to arise out of challenges to a local election in Lancaster County. Specifically, the plaintiff alleges that: "On May 17, 2022, Miller contested for Pennsylvania State Senate District 36 in an election held in Lancaster County, Pennsylvania." (Id., ¶ 13). Miller alleges that there were irregularities in the printing and processing of mail-in ballots in this election. (Id., ¶¶ 14-20). According to the plaintiff, he filed state Right to Know law requests with local officials in support of his efforts to publicize these alleged election anomalies. (Id., ¶¶ 19-22).

These requests were denied, in part, and Miller began a multi-facetted legal foray seeking review of this decision from the Commonwealth of Pennsylvania Office of Open Records, the Pennsylvania Commonwealth Court, and the Court of Common Pleas of Lancaster County. (Id., ¶¶ 22-73). Dissatisfied with the pace and outcome of this state litigation of his state Right to Know law claims, on January 4, 2024 Miller filed this lawsuit. (Id.) In his prayer for relief, Miller essentially invites us to intervene in this state litigation, address some 23 specific and detailed questions relating to the processing of his state Right to Know law requests,[1] and enjoin the enforcement of the state law. (Id., ¶¶ 74-107).

---

[1] On this score Miller's prayer for relief is much more akin to a series of detailed interrogatories addressed not to the parties but rather to the Court. We, of course, do not answer interrogatories. Rather, that is a task for the parties. However, Miller's propounding of what are in essence interrogatories for the Court to answer may

The defendants have moved to dismiss Miller's *pro se* complaint, asserting that Miller has failed to state a claim upon which relief may be granted and further arguing that the Court should not exercise jurisdiction over this ongoing state legal controversy. (Docs. 8, 16). These motions are fully briefed and are, therefore, ripe for resolution. For the reasons set forth below, it is recommended that these motions be granted, and Miller's complaint be dismissed. In the alternative, we recommend that any surviving claims lodged by Miller be transferred to the United States District Court for the Eastern District of Pennsylvania.

## II.   <u>Discussion</u>

### A.   <u>Motions to Dismiss Under Rule 12(b)(1) and 12(b)(6)—Standards of Review.</u>

### 1.   <u>Rule 12(b)(1)</u>

The defendants have moved to dismiss Miller's complaint citing Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil procedure. Rule 12(b)(1) permits the dismissal of an action for "lack of subject matter jurisdiction." A motion to dismiss under Rule 12(b)(1) thus challenges the power of the court to hear a case or consider a claim. <u>Petruska v. Gannon Univ.</u>, 462 F.3d 294, 302 (3d Cir. 2006). When faced with a 12(b)(1) motion, the plaintiff has the burden to "convince the court it

---

explain another misapprehension of the plaintiff; namely, his insistence that the court act in this case in accordance which timetables which he dictates. (Docs. 56, 57).

has jurisdiction. <u>Gould Elecs., Inc. v. United States</u>, 220 F.3d 169, 178 (3d Cir. 2000); <u>see</u> <u>also</u> <u>Kehr Packages v. Fidelcor, Inc.</u>, 926 F. 2d 1406, 1409 (3d Cir. 1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion").

A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. <u>See</u> <u>Morten v. First Fed. Sav. And Loan Ass'n</u>, 549 F. 2d 884, 891 (3d Cir. 1997). First, a facial attack "contests the sufficiency of the pleadings." <u>Common Cause of Pa. v. Pennsylvania</u>, 558 F.3d 249, 257 (3d Cir. 2009) (quoting <u>Taliaferro v. Darby Twp. Zoning Bd.</u>, 458 F. 3d 181, 187-88 (3d Cir. 2006)). Such a facial challenge "attacks the complaint on its face without contesting its alleged facts, [and] is like a 12(b)(6) motion in requiring the court 'to consider the allegations of the complaint as true.'" <u>Hartig Drug Company, Inc. v. Senju Pharmaceutical Co. Ltd.</u>, 836 F. 3d 261, 268 (3d Cir. 2006). Thus, in ruling on such a motion, the court assumes the truth of the allegations in the complaint but must analyze the pleadings to determine whether they state an action that comes within the court's jurisdiction. <u>United States ex rel. Atkinson v. Pa. Shipbuilding Co.</u>, 473 F. 3d 506, 514 (3d Cir. 2016). A facial 12(b)(1) motion should be granted only if it appears certain that the assertion of subject matter jurisdiction is improper. <u>Kehr Packages</u>, 926 F. 2d 1406, 1408-09 (3d Cir. 1991); <u>Empire Kosher</u>

Poultry, Inc. v. United Food & Commericial Workers Health & Welfare Fund of Ne.

Pa., 285 F. Supp. 3d 573, 577 (M.D. Pa. 2003).

In contrast, a "factual" attack on subject matter jurisdiction asserts that, although the pleadings facially satisfy jurisdictional requirements, one or more allegations in the complaint is untrue, which therefore causes the action to fall outside the court's jurisdiction. Carpet Group, Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F. 3d 62, 69 (3d Cir. 2000); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1997). In ruling on factual challenges, a court must consider the merits of the disputed allegations, since "the trial court's . . . very power to hear the case" is in dispute. Mortensen, 549 F.2d at 891.

## 2. **Rule 12(b)(6).**

While Rule 12(b)(1) considers the power of the court to hear a case, a motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u>, –U.S.–, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations

sufficient to raise the plaintiff's claimed right to relief beyond the level of mere

speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to
> state a claim, district courts should conduct a two-part analysis. First,
> the factual and legal elements of a claim should be separated. The
> District Court must accept all of the complaint's well-pleaded facts as
> true, but may disregard any legal conclusions. Second, a District Court
> must then determine whether the facts alleged in the complaint are
> sufficient to show that the plaintiff has a "plausible claim for relief." In
> other words, a complaint must do more than allege the plaintiff's
> entitlement to relief. A complaint has to "show" such an entitlement
> with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

> The Supreme Court in Twombly set forth the "plausibility" standard for
> overcoming a motion to dismiss and refined this approach in Iqbal. The
> plausibility standard requires the complaint to allege "enough facts to
> state a claim to relief that is plausible on its face." Twombly, 550 U.S.
> at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard
> when the factual pleadings "allow[ ] the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged." Iqbal,
> 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).
> This standard requires showing "more than a sheer possibility that a
> defendant has acted unlawfully." Id. A complaint which pleads facts
> "merely consistent with" a defendant's liability, [ ] "stops short of the
> line between possibility and plausibility of 'entitlement of relief.' "

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied,

132 S. Ct. 1861, 182 L.Ed.2d 644 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be

considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

It is against these legal guideposts that we assess the legal sufficiency of this complaint.

### B. Miller's Complaint Should Be Dismissed

In this case Michael Miller expressly invokes the Declaratory Judgment Act, 28 U.S.C. § 2201(a) and 28 U.S.C. § 2202, in the course of inviting us to intervene in state litigation involving the application and interpretation of the state Right to Know law and opine on some 23 questions propounded by the plaintiff. (Doc. 1, ¶ 1). We should decline this invitation which is antithetical to the standards governing the court's exercise of jurisdiction under the Declaratory Judgment Act.

In considering Miller's invitation to use the Declaratory Judgment Act to essentially dictate the results of parallel state litigation applying a state statute, we begin by noting that the Act has long been recognized as something of a jurisdictional anomaly. As the Third Circuit has aptly observed:

> Generally, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." Quackenbush v. Allstate Ins.

Co., 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); see also
Colo. River Water Conservation Dist. v. United States, 424 U.S. 800,
817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (federal courts have
"virtually unflagging obligation ... to exercise the jurisdiction given
them"). Declaratory judgment actions implicate an exception to this
rule. See Reifer v. Westport Ins. Corp., 751 F.3d 129, 134–35 (3d Cir.
2014). The DJA provides that "[i]n a case of actual controversy within
its jurisdiction, ... any court of the United States, ... *may* declare the
rights and other legal relations of any interested party seeking such
declaration, whether or not further relief is or could be sought." 28
U.S.C. § 2201(a) (emphasis added). The Supreme Court has long held
that the DJA's "textual commitment to discretion"—*i.e.*, "may"—
"confer[s] ... unique and substantial discretion" upon district courts to
decide whether to exercise jurisdiction in declaratory judgment actions.
Wilton v. Seven Falls Co., 515 U.S. 277, 286–87, 115 S.Ct. 2137, 132
L.Ed.2d 214 (1995); see also Reifer, 751 F.3d at 139. In other words, a
district court may abstain from hearing a declaratory judgment action
that is properly within the court's subject matter jurisdiction.

DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co., 10 F.4th 192, 196 (3d Cir. 2021).

However, the court's discretion in declining to issue declaratory judgments in

not entirely untrammeled and unfettered. Quite the contrary, the courts have crafted

a series of factors which guide our exercise of jurisdiction in this regard.

Accordingly:

[O]ver the years [the court of appeals has] enumerated factors for
district courts to consider when exercising DJA discretion. We have
required district courts to consider four general factors:

(1) the likelihood that a federal court declaration will
resolve the uncertainty of obligation which gave rise to the
controversy;

(2) the convenience of the parties;

(3) the public interest in settlement of the uncertainty of obligation; and

(4) the availability and relative convenience of other remedies.

> <u>Pa., Dep't of Envtl. Res.</u>, 923 F.2d at 1075 (citing <u>Terra Nova Ins. Co. v. 900 Bar, Inc.</u>, 887 F.2d 1213, 1224 (3d Cir.1989); <u>Bituminous Coal Operators' Assoc.</u>, 585 F.2d at 596). We have also suggested that courts "seek to prevent the use of the declaratory action as a method of procedural fencing, or as a means to provide another forum in a race for res judicata." <u>Terra Nova</u>, 887 F.2d at 1225 (quoting 6A J. Moore, J. Lucas & G. Girtheer, Jr., <u>Moore's Federal Practice</u> ¶ 57.08[5], at 57–50 (2d ed.1987)).

<u>Reifer v. Westport Ins. Corp.</u>, 751 F.3d 129, 140 (3d Cir. 2014).

This final prudential consideration cautioning against sanctioning use of the Declaratory Judgment Act to permit gratuitous intervention in ongoing state court litigation is firmly engrafted into the law. As the United States Supreme Court has aptly observed:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

<u>Brillhart v. Excess Ins. Co. of Am.</u>, 316 U.S. 491, 495, 62 S. Ct. 1173, 1175–76, 86 L. Ed. 1620 (1942). Therefore, in a case such as this, where there are pending parallel state proceedings, we are urged to refrain from entertaining declaratory judgment

requests which would interfere with these ongoing proceedings. State Auto Ins.
Companies v. Summy, 234 F.3d 131, 136 (3d Cir. 2000).

So it is here. Miller's complaint clearly indicates that he has pursued relief on
these state law claims in a number of different state legal forums. Given this
immutable fact we agree that "it would be uneconomical as well as vexatious for a
federal court to proceed in a declaratory judgment suit where another suit is pending
in a state court presenting the same issues, not governed by federal law, between the
same parties." Brillhart, 316 U.S. at 495.

Abstention and forbearance from entertaining Miller's sweeping array
declaratory judgment demands relating to the application of Pennsylvania's Right to
Know Act is particularly appropriate since it is well-settled that:

> [T]he Right–to–Know Act prescribes that the appropriate remedy for
> denial of a request is to appeal that denial in state court. This statutory
> remedy is exclusive. Proffitt v. Davis, 707 F.Supp. 182, 188
> (E.D.Pa.1989)" Martinson v. Violent Drug Traffickers Project, 1996
> WL 411590, at *2. Therefore, federal courts generally lack subject
> matter jurisdiction over such Pennsylvania Right–to–Know Act claims.
> Id.

Ledcke v. Pennsylvania Dep't of Corr., No. 1:11-CV-2298, 2012 WL 716052, at *5
(M.D. Pa. Feb. 3, 2012), report and recommendation adopted, No. 1:11-CV-2298,
2012 WL 718591 (M.D. Pa. Mar. 5, 2012). See e.g., Miller v. Nelling, No. CV 22-
3329-KSM, 2023 WL 2743564, at *6 (E.D. Pa. Mar. 31, 2023); McCullough v.
County of Allegheny, No. CV 16-534, 2016 WL 7116640, at *2 (W.D. Pa. Dec. 7,

2016) (federal courts lack jurisdiction to compel the production of documents requested under the RTKL); Degenes v. Mueller, No. CIV.A. 11-916, 2012 WL 260038, at *3 (W.D. Pa. Jan. 27, 2012) (granting motion to dismiss plaintiff's RTKL claim for lack of subject matter jurisdiction). Thus, when we consider the availability and relative convenience of other remedies, a relevant factor under the Declaratory Judgment Act, we note that it has long been held that state law provides other, exclusive remedial avenues for Right to Know Act litigants like Miller. Therefore, this discretionary factor—the availability and relative convenience of other remedies—also strongly cautions in favor of dismissal of Miller's far reaching declaratory judgment action.

Furthermore, Miller's efforts to pursue Right to Know litigation against the Commonwealth under the guise of constitutional claims against various state agencies based upon alleged misapplication of Pennsylvania's Right to Know law encounters a separate constitutional obstacle:

> As to those [state agency] defendants who are subject to Pennsylvania's Right to Know Act, the Eleventh Amendment barred the District Court from considering [these] claims. See Capital Cities Media, Inc. v. Chester, 797 F.2d 1164, 1176–77 (3d Cir.1986). The Eleventh Amendment also provided immunity to the Commonwealth Defendants, who were sued exclusively in their official capacities.

N'Jai v. Floyd, 386 F. App'x 141, 143 (3d Cir. 2010). See also Ledcke v. Pennsylvania Dep't of Corr., No. 1:11-CV-2298, 2012 WL 716052, at *5 (M.D. Pa.

Feb. 3, 2012), report and recommendation adopted, No. 1:11-CV-2298, 2012 WL 718591 (M.D. Pa. Mar. 5, 2012). Simply put, given the way in which the Eleventh Amendment to the United States Constitution restricts the ability of federal courts to adjudicate claims involving state agencies, it is unlikely that we would be able to address Miller's claims against the Commonwealth defendants and resolve the legal obligations which gave rise to the controversy. Therefore, the first discretionary factor we have enjoined to consider—the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy—also weighs against accepting Miller's invitation for federal courts to indulge in a series of detailed declaratory judgments regarding the application of the state Right to Know law.

Yet another discretionary factor we must examine—the convenience of the parties—also cuts against Miller in this case. At bottom, Miller's current declaratory judgment lawsuit involves challenges to a local election in Lancaster County brought by a Lancaster County resident against Lancaster County and the Pennsylvania Commonwealth Office of Open Records. While Miller's expedient of naming the Commonwealth Office of Open Records as a defendant may give rise to venue in this Court, it is evident that the gravamen of this declaratory judgment action focuses on matters which occurred in Lancaster County and entails disputes between Miller,

a Lancaster County resident, and county officials. Moreover, many of these disputes have been the subject of active litigation in the Lancaster County Court of Common Pleas. Thus, when we consider the relative convenience of the parties, as we must, it is apparent that Lancaster County is clearly the most convenient venue for litigation of this dispute. It is also undisputed that Lancaster County is located within the venue of the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 118(a).

In such instance, where a declaratory judgment action is brought in an inconvenient federal forum, we may decline to entertain the plaintiff's request that we entertain the 23 detailed interrogatories that Miller urges us to address. Moreover, in the alternative we may transfer this case to a more appropriate and convenient federal forum pursuant to 28 U.S.C. § 1404(a) which expressly provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404 (a).

In sum, Miller's *pro se* complaint invites us to follow a course which caselaw clearly cautions against; namely, engaging in gratuitous interference with the orderly and comprehensive disposition of state court litigation in a field where state law provides an exclusive remedy in state court. Further, Miller urges us to enter

declaratory judgments against state agencies dictating how they should apply state Right to Know laws to Miller's demands for information, a path which may be blocked by the Eleventh Amendment. Finally, Miller encourages us to pursue these fact-bound claims that are rooted in local Lancaster County disputes in an inappropriate federal forum.

We should decline this invitation which is antithetical to the standards governing the exercise of discretion under the Declaratory Judgment Act. Instead, it is recommended that these motions to dismiss be granted and Miller's complaint be dismissed. In the alternative, we recommend that any surviving claims lodged by Miller be transferred to the United States District Court for the Eastern District of Pennsylvania.

### III.   __Recommendation__

For the foregoing reasons, IT IS RECOMMENDED that the defendants' motions to dismiss, (Docs. 8 and 16), should be GRANTED. In the alternative we recommend that any surviving claims lodged by Miller be TRANSFERRED to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) which expressly provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404 (a).[2]

The parties are hereby placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations, or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Submitted this 20th day of June 2024.

*Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

_____

[2] We also acknowledge that there is a pending motion for sanctions in this case. (Doc. 48). However, since that sanctions motion is inextricably intertwined with our merits consideration of this case, IT IS RECOMMENDED that the court DEFER action on the sanctions motion, (Doc. 48), pending resolution of the motions to dismiss.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL MILLER, | : | Civil No. 1:24-CV-00014 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF LANCASTER, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>ORDER</u>

Before the court is the report and recommendation of United States

Magistrate Judge Martin C. Carlson recommending that the court grant the motions

to dismiss filed by the County of Lancaster ("the County") and the Office of Open

Records ("OOR"), and dismiss Plaintiff's complaint. (Doc. 59.) Specifically,

Judge Carlson notes that Plaintiff invokes the Declaratory Judgment Act, 28 U.S.C.

§§ 2201(a) and 2202, "in the course of inviting us to intervene in state litigation

involving the application and interpretation of the state Right to Know law and

opine on some 23 questions propounded by the plaintiff." (*Id.* at 10.)[1] Judge

Carlson recommends that the court should decline to exercise its discretion under

the Declaratory Judgment Act, which would be "antithetical" to the applicable

standard. (*Id.* at 10–17.)

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

Plaintiff filed objections to the report and recommendation, which Defendants opposed.[2]  (Docs. 60, 61, 62.)  Plaintiff raises multiple objections to the report and recommendation and states that his objections are specific and require de novo review.  (Doc. 60.)  However, a review of the objections shows that only one objection is specific.  Plaintiff argues that the magistrate judge was not authorized to review the Rule 12 motions filed in this case.  (*Id.* at 4, 7, 9–10.)

When a party specifically objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part.  28 U.S.C. § 636(b)(1).  The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*  "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper."  *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

---

[2] The court notes that on August 20, 2024, Plaintiff also filed an objection to the court's delay in disposing of preliminary objections.  (Doc. 63.)  Therein, Plaintiff details his displeasure at the delay in resolving the "12(b) objections."  (*Id.*)

In response to Miller's specific objection to the referral of this matter to a magistrate judge, Defendants argue that it was within the district court's discretion to refer Defendants' motion to dismiss to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the consent of the parties was not required.  (Doc. 61, pp. 3–4, 5–8; Doc. 62, p. 3.)

Defendants are correct.  This case was originally directly assigned to Magistrate Judge Susan E. Schwab, and then reassigned to Magistrate Judge Carlson on April 8, 2024.  However, when the parties did not consent to the jurisdiction of a United States Magistrate Judge, the case was reassigned to the undersigned by verbal order entered on April 11, 2024.  The undersigned then referred the case back to Judge Carlson for pretrial management on the same date.  The district court's referral of the case for pretrial management was authorized by 28 U.S.C. § 636(b)(1)(A) and M.D. Pa. L.R. 72.1(a), and the parties' consent was not required.  Because the case was properly referred to Judge Carlson, so too was the resolution of the motions to dismiss, which was authorized by 28 U.S.C. § 636(b)(1)(B), and, once again, the parties' consent was not required.  As a result, Miller's objection to the referral is overruled.

The court finds the remainder of Miller's objections generally disagree with Judge Carlson's analysis and otherwise fail to address the underlying reasons compelling the dismissal of Miller's complaint.

3

Mere disagreement with the report and recommendation is not a basis to decline to adopt the report and recommendation. Indeed, when a party raises only a general objection to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6. Thus, when reviewing a general objection to a report and recommendation, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009). The court finds no clear error or manifest injustice in the recommendation to grant the motion to dismiss. As a result, the general objections raised by Miller are overruled.

In sum, following de novo review of the contested portions of the report and recommendation, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C.§ 636(b)(1)), and giving "reasoned consideration" to the uncontested portions, *id.* (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)), the court finds that Judge Carlson's analysis is well-reasoned and fully supported by the record and applicable law with respect to each of his recommendations.

4

Accordingly, **IT IS ORDERED THAT**:

1) Plaintiff's objections, Doc. 60, are **OVERRULED**.

2) The report and recommendation, Doc. 59, is **ADOPTED**.

3) Defendant County of Lancaster's motion to dismiss, Doc. 8, is **GRANTED**.

4) Defendant Office of Open Records' motion to dismiss, Doc. 16, is **GRANTED**.

5) Plaintiff's complaint, Doc. 1, is **DISMISSED** without leave to file an amended complaint.

6) The Clerk of Court is directed to close this case.

7) Notwithstanding the closure of this case, this matter is referred back to Magistrate Judge Carlson for resolution of Defendant County of Lancaster's motion for sanctions, Doc. 48.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated:  September 30, 2024

5