IN THE DISTRICT COURT OF THE UNITED STATES

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br><br>Petitioner,<br><br>v.<br><br>COUNTY OF LANCASTER, *et al.*,<br>Respondents. | Civ. No.: 5:24-cv-05338-JFL<br><br>Judge Joseph F. Leeson, Jr. |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, Michael Miller, files this brief in opposition to the court granting Defendants' motions to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6), and states as follows:

# TABLE OF CONTENTS

I.   INTRODUCTION.................................................................................3

II.  PROCEDURAL HISTORY ...............................................................3

III. COUNTER-STATEMENT OF THE FACTS.................................7

IV.  SUMMARY OF THE ARGUMENT .............................................8

V.   ARGUMENT ...................................................................................11

   A.  Defendants' Motion to Dismiss Under Rule 12(b)(1)...................11

   B.  Defendants' Motion to Dismiss Under Rule 12(b)(6)..................20

VI.  RELIEF ............................................................................................45

VII. CONCLUSION................................................................................46

    CERTIFICATE OF SERVICE **....................................................48**

# I.    INTRODUCTION

Plaintiff opposes Defendants' motions to dismiss as procedurally and substantively deficient. The motions fail to meet the specificity required under Rule 7(b)(1), misapply Rule 12(b)(1) jurisdictional standards, and rely on conclusory assertions that do not satisfy Rule 12(b)(6).

This case exemplifies the need for § 1983's protections, as Plaintiff alleges systemic violations of his constitutional rights under a state censorship scheme and arbitrary county enforcement.

Defendants' attempt to evade accountability through procedural obfuscation underscores the importance of this Court's role in ensuring that constitutional violations are meaningfully addressed, particularly when they infringe on core democratic principles like transparency, equal access, and free speech.

# II.    PROCEDURAL HISTORY

☐ **State Court Election Challenges and HAVA Complaint**

- On May 31, 2022, Plaintiff filed petitions in the Lancaster County Court of Common Pleas, supported by approximately 120 voters from 40 precincts, demanding a hand count of original voted ballots in his race. The petitions were summarily dismissed by the President Judge without addressing Plaintiff's constitutional claims.

- On October 27, 2022, Plaintiff filed a complaint against Defendants Parsons, D'Agostino, and C. Miller, alleging violations of the Help America Vote Act (HAVA) during the May 17, 2022, election. During a hearing on January 9, 2023, a poll watcher testified about observed irregularities, including absentee ballots missing Plaintiff's race. However, the acting Pennsylvania Secretary of State dismissed the HAVA complaint on January 23, 2023, without addressing these substantive concerns.

☐ **RTKL Requests and Subsequent State Court Actions**

- On June 7, 2022, Plaintiff submitted a Right-to-Know Law (RTKL) request to the County of Lancaster for mail-in ballot records and envelopes from the 2022 primary election. This request was denied in part by the County.

- On October 5, 2022, the Pennsylvania Office of Open Records (OOR) granted Plaintiff's appeal, directing County to release the records.

- In response, Plaintiff filed two petitions in December 2022 in the Lancaster County Court of Common Pleas:

    1. To enforce the OOR's October 5, 2022, determination granting the records.

    2. To appeal the OOR's December 1, 2022, denial of digital copies on grounds County does not currently possess them, which was not a lawful basis for denial under the RTKL.

- Both petitions were dismissed without a hearing on May 12, 2023, despite Plaintiff's repeated requests for a substantive review.

□ **Commonwealth Court Appeal**

- On June 5, 2023, Plaintiff appealed the decisions to the Commonwealth Court of Pennsylvania. The appeal remains pending, and no hearing or ruling has been scheduled as of this filing.

- Significantly, on July 31, 2024, in a related case, *Previte v. Erie County Board of Elections*, the Commonwealth Court ruled that 25 P.S. § 2648 does not authorize officials to withhold voted mail-in ballots. This decision supports Plaintiff's arguments concerning Defendants' lack of statutory authority to withhold records.

☐ **Federal Declaratory Judgment Action**

- On January 4, 2024, Plaintiff filed a petition for declaratory judgment in the United States District Court for the Middle District of Pennsylvania. The petition asserted constitutional challenges to Chapter 13 of the RTKL under the First and Fourteenth Amendments and sought relief for systemic violations of federal law.

- The petition also sought declaratory and coercive relief regarding County's policy.

- On September 30, 2024, after exercising jurisdiction for months, the Middle District judge dismissed Plaintiff's petition on discretionary abstention grounds, citing concerns of federalism but explicitly declining to adjudicate the substantive merits of Plaintiff's claims.

☐ **Current Action**

- On October 12, 2024, Plaintiff filed this lawsuit asserting twelve causes of action under 42 U.S.C. § 1983. These claims address systemic constitutional violations, including censorship, prior restraint, and retaliatory conduct, arising from Defendants' continued obstruction of Plaintiff's access to public records and fair elections.

## III.   COUNTER-STATEMENT OF THE FACTS

Defendants improperly use the section of their brief titled "Statement of Facts" to introduce seven pages of unsworn assertions, purported analysis, and alternative narratives that attempt to dispute Plaintiff's complaint. These submissions are procedurally improper and irrelevant under Rule 12(b)(1) and Rule 12(b)(6), as both motions require the Court to confine its analysis to the well-pleaded allegations in the complaint. *See Shaw v. Wayne Mem'l Hosp.*, No. 3:20-CV-01594, at 2 (M.D. Pa. May 7, 2021) ("The defendant's brief should not contain any facts that are not pleaded within [Plaintiff's] complaint.").

As a result of Defendants' misuse of the "Statement of Facts" section, Plaintiff labors here only to state that any reliance on extrinsic material by Defendants at this stage would blur the line between advocacy and evidence, creating unnecessary procedural confusion and undermining the fairness required of Rule 12 motions. Plaintiff objects to the Court giving any consideration to these extraneous submissions, which amount to an improper attempt to rewrite Plaintiff's claims through Defendants' brief.

Pursuant to Rule 12(b)(6), the Court must focus its analysis on the sufficiency of the well-pleaded allegations in the complaint, as required under Rule 12(b)(6), and on the jurisdictional claims as pleaded, without engaging with

Defendants' unsupported factual assertions. Respectfully, gamesmanship through improper briefing tactics must be rejected to ensure this case is decided on the merits, consistent with the Federal Rules of Civil Procedure.

## IV.   <u>SUMMARY OF THE ARGUMENT</u>

Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) must be denied as it is procedurally deficient and substantively unsupported. Plaintiff's First Amended Complaint (FAC) states plausible claims for relief and invokes this Court's jurisdiction under federal law.

**Under Rule 12(b)(1):**

1. **Federal Question Jurisdiction**: Plaintiff's allegations invoke this Court's jurisdiction under 28 U.S.C. § 1331, as they arise from violations of the First and Fourteenth Amendments and are enforceable under 42 U.S.C. § 1983.

2. **HAVA Claims Are Properly Framed**: Plaintiff's claims under the Help America Vote Act (HAVA) implicate constitutional violations and are actionable under § 1983, even if HAVA does not explicitly create a private right of action.

3. **Res Judicata Does Not Apply**: The dismissal in Plaintiff's prior federal action was based on abstention and did not constitute a final judgment on the merits, leaving Plaintiff's constitutional claims unaddressed.

4. **Supplemental Jurisdiction Over State-Law Claims**: Plaintiff's state-law claims share a common nucleus of operative fact with his federal claims, making them properly within this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

**Under Rule 12(b)(6):**

1. **Defendants' Motion Lacks Specificity**: The motion fails to address the elements of Plaintiff's claims individually, instead relying on generalized assertions that do not meet the standards of Rule 7(b)(1) and Rule 8(a)(2).

2. **Qualified Immunity is Premature**: Defendants' qualified immunity defense is inappropriate at the motion-to-dismiss stage, as Plaintiff has alleged violations of clearly established constitutional rights.

3. **HAVA Claims Implicate Constitutional Rights**: Plaintiff's HAVA claims allege systemic misconduct impacting fundamental voting rights, which are independently actionable under § 1983.

4. **Monell Liability is Plausibly Alleged**: The FAC identifies specific policies, customs, and failures by the County that were the moving force behind the constitutional violations, satisfying the pleading requirements under *Monell*.

5. **Timeliness is Proper**: Plaintiff's claims are timely under statutes of limitations, and under the continuing violation doctrine, as Defendants' actions represent an ongoing pattern of constitutional violations.

6. **Rule 10(b) Compliance**: Plaintiff's complaint complies with Rule 10(b) by presenting clear, numbered paragraphs that provide fair notice of the claims and grounds for relief.

**Pre-Filing Restriction**

Defendants' request to impose a pre-filing approval requirement is procedurally deficient, unsupported by evidence, and violates Plaintiff's fundamental right to access the courts. No pattern of frivolous or abusive filings exists to justify such an extraordinary restriction.

For these reasons, the Court should deny Defendants' motions in their entirety and allow this case to proceed on the merits.

For these reasons, the Court should deny Defendants' motion in its entirety.

## V. <u>ARGUMENT</u>

## A. DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(1)

---

## 1. Defendants' Facial Challenge Improperly Attacks the Well-Pleaded Complaint

*Claim*: Defendants argue that Plaintiff's claims fail to invoke federal jurisdiction, contending they arise solely under state law (RTKL).

*Rule*: Federal courts have subject-matter jurisdiction over claims asserting violations of the U.S. Constitution or federal law. A facial challenge requires the court to accept the complaint's allegations as true. Jurisdiction must be assessed based on the allegations as pleaded, not as recharacterized by defendants.

*Legal Authority*:

- *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987): "The **plaintiff** is the master of the complaint."

- *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908): "A suit arises under the Constitution and laws of the United States

only when the **plaintiff's statement** of his own cause of action shows that it is based upon those laws or that Constitution."

- *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014): Jurisdictional analysis is confined to the well-pleaded allegations of **the complaint**.

- *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009): Courts must accept the allegations in **the complaint** as true when assessing jurisdiction.

*Analysis*:

The complaint expressly invokes this Court's subject-matter jurisdiction under 28 U.S.C. § 1331, arising from violations of the First and Fourteenth Amendments to the U.S. Constitution, and 42 U.S.C. § 1983, which provides remedies for constitutional violations under color of state law. Additionally, the jurisdiction statement alleges specific conduct that violates 28 U.S.C. § 1343(a)(3)-(4), granting jurisdiction over civil rights claims seeking redress for constitutional violations.

By framing these violations as state-law disputes, Defendants ignore the clear jurisdictional foundation articulated in the complaint and attempt to sidestep federal accountability, a tactic explicitly rejected under the well-pleaded complaint rule. This effort, coupled with Defendants' unsworn "Statement of Facts," runs

counter to the liberal construction mandated for pro se pleadings under *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

*Conclusion*: Defendants' facial challenge fails because Plaintiff's well-pleaded complaint properly invokes this Court's jurisdiction.

---

## 2. Alleged Violations of the RTKL Do Not Preclude Federal Claims

*Claim*: Defendants argue that Plaintiff's federal claims improperly arise from RTKL disputes.

*Rule*: Federal claims are not precluded simply because they arise from factual contexts involving state law. Constitutional violations stand independently and provide a basis for federal jurisdiction under § 1983.

*Legal Authority*:

- *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983): Federal jurisdiction is proper when a complaint seeks relief under federal law.

- *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 293 (2005): Federal claims exist independently of related state-law disputes.

- *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986): Courts must resolve doubts about jurisdiction in favor of adjudicating the claims.

*Analysis*:

The complaint's jurisdiction statement establishes that Plaintiff's claims are not confined to alleged RTKL violations but are firmly grounded in federal constitutional law.

Defendants' reliance on RTKL-related arguments ignores that the constitutional violations at issue—prior restraint, retaliation, and denial of due process—are independently actionable under § 1983. This Court has jurisdiction to address these claims, which are inherently federal in nature.

*Conclusion*: Plaintiff's constitutional claims are properly framed under § 1983, and Defendants' arguments to the contrary are without merit.

---

## 3. Defendants Misuse Case Law

*Claim*: Defendants misuse cases such as *Breslin v. Duncannon Borough* and *Miller v. Nelling* to argue that RTKL disputes cannot invoke federal jurisdiction.

*Rule*: Precedential cases must be applied to the facts fairly. Mischaracterizing case law to reframe Plaintiff's claims is impermissible and undermines procedural fairness.

*Legal Authority*:

- *Breslin v. Duncannon Borough*, 2018 WL 4002855 (M.D. Pa. Aug. 22, 2018): Alleged state-law violations alone do not invoke federal jurisdiction.
- *Miller v. Nelling*, 2023 WL 2743564 (E.D. Pa. Mar. 31, 2023): Federal courts lack jurisdiction over RTKL-specific claims where state remedies are exclusive.

*Analysis*:

Defendants rely on *Breslin* and *Miller v. Nelling* to assert that Plaintiff's claims are jurisdictionally barred. These cases are inapposite. In *Breslin*, the plaintiffs improperly sought to transform state-law claims into federal constitutional claims without a substantive basis. Similarly, *Miller v. Nelling* addressed a plaintiff seeking federal review of RTKL proceedings. In contrast, Plaintiff's complaint asserts substantive constitutional violations independently actionable under § 1983.

Defendants' reliance on these cases demonstrates a pattern of procedural abuse, aiming to mislead the Court and prejudice Plaintiff's case.

*Conclusion*: Defendants' reliance on *Breslin* and *Miller v. Nelling* is misplaced and fails to rebut Plaintiff's jurisdictional basis.

---

## 4. Res Judicata Does Not Bar Plaintiff's Claims

*Claim*: Defendants argue that Plaintiff's claims are barred because the relief sought in this action is identical to that rejected in a prior federal action (*Miller v. County of Lancaster, et al., 1-24-CV-00014*).

*Rule*: Res judicata applies only when there is (1) a final judgment on the merits, (2) identity of the parties or their privies, and (3) the same cause of action in both suits.

*Legal Authority*:

- *Churchill v. Star Enters.*, 183 F.3d 194 (3d Cir. 1999): Procedural dismissals do not constitute final judgments on the merits.

- *Allen v. McCurry*, 449 U.S. 90 (1980): Federal constitutional claims under § 1983 are independent of state law disputes.

- *United States v. Tohono O'odham Nation*, 563 U.S. 307, 1726 (2011): Claims are distinct if they arise from different "operative facts."

*Analysis*:

**No Final Judgment on the Merits:** *Miller v. County of Lancaster, et al., 1-24-CV-00014* was dismissed on abstention grounds, which do not constitute a judgment on the merits. See *III. Procedural History.*

**Distinct Causes of Action:** Plaintiff's current claims involve constitutional violations under § 1983, which are distinct from the declaratory relief sought in the prior case. See *III. Procedural History*

**The Issues in This Case Are Different:** Plaintiff's claims in this action focus on Defendants' unconstitutional conduct, while the prior case addressed administrative outcomes under the RTKL. The two cases involve different operative facts and legal claims, and therefore res judicata does not apply. *III. Procedural History*

***Conclusion*:** Res judicata does not apply.

---

### 5. Supplemental Jurisdiction Over State-Law Claims (Count VII and VIII)

*Claim*: Defendants argue that the Court lacks supplemental jurisdiction over Plaintiff's state-law claims.

*Rule*: Federal courts may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) for state-law claims that arise from the same operative facts as federal claims. Supplemental jurisdiction is proper where state and federal claims are "so

related" that they form part of the same case or controversy.

*Legal Authority*:

- 28 U.S.C. § 1367(a): Federal courts may hear state-law claims that are related to claims within the court's original jurisdiction.
- *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966): Supplemental jurisdiction promotes judicial economy, convenience, and fairness.
- *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003): Federal courts should exercise supplemental jurisdiction where state-law claims share a common nucleus of operative fact with federal claims.

*Analysis*:

Plaintiff's state-law claims, including those asserting violations of the Pennsylvania Constitution, arise from the same common nucleus of operative facts underlying Plaintiff's federal constitutional claims. These claims involve overlapping facts and legal issues, particularly concerning Defendants' obstruction of access to records, retaliatory conduct, and failure to adhere to due process standards. Judicial efficiency favors resolving these claims together, as splitting them between state and federal courts would result in piecemeal litigation and an unnecessary duplication of judicial resources.

Moreover, the adjudication of Plaintiff's state-law claims alongside the federal claims ensures fairness to all parties by providing a comprehensive resolution of the intertwined disputes.

*Conclusion*: Supplemental jurisdiction is proper under 28 U.S.C. § 1367(a), and the Court should deny Defendants' motion to dismiss Plaintiff's state-law claims for lack of jurisdiction. Judicial economy and fairness strongly favor retaining jurisdiction over these claims.

---

**Conclusion to Part A: Defendants' Motion to Dismiss Under Rule 12(b)(1)**

Defendants' motions under Rule 12(b)(1) fail because they lack sufficient grounds to challenge the Court's jurisdiction. Each Defendant has failed to provide a substantive basis for dismissal, instead relying on generalized objections and mischaracterizations that do not address the specific allegations in Plaintiff's well-pleaded complaint.

Plaintiff's complaint establishes the Court's subject matter jurisdiction under 28 U.S.C. § 1331 by alleging violations of the First and Fourteenth Amendments and asserting actionable claims under 42 U.S.C. § 1983. The complaint further demonstrates supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367(a).

The Federal Rules of Civil Procedure require the Court to deny Defendants' Rule 12(b)(1) motions because Plaintiff's allegations sufficiently invoke federal jurisdiction, and Defendants have not met their burden to demonstrate otherwise. Accordingly, Plaintiff respectfully requests that the Court deny the motions in their entirety.

---

## B. DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(6)

---

### 1. Defendants' Motion Violates Procedural Standards Under Rules 7 and 8

*Claim*: Defendants' motion violates Rules 7(b)(1) and 8(a)(2) by failing to address Plaintiff's claims with the required specificity and omitting the rigorous analysis required for a Rule 12(b)(6) motion.

*Rule*: Motions to dismiss must comply with Rule 7(b)(1), which requires a motion to "state with particularity the grounds for seeking the order," and Rule 8(a)(2), which mandates that a claim must include "a short and plain statement of the claim showing that the pleader is entitled to relief." In the context of a Rule 12(b)(6) motion, the **defendant** must address each claim and defendant **individually** under the three-prong analysis derived from *Twombly* and *Iqbal*. Procedural inadequacies

in motions to dismiss prejudice plaintiffs and undermine judicial efficiency.

*Legal Authority*:

- Fed. R. Civ. P. 7(b)(1): Motions must be specific and clearly identify the grounds for relief.

- Fed. R. Civ. P. 8(a)(2): Complaints must state claims plainly but need not preemptively counter anticipated defenses.

- *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008): Courts apply a three-prong test under *Twombly* and *Iqbal* to assess the sufficiency of allegations.

- *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211-12 (3d Cir. 2009): **Defendants** bear the burden of specificity when challenging claims under Rule 12(b)(6).

Analysis:

1. **Deficient Specificity**:

   Defendants' motion fails to address the complaint's allegations with the particularity required by Rule 7. Instead of analyzing each of the 12 counts and their applicability to the six defendants (in both individual and official capacities), the motion offers sweeping, generalized objections. Such vagueness prejudices Plaintiff and imposes an unreasonable burden on the

Court to reformulate Defendants' arguments—a task explicitly prohibited under Third Circuit precedent. See *Henderson v. Fisher*, 631 F.2d 1115, 1118 (3d Cir. 1980) ("The court must not act as an advocate for any party.").

2. **Failure to Apply the Three-Prong Test**:

Under *Twombly* and *Iqbal*, a Rule 12(b)(6) motion must address (1) the factual sufficiency of the complaint, (2) the legal sufficiency of the claims, and (3) the plausibility of liability. Defendants' motion neglects this rigorous analysis:

- **Factual Sufficiency**: Defendants fail to identify how any specific allegations lack sufficient factual support.
- **Legal Sufficiency**: The motion does not challenge the validity of Plaintiff's claims under the First and Fourteenth Amendments or under § 1983, nor does it demonstrate that Plaintiff's allegations fail to align with governing legal standards.
- **Plausibility**: The motion offers no meaningful analysis of whether the allegations, taken as true, support a reasonable inference of liability. Instead, Defendants rely on conclusory assertions that ignore the substance of the complaint.

3. **Prejudicial Consequences**:

   The lack of specificity and analytical rigor renders the motion prejudicial. Plaintiff, as a pro se litigant, is left to respond to broad, unsupported objections rather than focused legal arguments. This contravenes the protections established under *Haines v. Kerner*, 404 U.S. 519, 520 (1972), which require courts to liberally construe pro se pleadings and ensure fairness in procedural disputes.

4. **Judicial Burden**:

   Defendants apparently expect the Court to parse vague arguments and reconstruct the motion to address the substantive allegations, delaying resolution of the case on its merits. Such inefficiency undermines Rule 1's mandate for the "just, speedy, and inexpensive determination of every action."

*Conclusion*: Defendants' motion fails to comply with the procedural requirements of Rules 7 and 8 and does not satisfy the three-prong test required under Rule 12(b)(6). This inadequacy prejudices Plaintiff, imposes undue burdens on the Court, and violates established legal standards. The motion must be denied.

---

**2. Defendants' Joint Motion Violates *Haines v. Kerner*.**

*Claim*: Defendants' joint motion/brief, containing at least 10 legal arguments and seven pages of "facts," violates the protections required for Plaintiff by *Haines*.

*Rule*: Pro se pleadings are held to less stringent standards than those drafted by attorneys. Procedural abuses that impose undue burdens on pro se litigants are impermissible.

*Legal Authority*:

- *Haines v. Kerner*, 404 U.S. 519, 520 (1972): Courts must liberally construe pro se complaints and protect against undue procedural burdens.
- *Estelle v. Gamble*, 429 U.S. 97, 106 (1976): Pro se litigants are entitled to fairness and access to justice, even if their pleadings are less precise.

*Analysis*:

Defendants' motion and accompanying brief violate *Haines* by presenting sprawling arguments that mischaracterize Plaintiff's well-pleaded claims. This tactic imposes undue procedural burdens on Plaintiff, a pro se litigant, and is inherently prejudicial. The Court should reject such abusive litigation practices.

*Conclusion*: Defendants' motion fails to meet the standards of fairness and procedural equity required under *Haines*.

---

## Defendants' Qualified Immunity Defense is Procedurally and Substantively Deficient

Defendants' blanket assertion of qualified immunity across six defendants and 12 counts is procedurally improper and substantively unpersuasive. Qualified immunity cannot shield Defendants at the motion-to-dismiss stage because Plaintiff has alleged plausible violations of clearly established constitutional rights, and Defendants fail to present a sufficiently specific defense under Rules 7(b)(1) and 12(b)(6).

---

### A. Procedural Deficiency: Failure to Provide Specificity

Defendants fail to differentiate between the six named defendants, the 12 counts, and the individual or official capacities at issue. Courts require qualified immunity to be evaluated on a defendant-specific and count-specific basis:

- *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 914 (3d Cir. 1997): "The defense must be applied in the context of each individual's conduct and the specific claims asserted."

- *Burns v. PA Dep't of Corrections*, 642 F.3d 163, 174 (3d Cir. 2011): Qualified immunity is inappropriate at the motion-to-dismiss stage unless

the allegations themselves foreclose the possibility of constitutional violations.

Defendants' generalized arguments prevent meaningful evaluation of their defense and force Plaintiff to anticipate every possible application of qualified immunity. This lack of specificity violates Rule 7(b)(1), prejudices Plaintiff, and obstructs judicial efficiency.

---

## B. Substantive Deficiency: Clearly Established Rights Violated

Plaintiff alleges violations of constitutional rights that were clearly established at the time of Defendants' actions. Qualified immunity does not protect officials who violate constitutional rights "of which a reasonable person would have known." (*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

---

## 1. First Amendment Violations

Defendants obstructed Plaintiff's right to petition for redress of grievances, retaliated against his protected speech, and suppressed access to public election records. These rights are foundational and well-established:

- **Right to Petition:** The First Amendment guarantees the right to petition government officials without retaliation. See *McDonald v. Smith*, 472 U.S. 479, 482 (1985).

- **Right to Access Public Records:** Arbitrary denials of access to public records can violate free speech when such denials are discriminatory or retaliatory. See *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387 (2011).

---

## 2. Fourteenth Amendment Violations

Defendants engaged in procedural due process and equal protection violations by denying Plaintiff fair access to public records and applying the Pennsylvania Right-to-Know Law (RTKL) in a discriminatory manner:

- **Procedural Due Process:** Plaintiff alleges Defendants denied him meaningful process in accessing election records and RTKL remedies. Procedural due process under *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976), is clearly established.

- **Equal Protection:** Disparate treatment of RTKL requests, absent any rational basis, violates the Equal Protection Clause. See *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

### 3. Retaliation and Abuse of Process

Defendants retaliated against Plaintiff by obstructing his advocacy efforts, including suppressing his public participation in election oversight. These retaliatory actions violate clearly established First and Fourteenth Amendment rights. See *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

### C. Qualified Immunity Defense is Premature

At the motion-to-dismiss stage, the Court must accept Plaintiff's well-pleaded allegations as true. Whether Defendants acted in an objectively reasonable manner is a factual question that cannot be resolved without discovery:

- *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009): A complaint survives dismissal if it alleges plausible claims for relief.

- *Burns v. PA Dep't of Corrections*, 642 F.3d at 174: "Qualified immunity should be resolved at the earliest possible stage," but only if the allegations foreclose any plausible claim of constitutional violations.

Plaintiff's allegations provide sufficient factual detail to demonstrate plausible constitutional violations. Defendants' reliance on qualified immunity is therefore premature and cannot justify dismissal under Rule 12(b)(6).

## D. Conclusion

Defendants' qualified immunity defense is procedurally deficient, failing to provide the specificity required to evaluate individual claims or defendants. Substantively, the complaint alleges plausible violations of clearly established constitutional rights, foreclosing dismissal at this stage. Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss on qualified immunity grounds.

## 4. Defendants' Argument That HAVA Provides No Private Right of Action Is Misplaced

### Rebuttal to Defendants' Argument on HAVA

Defendants argue that Count X should be dismissed because HAVA does not provide a private right of action. This assertion mischaracterizes Plaintiff's claim

and ignores binding precedent allowing HAVA-based violations to proceed under 42 U.S.C. § 1983.

## 1. HAVA Violations are Actionable Under § 1983

While HAVA does not explicitly provide a private right of action, the Supreme Court has made clear that federal statutes can create enforceable rights under § 1983 if Congress intended to provide individual protections. See *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). Courts have recognized that certain provisions of HAVA establish enforceable rights, particularly where election officials fail to uphold uniform, non-discriminatory standards. See *Ne. Ohio Coal. for the Homeless v. Husted*, 696 F.3d 580, 594 (6th Cir. 2012).

## 2. Plaintiff's HAVA Claims Implicate Constitutional Rights

Plaintiff's HAVA-based allegations are not limited to procedural violations but arise from systemic misconduct infringing on Plaintiff's First and Fourteenth Amendment rights. Defendants' obstruction of ballot access and public records violates federal election law and constitutes prior restraint, unequal treatment, and due process violations. These claims are independently actionable under § 1983, irrespective of HAVA's enforcement mechanisms.

## 3. Rooker-Feldman Doctrine is Inapplicable

Defendants' reliance on the Rooker-Feldman doctrine is misplaced. Plaintiff does not seek federal review of a state administrative decision but challenges ongoing constitutional violations by local officials. The doctrine does not bar federal jurisdiction where, as here, Plaintiff raises independent federal claims. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

**Conclusion**

Defendants' argument that HAVA lacks a private right of action fails to address Plaintiff's claims under § 1983 and the federal Constitution. Plaintiff's allegations state a plausible claim for relief, and Defendants' motion to dismiss Count X should be denied.

---

**5. Plaintiff's Claims Against the County Satisfy *Monell* Requirements**

*Claim*: Defendants argue that Plaintiff's claims against County fail because the complaint does not adequately plead Monell liability, asserting that there is no policy, custom, or practice causally linked to the alleged constitutional violations.

*Rule*: Under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), a municipality may be held liable under § 1983 if a plaintiff shows that a

constitutional violation was caused by an official policy, custom, or a failure to train amounting to deliberate indifference.

*Legal Authority*:

- *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978): Municipal liability arises from official policies, customs, or practices that cause constitutional injuries.

- *Phillips v. County of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008): Courts evaluate Monell claims by determining if a plaintiff adequately alleges a municipal policy, custom, or failure to train that directly caused the harm.

- *Estate of Roman v. City of Newark*, 914 F.3d 789, 798-99 (3d Cir. 2019): Municipal liability can be based on (1) an official policy, (2) a well-settled custom, or (3) failure to train or supervise employees in a manner that amounts to deliberate indifference.

- *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990): A causal nexus must be shown between the policy or custom and the alleged harm, but such nexus can be plausibly inferred.

*Analysis*:

1. **Policy or Custom**:

- The complaint identifies multiple specific policies and customs implemented by County, including obstructing public records requests, suppressing unfavorable election-related information, and refusing to disclose accurate ballot counts. These practices reflect more than isolated incidents—they constitute a pattern of deliberate action attributable to policymakers.

2. **Causation and Harm**:

- Plaintiff alleges that County's policies and customs directly caused harm by infringing on Plaintiff's First and Fourteenth Amendment rights, including prior restraint, retaliation, and the denial of due process. As the Third Circuit held in *Bielevicz*, a plausible nexus exists when the unconstitutional conduct can be linked to the municipality's established practices.

3. **Continuing Violations**:

- Plaintiff invokes the continuing violation doctrine, asserting that Defendants' actions represent an ongoing pattern of constitutional violations. This ensures that the claims remain actionable and highlights the necessity of judicial intervention to halt ongoing harm.

4. **Defendants' Procedural Deficiencies**:

- o Defendants attempt to dismiss the *Monell* claims by labeling them as conclusory while ignoring the detailed factual allegations in the complaint. Third Circuit precedent, such as *Phillips* and *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211-12 (3d Cir. 2009), rejects such sweeping dismissals without rigorous application of the three-prong test under *Twombly* and *Iqbal*.

5. **Pattern and Practice Evidence**:

- o County's repeated procedural violations, lack of training, and intentional suppression of election information indicate a well-established pattern of unconstitutional behavior. This satisfies the requirement of alleging a custom so persistent and widespread as to constitute municipal policy.

**Conclusion**: Plaintiff has met the pleading requirements for Monell liability by alleging specific policies, customs, and deliberate indifference that caused the constitutional violations. These allegations establish a plausible basis for municipal liability under § 1983. Defendants' motion to dismiss these claims must be denied.

6. **Official Capacity Claims Are Properly Pleaded**

*Claim:* Defendants argue that Plaintiff's official capacity claims against individual defendants are duplicative of claims against the County and should be dismissed.

*Rule*: Claims against individual defendants in their official capacities serve to clarify the municipality's liability under *Monell* and ensure accountability when constitutional violations arise from official actions or omissions.

*Legal Authority*:

- *Kentucky v. Graham*, 473 U.S. 159, 166 (1985): Official capacity suits are, "in all respects other than name, to be treated as a suit against the entity."

- *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978): Municipalities may be held liable for constitutional violations resulting from official policies or customs.

- *Hafer v. Melo,* 502 U.S. 21, 25 (1991): Official capacity suits emphasize liability tied to governmental policies or practices.

- *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008): The distinction between personal and official capacity claims serves to allocate liability appropriately.

*Analysis:*

1. **Purpose of Official Capacity Claims**:

- Official capacity claims against individual defendants clarify the liability of the County under *Monell*. These claims are not merely duplicative but serve to emphasize that the alleged unconstitutional conduct resulted from official policies, customs, or practices.

2. **Clarification of Policies and Decision-Making**:

- By naming individual defendants in their official capacities, the complaint identifies those responsible for implementing or enforcing the policies and practices at issue. This provides clarity in attributing liability to the County and its decision-makers, particularly regarding the obstructive actions detailed in the complaint.

3. **Practical Necessity in Pro Se Litigation**:

- Courts liberally construe pro se complaints under *Haines v. Kerner*, 404 U.S. 519, 520 (1972), to ensure procedural fairness. Dismissing official capacity claims risks undermining Plaintiff's ability to hold the County accountable under *Monell* by obscuring the connection between individual actions and municipal liability.

4. **Defendants' Misapplication of Precedent**:

- Defendants cite *Kentucky v. Graham* to argue that official capacity claims are duplicative; however, *Graham* does not mandate dismissal

36

where such claims clarify municipal liability. The Supreme Court's decision in *Hafer v. Melo* reaffirms the legitimacy of official capacity claims to hold governmental entities accountable for constitutional violations.

5. **Preservation of Claims Against All Defendants**:

   o Retaining official capacity claims ensures that all relevant parties remain accountable during discovery and trial. Premature dismissal risks limiting Plaintiff's ability to obtain full redress for the alleged constitutional violations.

**Conclusion**: Official capacity claims are necessary to clarify municipal liability under *Monell* and to hold the County accountable for the unconstitutional actions of its agents. These claims are properly pleaded and should not be dismissed. Defendants' motion to dismiss them lacks merit and must be denied.

---

## 7. Plaintiff's Claims Are Timely Under the Continuing Violation Doctrine

*Claim*: Defendants argue that Plaintiff's claims are barred by the statute of limitations.

*Rule*: The statute of limitations may be extended under the continuing violation doctrine or equitable tolling when a plaintiff alleges ongoing constitutional violations or when defendants' conduct obstructs timely filing.

*Legal Authority*:

- *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002): The continuing violation doctrine applies when a series of acts constitutes an ongoing unlawful practice.

- *Holmberg v. Armbrecht*, 327 U.S. 392, 396-97 (1946): Equitable tolling applies when defendants' actions hinder timely filing.

- *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001): The continuing violation doctrine applies to a series of related acts that individually may not trigger a cause of action but collectively establish an ongoing violation.

*Analysis*:

1. *Continuing Violations*:

   o Plaintiff's allegations describe a pattern of retaliatory and obstructive conduct by Defendants, spanning multiple election cycles and persisting into the present. These acts include procedural denials, suppression of ballot-related information, and ongoing violations of

Plaintiff's First and Fourteenth Amendment rights. Such conduct falls squarely within the scope of the continuing violation doctrine.

2. *Equitable Tolling*:

   o Plaintiff initially sought to address the alleged misconduct in a declaratory judgment action filed in January 2024, which was delayed for 10 months before being dismissed based on abstention doctrines. Defendants' tactics, including stonewalling and procedural obfuscation, impeded Plaintiff's ability to pursue timely claims, warranting equitable tolling.

3. *Timely Filing of Complaint*:

   o Plaintiff's current complaint was filed within the two-year statute of limitations for many of the discrete events alleged, including denials and retaliatory conduct occurring after October 2022. Furthermore, the broader pattern of ongoing violations renders the claims timely under the continuing violation doctrine.

4. *Defendants' Procedural Delay as Prejudice*:

   o Defendants' actions, including delays and obstruction during prior proceedings, contributed to the timeline of this litigation. Allowing

Defendants to now benefit from these delays would be inequitable and contrary to established legal principles.

5. *Precedential Context*:

   o The Supreme Court and Third Circuit have consistently emphasized that courts should consider the cumulative effect of ongoing unlawful conduct when assessing timeliness under civil rights statutes. See *Morgan*, 536 U.S. at 117; *Cowell*, 263 F.3d at 292.

*Conclusion*:

Plaintiff's claims are timely under both the continuing violation doctrine and equitable tolling. The complaint alleges a pattern of ongoing unconstitutional conduct that extends into the limitations period, rendering Defendants' timeliness objections meritless. The Court should deny Defendants' motion to dismiss on these grounds.

---

## 8. Procedural Sufficiency Under Rule 10(b)

*Claim*:

Defendants argue that the complaint fails to comply with Rule 10(b) and should be dismissed.

*Rule*: A complaint satisfies Rule 10(b) when it uses numbered paragraphs limited

to a single set of circumstances and provides fair notice of the claims.

*Legal Authority*:

- Fed. R. Civ. P. 10(b): Requires numbered paragraphs for clarity but does not impose rigid formatting standards.
- *Haines v. Kerner*, 404 U.S. 519, 520 (1972): Pro se pleadings are held to less stringent standards.

*Analysis*:

The complaint adheres to Rule 10(b) by presenting clear, numbered paragraphs that separate factual allegations and claims. Defendants' objections are unsupported by case law and appear calculated to burden Plaintiff unduly.

*Conclusion*: The complaint complies with Rule 10(b), and Defendants' objection lacks merit.

---

**Conclusion to Part B: Defendants' Motion to Dismiss Under Rule 12(b)(6)**

Defendants' motion fails procedurally, substantively, and as a matter of law. It does not meet the rigorous three-prong standard required under *Twombly* and *Iqbal*, offering vague, unsupported objections instead of addressing Plaintiff's claims with the specificity required by Rule 7 and Rule 8. These procedural deficiencies prejudice Plaintiff, a pro se litigant, and violate the protections

established in *Haines v. Kerner*. Allowing this motion to proceed would impose undue burdens on the Court, delay resolution, and undermine the remedial purpose of § 1983 to address constitutional violations. For these reasons, the motion must be denied in its entirety.

---

**The Defendants' Request for a Pre-Filing Approval Requirement Is Procedurally Deficient and Violates Plaintiff's Right to Access the Courts**

Defendants' request to impose a pre-filing approval requirement on Plaintiff is an unwarranted attempt to obstruct access to justice and should be denied. This request, which is presented without sufficient specificity or evidentiary support, fails to satisfy the requirements of Rule 7(b). Furthermore, the imposition of such a restriction would violate fundamental constitutional rights under the First and Fourteenth Amendments.

**Rule and Authority**

1. **Rule 7(b)**: Federal Rule of Civil Procedure 7(b)(1) requires motions to "state with particularity the grounds for seeking the order." Defendants' motion fails to meet this standard, as it does not identify any specific filing that

allegedly constitutes an abuse of the judicial process, nor does it provide clear evidence to support its request.

2. **Constitutional Framework**:

   o *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982): Courts must exercise caution when imposing pre-filing restrictions, as such restrictions implicate the fundamental right of access to the courts.

   o *Walthour v. Herron*, No. 16-2162, 2016 WL 5339582: Filing restrictions may only be imposed if there is clear and convincing evidence of a pattern of frivolous, repetitive, or abusive litigation that wastes judicial resources.

**Analysis**

1. **Defendants' Motion Lacks Specificity Under Rule 7(b)**:

   Defendants provide no specific evidence of abusive filings or frivolous claims by Plaintiff. Instead, they rely on generalized assertions and conclusory statements that fail to meet Rule 7(b)'s particularity requirement. The absence of detailed allegations or factual support undermines the credibility and sufficiency of Defendants' request.

2. **No Evidence of Abusive Litigation**:

   Plaintiff's litigation history does not demonstrate a pattern of frivolous or

abusive filings. Plaintiff's claims, including the present case, raise

significant procedural and constitutional issues that have not been fully

adjudicated.

Unlike in *Walthour*, where the plaintiff filed repetitive claims against

immune parties, Plaintiff's lawsuits challenge substantive violations of

constitutional rights.

3. **Legitimate and Substantive Claims**:

This case involves substantial First and Fourteenth Amendment claims,

including alleged violations of Plaintiff's rights to free speech, equal

protection, and due process.

Defendants' characterization of Plaintiff's persistence as frivolity conflates

the pursuit of legitimate claims with abuse of process. Courts are obligated

to ensure access to remedies for constitutional violations, particularly for pro

se litigants.

4. **Unnecessary and Prejudicial Restriction**:

Federal Rule of Civil Procedure 11 already provides a mechanism to address

abusive filings, rendering additional restrictions unnecessary.

Imposing a pre-filing approval requirement would unfairly burden Plaintiff,

a pro se litigant, while favoring well-resourced Defendants. Such a

restriction would also set a dangerous precedent, discouraging individuals from seeking remedies for constitutional violations.

**Conclusion**

Defendants' request for a pre-filing approval requirement is procedurally deficient under Rule 7(b) and unsupported by the evidence or legal standards necessary to justify such an extraordinary restriction. Granting this request would violate Plaintiff's constitutional right to access the courts and unfairly prejudice his ability to pursue legitimate claims. Accordingly, this Court should deny Defendants' request in its entirety.

# VI.    <u>RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Deny Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1).

2. Deny Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

3. Issue an order directing Defendants to respond to the substantive merits of Plaintiff's claims without further procedural delay or obstruction.

4. Award Plaintiff reasonable costs incurred in addressing Defendants' motions, pursuant to the Court's inherent authority and Rule 11, due to Defendants' repeated procedural abuses and mischaracterizations of Plaintiff's claims.

5. Deny Defendants' Request to Issue a "Pre-Filing Approval Requirement" Against Plaintiff.

6. Grant such other relief as this Court deems just and proper to promote the efficient and fair resolution of this matter.

## VII.   <u>CONCLUSION</u>

Defendants' motions to dismiss under Rules 12(b)(1) and 12(b)(6) lack merit and should be denied. Plaintiff's complaint establishes a clear jurisdictional basis under federal law, alleges plausible constitutional claims, and adheres to the procedural requirements of the Federal Rules of Civil Procedure. Defendants' arguments rely on mischaracterizations of the record and procedural overreach, failing to address the substantive constitutional violations at issue.

Plaintiff respectfully requests that this Honorable Court deny Defendants' motions and allow this case to proceed on the merits, ensuring accountability for the systemic violations of Plaintiff's First and Fourteenth Amendment rights.

Respectfully Submitted:

*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, Ste F, 246
Ephrata, Pennsylvania 17522
(717) 388-0163
Date: November 27, 2024          reaganfive@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served by e-filing a true and correct copy of the

foregoing document to the following:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

*Attorneys for Defendants*


Respectfully Submitted,

/s/Michael Miller
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163

Dated: November 27, 2024          reaganfive@protonmail.com