UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | |
| Plaintiff, | : | No. 5:24-CV-05338-JFL |
| | : | |
| v. | : | Judge Joseph F. Leeson, Jr. |
| | : | |
| COUNTY OF LANCASTER, *et al.*, | : | |
| Defendants | : | |

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants County of Lancaster, Tammy Bender, Jacqueline Pfursich, Joshua Parsons, Ray D'Agostino, and Christa Miller (collectively, "Defendants") submit this reply brief in further support of their Motion to Dismiss the Amended Complaint filed in this action by *pro se* Plaintiff Michael Miller ("Miller") (Doc. No. 17).

I.  **INTRODUCTION**

Miller's opposition brief (Doc. 19) fails to respond meaningfully to the numerous arguments in favor of dismissal previously advanced by Defendants and does not provide a basis on which to deny Defendants' Motion. In sum, Miller's complaints regarding Defendants' reliance on extrinsic material lack merit; he cannot avoid the application of *res judicata* when his own Complaint acknowledges the duplicity of his lawsuits; he offers no counter to the case law finding that Right to Know Law ("RTKL") disputes do not give rise to federal constitutional claims; and, he has no basis for a HAVA claim premised upon Section 1983—particularly where the Pennsylvania Secretary of State has already determined that no violation of HAVA occurred. (Doc. No. 4 at 5). The Amended Complaint should be dismissed.

1

II.     ARGUMENT

   A.   Miller's Complaints About Defendants' Reliance on "Extrinsic Material" Lack Merit.

As an initial matter, Miller takes issue with Defendants' presentation of his Middle District complaint and allege that Defendants are mischaracterizing the Amended Complaint in this action. *See e.g.*, Doc. No. 19 at 7. However, Miller ignores the Court's ability to take judicial notice of matters of public record when reviewing the sufficiency of a complaint. *See* Doc. No. 18 at 2 n.3; *see also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993) ("Courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record" when reviewing a motion to dismiss); *Buck v. Hampton Twp. Sch. Dis.,* 452 F.3d 256, 260 (3d Cir. 2006) (court is not limited to the four corners of the complaint and may consider "matters incorporated by reference integral to the claim, items subject to judicial notice, matters of public record, orders [and] items appearing in the record of the case"). Defendants' citation to Miller's Middle District Action is permissible and appropriate.

   B.   Miller Should Be Estopped from Re-litigating the Middle District Action.

After stating in his Complaint that the instant case arises from the same dispute as the Middle District Action, Miller now attempts to avoid *res judicata* by claiming that the Middle District Action did not result in a final judgment *on the merits*.[1]

---

[1] For *res judicata* to apply, there must be: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *See Egli v. Strimel,* 251 F. Supp. 3d 827, 835 (E.D. Pa. 2017) (Rufe, J.) (quoting *Davis v. Wells Fargo,* 824 F.3d 333, 341 (3d Cir. 2016)).

Judge Wilson's September 30, 2024 Order closed the Middle District Action and resolved all of Miller's claims. (*See* Doc. No. 18-2 at 20-24).[2] Although the Middle District's dismissal was premised on its declination of jurisdiction under the Declaratory Judgment Act ("DJA"),[3] Judge Wilson denied Miller leave to amend his complaint, which has been held to constitute a dismissal with prejudice. *See Guerrero v. United States*, No. 1:23-CV-01490, 2023 WL 8456122, at *4 (M.D. Pa. Dec. 6, 2023) (discussing *res judicata* and noting that prior dismissal of complaint was "without leave to amend and, therefore, effectively, with prejudice"). "A final judgment on the merits for purposes of *res judicata* is any dismissal with prejudice." *Argen v. Att'y Gen. New Jersey*, No. 21-2571, 2022 WL 3369109, at *5 (3d Cir. Aug. 16, 2022) (citing *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610 (3d Cir. 2020)).

More importantly, *res judicata* bars Miller's Amended Complaint to the extent it seeks relief based on alleged violations of the RTKL. *See Tucker v. Sec'y of Health & Hum. Servs.*, 588 F. App'x 110, 114 (3d Cir. 2014) ("None of Dr. Tucker's new theories of relief involving violations of federal statutes or her constitutional rights correct the jurisdictional problem. . . . [I]n her second complaint she was merely reiterating the same arguments but calling them constitutional violations. Accordingly, subject matter jurisdiction was still lacking. Dr. Tucker fully availed herself of the opportunity to establish subject matter jurisdiction in her first cause of action."). Miller has recast his declaratory judgment action as a series of constitutional claims under Section 1983, but *by his own pleading*, the substance of the claims is

---

[2] The only item Judge Wilson did not dispose of is the County's Rule 11 Motion, which Judge Wilson referred to Judge Carlson for disposition (Doc. No. 18-2 at 24), but the Rule 11 Motion is not a claim.
[3] 28 U.S.C. § 2201(a) and 28 U.S.C. § 2202.

3

the same. (Doc. No. 4 at 8) (stating that the Middle District Action "address[ed] the same issues").

Even if Miller's *claims* are not precluded, he should be precluded from re-litigating the issue of whether federal court is the appropriate forum for litigation of this dispute. The Middle District's decision to decline jurisdiction under the DJA was premised upon its finding that Miller's "claims" arose under the RTKL, and federal courts lack subject matter jurisdiction over such claims because "state law provides other, exclusive remedial avenues" for these disputes. (Doc. No. 18-2 at 14). Judge Carlson reasoned:

> Abstention and forbearance from entertaining Miller's sweeping array [of] declaratory judgment demands relating to the application of Pennsylvania's [RTKL] is particularly appropriate since it is well-settled that:
>
>> '[T]he [RTKL] prescribes that the appropriate remedy for denial of a request is to appeal that denial in state court. This statutory remedy is exclusive. Proffitt v. Davis, 707 F. Supp. 182, 188 (E.D. Pa. 1989)[;] Martinson v. Violent Drug Traffickers Project, 1996 WL 411590, at *2. Therefore, federal courts generally lack subject matter jurisdiction over such Pennsylvania [RTKL] claims. Id.

While the result may have ultimately hinged on a jurisdictional issue under the DJA, the dismissal of the Middle District Action involved a determination of the merits of Miller's claims. *See Tucker*, 558 F. App'x at 111 ("A judgment dismissing an action for lack of jurisdiction ordinarily has no preclusive effect on the cause of action originally raised, but it does have a preclusive effect on matters actually litigated. Even a case dismissed without prejudice has preclusive effect on the jurisdictional issue litigated."). No matter how presented (whether under the DJA or Section 1983), there is simply no subject matter jurisdiction over RTKL disputes in federal court. *See* Doc. No. 18-2 at 14-15 (discussing authority in support of proposition that federal courts lack jurisdiction to compel the production of records requested under the RTKL in

4

recommending dismissal of the complaint in the Middle District Action).  Miller did not then, nor has he now, been able to muster any valid argument opposing these principles.

The cases cited by Miller on the topic of *res judicata* do not support his position.  First, *Churchill v. Star Enterprises* does not appear to stand for the proposition for which Miller cites it—that "procedural dismissals do not constitute final judgments on the merits." (Doc. No. 19 at 16).  Moreover, the *Churchill* court affirmed dismissal on the basis of *res judicata* and noted that a plaintiff cannot avoid claim preclusion through "artful pleading of unnecessary allegations in a second complaint." *See Churchill v. Star Enters.*, 183 F.3d 184, n.10 (3d Cir. 1999).  Miller also cites *Allen v. McCurry* for the proposition that "federal constitutional claims under § 1983 are independent of state law disputes." (Doc. No. 19 at 16).  Miller's pronouncement is irrelevant because Defendants have not suggested that state and federal law are indistinguishable.  But regardless, in *Allen v. McCurry*, the Supreme Court left open the possibility that collateral estoppel could bar a party's Section 1983 claim. *See Allen v. McCurry*, 449 U.S. 90, 105 and n.25 (1980) (stating that "[t]he Court of Appeals erred in holding that McCurry's inability to obtain federal habeas corpus relief upon his Fourth Amendment claim renders the doctrine of collateral estoppel inapplicable to his § 1983 suit" and acknowledging that the Court would "not decide *how* the body of collateral estoppel-doctrine . . . should apply in this case").  Furthermore, Miller cites *United States v. Tohono O'odham Nation* for the proposition that "claims are distinct if they arise from 'operative facts.'" (Doc. No. 19 at 16).  This case is also unhelpful to Miller because, there, the Supreme Court found that "substantial overlap in operative facts between" the two pieces of litigation at issue precluded jurisdiction in one of the courts at issue. *See United States v. Tohono O'odham Nation*, 563 U.S. 307, 318 (2011).

### C. Miller's Arguments Regarding Challenges to Right to Know Law Proceedings Are Unavailing.

Even if the Court does not find *res judicata* applicable, Miller has failed to present compelling arguments as to the merits of his claims. For example, Miller discusses *Breslin v. Duncannon Borough* and *Miller v. Nelling*, both of which Defendants cited in their opening brief, and claims they are inapposite because he is asserting separate constitutional violations. (Doc. No. 19 at 15). Miller ignores the fact that the alleged constitutional violations asserted in the Amended Complaint stem from his grievances over the outcome of the RTKL proceedings in the state court system. As Miller states, the plaintiffs in *Breslin* "improperly sought to transform state-law claims into federal constitutional claims without a substantive basis" (Doc. No. 19 at 15), which is exactly what the Amended Complaint seeks to do and what *Breslin* deemed insufficient. *See Breslin v. Duncannon Borough*, No. CV 12-0360, 2018 WL 4002855, at *3 (M.D. Pa. Aug. 22, 2018) (Stengel, J.) (noting that "alleged violations of Pennsylvania's Right to Know Law do not give rise to a constitutional claim"). In *Miller v. Nelling*, the district court concluded that it lacked jurisdiction over a claim that public officials had failed to provide records pursuant to the RTKL "because state courts provide the exclusive forum for litigating under that statute." *See Miller v. Nelling*, No. CV 22-3329-KSM, 2023 WL 2743564, at *6 (E.D. Pa. Mar. 31, 2023) (Marston, J.). As much as Miller may contend otherwise, the Amended Complaint's constitutional claims ultimately derive from Miller's dissatisfaction with the outcome of the RTKL proceedings.

### D. Miller's Arguments in Support of His Help America Vote Act ("HAVA") Claim Should Be Rejected.

Miller claims Defendants are ignoring "binding precedent allowing HAVA-based violations to proceed under [Section 1983]" but cites no such precedent to support this point.

(Doc. No. 19 at 30). Miller cites *Northeast Ohio Coalition for Homeless v. Husted* in support of the proposition that "[c]ourts have recognized that certain provisions of HAVA establish enforceable rights, particularly where election officials fail to uphold uniform, non-discriminatory standards," however, that case does not even appear to involve HAVA and does not support his statement. *See Ne. Ohio Coal. for Homeless v. Husted*, 696 F.3d 580 (6th Cir. 2012) (addressing challenges to Ohio's disqualification rules for nonconforming provisional ballots). In fact, "circuit courts do not even agree about whether plaintiffs may bring a Section 1983 action to enforce the HAVA." *Am. Civ. Rights Union v. Phila. City Comm'rs*, 872 F.3d 175, 185 n.57 (3d Cir. 2017) (collecting cases); *see also Taylor v. Onorato*, 428 F. Supp. 2d 384, 386 (W.D. Pa. 2006). In *Onorato*, the district court stated that:

> The Act does not provide a private right of action to enforce the mandates of section 301. **Plaintiffs contend, however, that section 301 of the Act creates a federal right enforceable against state officials under 42 U.S.C. § 1983.** In this regard, the Supreme Court decision in *Gonzaga University v. Doe,* 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002), is controlling. There, the Supreme Court held that there is no private right of action to enforce this type of statute unless Congress, in a clear voice and unambiguously, confers a right to a private cause of action. *Id.* at 280, 122 S.Ct. 2268. **Nowhere in section 301 or elsewhere in the Act, does Congress indicate an intention that section 301 may be enforced by private individuals.**

*Id.* at 386 (emphasis added). Here, the Amended Complaint makes only general allegations about violations of certain sections of HAVA and does not assert plausible facts supporting such a violation.[4] This claim should be dismissed.

---

[4] It also appears, from Miller's own pleading, that his HAVA claim is collaterally estopped. (Doc. 4 at 5 (averring that Miller's prior HAVA complaint was dismissed on January 23, 2023 by the Pennsylvania Secretary of State after a hearing)).

7

## III. CONCLUSION

Miller generally disputes Defendants' other arguments but offers nothing of substance to oppose dismissal of the Amended Complaint. Defendants respectfully refer to those arguments asserted in their opening brief and request that the Court dismiss Plaintiff's claims consistent with the discussion therein.[5] Accordingly, Defendants respectfully request that this Court grant their Motion to Dismiss and dismiss Miller's Amended Complaint (Doc. No. 4) with prejudice, and further request that this Court impose a pre-filing approval requirement before Miller is permitted to file any further actions in this Court based on the facts giving rise to the Amended Complaint.

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By: *Sarah H Staub*
Sarah Hyser-Staub, PA ID 315989
Lauren Anthony, PA ID 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

Dated: December 4, 2024                *Attorneys for Defendants*

---

[5] Miller appears to threaten Defendants with sanctions under Federal Rule of Civil Procedure 11. *See* Doc. No. 19 at 46 (requesting an award of "reasonable costs incurred in addressing Defendants' motions, pursuant to the Court's inherent authority and Rule 11, due to Defendants' repeated procedural abuses and mischaracterizations of Plaintiff's claims"). This request is improper for multiple reasons. First, as Defendants' briefing and the history of Miller's litigation efforts shows, Defendants have advanced colorable arguments in favor of dismissal in the face of a persistent pattern of abusive litigation initiated by *Miller*. Second, Miller failed to comply with the requirements of Rule 11. *See generally* Fed. R. Civ. P. 11. This improper request should be denied.