IN THE DISTRICT COURT OF THE UNITED STATES

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br><br>Petitioner,<br><br>v.<br><br>COUNTY OF LANCASTER, *et al*.,<br>Respondents. | Civ. No.: 5:24-cv-05338-JFL<br><br>Judge Joseph F. Leeson, Jr. |

**PLAINTIFF'S SURREPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiff Michael Miller, pro se, submits this surreply to expose the procedural impropriety of Defendants' reply brief (Doc. 20) and address their misuse of procedural rules. Defendants improperly introduce new arguments and authorities in their reply brief, violating the well-established rule that reply briefs may not raise issues or legal theories not presented in the initial motion. See *United States v. Martin*, 454 F. Supp. 2d 278, 284 (E.D. Pa. 2006). Such tactics deny Plaintiff the opportunity to respond and prejudice the fairness of these proceedings.

Additionally, Defendants misuse Rules 12(b)(1) and 12(b)(6) to advance arguments that are fact-intensive, reliant on affirmative defenses such as res

1

judicata and collateral estoppel, or otherwise inappropriate for resolution at the pleading stage. Courts consistently hold that these defenses require evidentiary development and cannot be resolved unless they are apparent on the face of the complaint, which is not the case here. See *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

Pursuant to binding procedural rules, including Rule 7(b)(1) of the Federal Rules of Civil Procedure, Plaintiff demands that this Court disregard all arguments and authorities improperly raised for the first time in Defendants' reply brief. Failure to enforce these rules would unfairly prejudice Plaintiff and undermine procedural fairness. Should the Court determine that any such arguments warrant consideration, Plaintiff requests clear notice of the specific matters at issue, including the legal grounds for addressing them at this stage, and an opportunity to respond through further briefing to ensure compliance with procedural rules and governing law.

## II. ARGUMENT

## A. New Issues, Arguments, and Authorities in Defendants' Reply Brief (Doc. 20)

Defendants' reply brief (Doc. 20) improperly raises new issues, arguments, and legal authorities that were not included in their initial motion to dismiss (Doc. 18). Courts in this Circuit consistently hold that reply briefs may not be used to introduce new arguments or authorities, as doing so deprives the opposing party of a fair opportunity to respond. See *United States v. Martin*, 454 F. Supp. 2d 278, 284 (E.D. Pa. 2006); *Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993).

Defendants' reply brief raises the following new issues, arguments, and authorities, all of which violate Rule 7(b)(1)'s mandate that grounds for a motion must be presented in the initial motion:

1. **Res Judicata (Claim Preclusion) and Collateral Estoppel (Issue Preclusion):**

    o **New Arguments:**

    - Defendants argue for the first time that the denial of leave to amend in the Middle District action constituted a dismissal

3

- "with prejudice," thereby rendering the judgment final and preclusive under claim preclusion principles.

    - Defendants also assert that specific findings from the Middle District preclude relitigation of issues under collateral estoppel. These detailed assertions were absent from Doc. 18.

  o **New Case Citations:**

    - *Guerrero v. United States*, 2023 WL 8456122 (M.D. Pa.).

    - *Argen v. Att'y Gen. New Jersey*, 2022 WL 3369109 (3d Cir.).

    - *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607 (3d Cir.).

2. **Judicial Notice:**

  o **New Arguments:**

    - Defendants argue for the first time that this Court may take judicial notice of procedural facts and filings from the Middle District action to establish preclusion doctrines. This argument, along with the use of judicial notice to resolve contested issues, was not raised in Doc. 18.

  o **New Case Citation:**

- *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192 (3d Cir.).

3. **Help America Vote Act (HAVA) Claims under § 1983:**

    o **New Arguments:**

    - Defendants newly assert that Plaintiff's HAVA claims fail because HAVA does not create rights enforceable under § 1983 or a private cause of action. This argument was not addressed in Doc. 18.

    o **New Case Citations:**

    - *Taylor v. Onorato*, 428 F. Supp. 2d 384 (W.D. Pa.).

    - *Gonzaga University v. Doe*, 536 U.S. 273 (2002).

    - *Am. Civ. Rights Union v. Phila. City Comm'rs*, 872 F.3d 175 (3d Cir.).

4. **Pre-Filing Restrictions:**

    o **New Arguments:**

    - Defendants expand their argument for pre-filing restrictions, relying on unsubstantiated allegations of abusive litigation. For the first time, they reference procedural irregularities in the

5

>Middle District, including an ignored sanctions motion, as grounds for imposing these restrictions. These expansions were not included in Doc. 18.

---

**B. Substantive Issues Are Reserved and Procedurally Inappropriate Under Rule 12(b)(1) or Rule 12(b)(6)**

The arguments raised by Defendants are improperly advanced under Rules 12(b)(1) and 12(b)(6), which strictly limit consideration to the sufficiency of the allegations within the complaint and exclude fact-intensive defenses like res judicata or collateral estoppel. Even if the Court considers these arguments, they are fundamentally flawed and procedurally improper. Affirmative defenses like res judicata and collateral estoppel cannot be resolved under Rule 12(b)(6) unless evident on the face of the complaint. See *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). Similarly, judicial notice cannot be used to resolve disputed facts or infer preclusive effects. See *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

Plaintiff reserves all substantive arguments on these issues for proper proceedings, emphasizing that these matters require factual development and cannot be resolved on the pleadings. If the Court believes any of these issues

warrant consideration, Plaintiff requests notice of the specific matters and an opportunity to provide further briefing.

---

## C. Counsel's Conduct Disqualifies Defendants' Request for Pre-Filing Restrictions

Defendants' counsel's conduct further disqualifies their request for pre-filing restrictions, an extraordinary remedy requiring clear and convincing evidence of abusive litigation. See *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). Counsel's pattern of:

1. Misusing Rules 12(b)(1) and 12(b)(6) to raise improper affirmative defenses;

2. Introducing new arguments and authorities in reply briefs to deny Plaintiff a fair opportunity to respond; and

3. Burdening the Court and Plaintiff with unnecessary and improper litigation tactics,

demonstrates bad faith or incompetence, which equity will not reward. "[H]e who seeks equity must do equity." *Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co.*, 324 U.S. 806, 814 (1945). Counsel's repeated procedural violations compound the prejudice to Plaintiff, particularly in the context of

seeking an extraordinary remedy like pre-filing restrictions. Granting such a remedy in this context would reward inequitable conduct and set a harmful precedent for future litigation involving pro se parties.

## III. RELIEF REQUESTED

WHEREFORE, Plaintiff demands that this Court:

1. Disregard all new arguments and authorities raised for the first time in Defendants' reply brief (Doc. 20) as procedurally barred under Rule 7(b)(1) and binding Third Circuit precedent;

2. Reject Defendants' arguments and requests that are beyond the scope of Rules 12(b)(1) and 12(b)(6), including those related to res judicata, collateral estoppel, judicial notice, and pre-filing restrictions;

3. Provide notice of the legal basis for any determination to consider new arguments or authorities raised in Defendants' reply brief, identify the specific matters requiring further response, and grant Plaintiff an opportunity to address such matters through briefing;

4. Intervene to stop Defendants' abusive litigation tactics, ensuring compliance with procedural rules and protecting Plaintiff, a pro se litigant, from further prejudice; and

5. Grant any additional relief necessary to ensure fairness, procedural compliance, and judicial efficiency.

Respectfully Submitted Pro Se:

*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
Dated: December 9, 2024
reaganfive@protonmail.com
717-388-0163

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

        Sarah Hyser-Staub PA I.D. No. 315989
        Lauren Anthony, PA I.D. No. 324557
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA 17108-1166
        717-232-8000
        sstaub@mcneeslaw.com
        lanthony@mcneeslaw.com

        *Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
Dated: December 9, 2024    reaganfive@protonmail.com