IN THE DISTRICT COURT OF THE UNITED STATES

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LANCASTER, *et al.*,<br><br>Defendants. | Civ. No.: 5:24-cv-05338-JFL<br><br>Judge Joseph F. Leeson, Jr. |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR JUDICIAL NOTICE

## INTRODUCTION

Plaintiff, Michael Miller, submits this brief in support of his Motion for Judicial Notice. This motion arises in direct response to the Court's Order (Doc. 26), which granted Defendants' request for judicial notice of certain outside filings in support of their Rule 12(b) motion. Judicial notice of the complete procedural record is necessary to ensure fairness, consistency, and adherence to Federal Rule of Evidence 201.

Judicial notice under Rule 201 is strictly limited to the existence of public records and cannot extend to:

1. Legal conclusions in prior filings;

2. The truth of disputed facts; or

3. Findings in orders or rulings that are under appellate review.

Defendants' reliance on outside documents to support legal arguments such as res judicata or preclusive effect is improper and violates clear Third Circuit precedent.

---

## LEGAL STANDARD

Under Federal Rule of Evidence 201(b), a court may judicially notice facts that are:

1. Not subject to reasonable dispute; and

2. Capable of accurate and ready determination from reliable sources, such as public court records.

The Third Circuit has held that judicial notice cannot extend to:

- The truth of facts asserted in court filings (*Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000));

- Legal conclusions or findings contained in outside cases (*Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)); or

- Non-final judgments subject to appellate review (*Arizona v. California*, 530 U.S. 392, 412-13 (2000)).

In deciding a Rule 12(b)(6) motion, a court's review is confined to the complaint, exhibits attached to the complaint, and matters of public record—strictly for their existence, not their substance. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

---

## ARGUMENT

### 1. Judicial Notice of the Complete Record Ensures Procedural Fairness

The Court's Order (Doc. 26) granted Defendants' request for judicial notice of selected filings from the related case. Judicial notice of the complete record ensures fairness and prevents undue reliance on selective documents.

The Third Circuit makes clear:

"A court may take judicial notice of prior judicial opinions or filings, but not for the truth of the matters asserted."

— *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

---

## 2. Judicial Notice Cannot Extend to Legal Conclusions or Contested Findings

Defendants rely on the Report and Recommendation and the dismissal order to support legal arguments such as res judicata. However, the Notice of Appeal (Doc. 65) confirms that the dismissal is under active appellate review and therefore lacks finality.

As the Supreme Court held:

"Judgments under appeal do not have the requisite finality to preclude subsequent litigation."
— *Arizona v. California*, 530 U.S. 392, 412-13 (2000).

Judicial notice cannot be used to resolve disputed issues or accept findings as adjudicative facts.

---

## 3. Judicial Notice Cannot Be Used to Resolve Disputed Issues in a Rule 12(b)(6) Motion

On a Rule 12(b)(6) motion, the Court must:

1. Accept all well-pleaded allegations as true, and

2. Confine its review to the complaint and properly limited public records.

The Third Circuit confirms:

"Courts must accept all well-pleaded allegations as true and draw all inferences in the plaintiff's favor."

— *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

If outside documents are considered beyond their existence, Rule 12(d) mandates conversion to summary judgment:

"If the court considers documents outside the complaint, the motion must be converted to one for summary judgment."

— *Rose v. Bartle*, 871 F.2d 331, 340 (3d Cir. 1989).

---

### 4. Liberal Standards Must Apply to Pro Se Litigants

As a pro se litigant, Plaintiff is entitled to procedural fairness and liberal construction of his motion:

"A pro se litigant's pleadings must be construed liberally to ensure that no claim or argument is overlooked."

— *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Take judicial notice of the complete docket and filings in *Miller v. County of Lancaster*, No. 1:24-CV-00014 (M.D. Pa.), and *Miller v. County of Lancaster*, Appeal No. 24-2934 (3d Cir.), limited to their existence as adjudicative facts.

2. Reject Defendants' improper attempt to judicially notice legal conclusions or contested findings from a non-final judgment.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
717-388-1063

Dated: December 17, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served by e-filing a true and correct copy of the

foregoing document to the following:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

*Attorneys for Defendants*


Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163

Dated: December 17, 2024          reaganfive@protonmail.com