IN THE DISTRICT COURT OF THE UNITED STATES

EASTERN DISTRICT OF PENNSYLVANIA

| MICHAEL MILLER<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LANCASTER, *et al.*,<br><br>Defendants. | Civ. No.: 5:24-cv-05338-JFL<br><br><br><br>Judge Joseph F. Leeson, Jr. |
|---|---|

**PRAECIPE TO DISPOSE OF DEFENDANTS' RULE 12(b)(1) AND RULE 12(b)(6) MOTION**

TO THE HONORABLE COURT:

Plaintiff Michael Miller, proceeding pro se, respectfully submits this Praecipe to request immediate disposition of Defendants' pending Rule 12(b)(1) and Rule 12(b)(6) objections to Plaintiff's complaint, filed on November 20, 2024. These motions, now pending for over 60 days, delay resolution of a well-pleaded complaint and risk enabling procedural evasion, to the prejudice of Plaintiff and the integrity of the judicial process.

As the Supreme Court held in *Elrod v. Burns*, 427 U.S. 347, 373 (1976), "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Prolonged judicial inaction not only perpetuates such harm but also risks transforming Rule 12(b) motions into tools for

1

procedural evasion, contrary to the principles articulated in *In re Schaefer*, 648 F.3d 427, 431 (6th Cir. 2011).

---

## INTRODUCTION

Plaintiff's complaint, filed under 42 U.S.C. § 1983, plainly asserts well-pleaded claims under the First and Fourteenth Amendments against Defendants, including County of Lancaster. The detailed allegations meet and exceed the standards of Rule 8, as interpreted by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Procedural history demonstrates a broader pattern of Defendants' systemic reliance on Rule 12(b) motions to delay accountability. Plaintiff's notices (Docs. 16 and 30) warned the Court of the harm caused by such delays and requested timely resolution. However, judicial inaction has allowed the motions to remain pending without resolution, compounding harm and creating a perception of judicial complicity in procedural evasion.

If the Court determines the complaint is deficient, the proper remedy under *Foman v. Davis*, 371 U.S. 178 (1962), is to grant leave to amend, not to delay indefinitely. Prolonged inaction deprives Plaintiff of timely access to justice,

undermining Rule 1's mandate for the "just, speedy, and inexpensive determination" of every action.

## PROCEDURAL HISTORY

1. **Filing of Complaint:** Plaintiff filed this § 1983 complaint on October 12, 2024.

2. **Defendants' Extension and Motions:** On November 20, 2024, Defendants filed Rule 12(b)(1) and Rule 12(b)(6) motions instead of answering the complaint.

3. **Notices of Delay:** Plaintiff filed:

   - **Doc. 16** on November 1, 2024, objecting to Defendants' use of procedural tactics to delay adjudication.

   - **Doc. 30** on December 21, 2024, formally requesting prompt resolution of defendants' motions.

4. **Current Status:** Despite these warnings, the motions remain pending over 60 days later, obstructing justice and prejudicing Plaintiff.

## ARGUMENT

**A. The Strength of Plaintiff's Complaint**

Plaintiff's complaint contains detailed factual allegations, specifying dates, actions, and harms caused by Defendants, and articulates clear claims under the First and Fourteenth Amendments. These allegations include:

- Defendants' failure to provide access to public election records in violation of Plaintiff's rights to political speech and public advocacy.

- The use of arbitrary policies to deny Plaintiff's statutory and constitutional rights.

These facts, taken as true, state plausible claims for relief, making dismissal under Rule 12(b)(1) or 12(b)(6) unjustifiable. The delay in ruling compounds this injustice.

---

**B. Rule 12(a)(4) and Judicial Discretion**

Rule 12(a)(4) grants the Court discretion in resolving dispositive motions but does not authorize indefinite delay. Judicial inaction here risks undermining Rule 1's efficiency mandate, particularly given the clear sufficiency of Plaintiff's allegations and the liberal pleading standard owed to pro se litigants under *Haines v. Kerner*, 404 U.S. 519 (1972), and *Erickson v. Pardus*, 551 U.S. 89 (2007).

**C. Prejudice from Delay**

Judicial delay exacerbates the harm to Plaintiff, including:

- **Denial of Discovery:** Delay prevents Plaintiff from gathering evidence necessary to advance the case.

- **Constitutional Harm:** Ongoing violations of First and Fourteenth Amendment rights cause continuing injury, as recognized in *Elrod v. Burns*, 427 U.S. 347 (1976).

- **Financial and Emotional Strain:** The delay prolongs litigation, increasing costs and inflicting undue stress.

As the Third Circuit has warned in *United States v. Bertoli*, 994 F.2d 1002, 1018 (3d Cir. 1993), delays that prejudice litigants, particularly in cases involving constitutional claims, represent a failure of judicial duty.

**D. Systemic Misuse of Rule 12(b) Motions**

Defendants' reliance on Rule 12(b) motions is part of a broader scheme to evade accountability. This court's delay risks enabling such procedural abuse, transforming Rule 12(b) from a tool for efficiency into a mechanism for

obstruction, contrary to *In re Schaefer*, 648 F.3d 427, 431 (6th Cir. 2011). Judicial inaction also violates due process, as articulated in *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), where timely adjudication is essential to prevent procedural injustice.

**RELIEF REQUESTED**

Plaintiff respectfully requests that the Court:

1. Dispose of Defendants' Rule 12(b)(1) and Rule 12(b)(6) motions within 10 days.

2. If the complaint is deemed deficient, grant leave to amend under *Foman v. Davis*, 371 U.S. 178 (1962).

Failure to act will compel Plaintiff to seek mandamus relief under the All Writs Act, 28 U.S.C. § 1651, as judicial inaction unjustly prejudices Plaintiff, obstructs justice, and undermines confidence in the judicial process.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully urges the Court to fulfill its duty under the Federal Rules of Civil Procedure and promptly dispose of Defendants' motions.

**Certification of Service**

Appellant certifies that this motion has been served on all parties electronically through the Court's CM/ECF system.

Respectfully submitted,

*/s/ Michael Miller*
Dated: January 21, 2025

Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
717-388-1063
