IN THE DISTRICT COURT OF THE UNITED STATES
EASTERN DISTRICT OF PENNSYLVANIA

| MICHAEL MILLER | Civ. No.: 5:24-cv-05338-JFL |
|---|---|
| Plaintiff, | |
| v. | |
| COUNTY OF LANCASTER, *et al.*, | Judge Joseph F. Leeson, Jr. |
| Defendants. | |

## PLAINTIFF'S NOTICE OF JUDICIAL INACTION AND PROCEDURAL OBSTRUCTION

TO THE HONORABLE COURT:

Plaintiff Michael Miller, proceeding pro se, respectfully submits this Notice of Judicial Inaction and Procedural Obstruction to formally place on record that Judge Joseph Leeson, Jr. has failed to rule on Defendants' Rule 12(b)(1) and Rule 12(b)(6) motions for nearly 90 days, in direct violation of Rule 12(a)(4) and Rule 1 of the Federal Rules of Civil Procedure.

This failure is not a mere delay—it is an outright refusal to adjudicate procedural obligations under Rule 12, constituting an abandonment of judicial duty. The officers of this Court have simply refused to perform the ministerial duties that Rule 12 requires, thereby:

1

1. Obstructing litigation by preventing case progression and delaying discovery, effectively paralyzing Plaintiff's ability to prosecute his claims while affording government Defendants indefinite procedural refuge.

2. Providing institutional cover for well-resourced, taxpayer-funded, government Defendants, whom the officers of the Third Circuit judiciary have deliberately shielded from accountability by refusing to require them to answer Plaintiff's well-pleaded constitutional claims.

3. Violating Plaintiff's rights under the Due Process Clause of the Fifth and Fourteenth Amendments by depriving him of timely adjudication and access to justice, reinforcing an institutional pattern where judicial officers abdicate their duties to allow government entities to evade constitutional scrutiny.

This judicial inaction is not discretion—it is a refusal to fulfill ministerial duties under Rule 12, a refusal to require Defendants to follow procedural rules, and an abdication of judicial obligations that functionally operates as a shield for Defendants against constitutional accountability.

---

**I. JUDICIAL INACTION AS A MINISTERIAL FAILURE, NOT A DISCRETIONARY ACT**

Rule 12(a)(4) mandates that a district court adjudicate Rule 12 motions "promptly" to ensure litigation proceeds efficiently. Judge Leeson's continued refusal to rule on Defendants' pending Rule 12 motions—filed on November 20, 2024—constitutes an abdication of ministerial duty, not judicial discretion.

The Supreme Court has explicitly held that judicial immunity does not extend to administrative failures (*Forrester v. White*, 484 U.S. 219 (1988)). By failing to dispose of these motions within a reasonable timeframe, Judge Leeson's inaction is not a judicial act but an administrative breakdown, depriving Plaintiff of his fundamental right to petition the courts for redress.

Additionally, binding precedent establishes that judicial delay violates due process when it obstructs a litigant's right to timely adjudication (*United States v. Eleven Vehicles*, 200 F.3d 203, 212 (3d Cir. 2000)). The Third Circuit has further recognized that judicial inaction that results in impairment of substantive rights necessitates corrective intervention (*In re Grand Jury Proceedings*, 744 F.3d 211, 215 (3d Cir. 2014)).

The Second Circuit has also ruled that unconstitutional delay by a judge constitutes a due process violation when it prejudices a litigant's rights or enables abuse of judicial processes (*Hernandez v. Keane*, 341 F.3d 137, 146 (2d Cir. 2003)).

Given the nearly 90-day delay—combined with procedural history in related cases—Judge Leeson's failure to rule constitutes a clear violation of Plaintiff's due process rights under the Fifth and Fourteenth Amendments.

---

## II. PROCEDURAL EVASION AND SYSTEMIC PATTERN OF DENYING PLAINTIFF ACCESS TO JUSTICE

Judge Leeson's failure to rule is not an isolated instance—it reflects a broader systemic pattern of judicial evasion previously observed in Plaintiff's related Middle District case, *Miller v. County of Lancaster*, Civ. No. 1:24-cv-00014.

- In the Middle District case, the presiding judge refused to rule on a Rule 12 motion for over eight months before abstaining entirely, never addressing the merits of Plaintiff's constitutional claims.

- During this delay, Defendants threatened Plaintiff with sanctions if he did not withdraw his case—a procedural abuse that the court ignored.

- The same scheme is now being repeated here, where Defendants have:

    - Leveraged Judge Leeson's neglect as a shield against accountability;

- Used a Rule 12 motion to request Judge Leeson impose a pre-filing injunction against Plaintiff—without any adjudication of the merits (Doc. 18, p. 27); and

- Exploited Judge Lesson's refusal to perform ministerial duties to delay resolution and prevent discovery.

In *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008), the Third Circuit warned against allowing procedural evasion to be used as a litigation weapon. Yet here, inaction has enabled Defendants to evade constitutional accountability, violating Plaintiff's right to due process and equal access to justice.

---

### III. FINANCIAL AND PROCEDURAL HARM RESULTING FROM JUDICIAL INACTION

Judge Leeson's continued failure to rule has caused measurable financial, procedural, and constitutional harm, including:

1. Increased Litigation Costs: Plaintiff has been forced to file multiple notices requesting action, incurring unnecessary expenses that would not have been required had the Court performed its ministerial duty.

2. Loss of Business Income: The prolonged judicial delay has diverted Plaintiff's time and resources from professional obligations, resulting in quantifiable financial harm and economic loss.

3. Mental and Emotional Distress: The indefinite obstruction of Plaintiff's constitutional claims has caused severe stress, frustration, reputational harm, and interference with Plaintiff's ability to defend and assert his rights.

Judicial inaction is not a neutral event. It obstructs litigation, shields government Defendants from accountability, and enables procedural evasion. The law does not permit judges to indefinitely delay rulings, nor does it allow court officers to manipulate the judicial process to suppress constitutional claims.

This harm is not theoretical—it is measurable, ongoing, and entirely caused by the court's refusal to act.

---

**IV. PLAINTIFF DEMANDS IMMEDIATE ACTION**

Plaintiff demands that this Court:

1. Immediately adjudicate Defendants' pending Rule 12(b)(1) and Rule 12(b)(6) motions in accordance with Rule 12(a)(4).

2. Issue an order requiring Defendants to file an answer if the motions are denied, ensuring that litigation proceeds without further procedural obstruction.

3. Reassign this case to another judge if Judge Leeson is unable or unwilling to fulfill his ministerial duty to rule on the pending motions.

4. Hold a hearing or provide a written explanation for the delay if the Court does not immediately adjudicate the pending motions within 10 days.

5. Bar Defendants from requesting additional extensions or procedural delays following adjudication of the motions, to prevent further obstruction.

6. Place this Notice on the official docket to preserve Plaintiff's claims regarding procedural obstruction, judicial evasion, and due process violations.

7. Award to Plaintiff for costs associated with multiplied litigation.

8. Such and other relief to Plaintiff as the court may deem just.

---

## V. RESERVATION OF RIGHTS

If judicial inaction continues, Plaintiff may pursue all available remedies, including but not limited to:

- Seeking declaratory relief establishing that the Court's failure to rule constitutes a denial of due process and access to the courts.

- Filing a § 1983 action against responsible parties for damages incurred due to judicial inaction, including financial loss, reputational harm, and procedural obstruction.

- Requesting intervention from the Third Circuit and filing further notices to document ongoing procedural abuses.

Plaintiff will take all necessary steps to ensure that officers of this Court fulfill their constitutional obligation to adjudicate claims timely and fairly.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Date:  February 19, 2025

**CERTIFICATE OF SERVICE**

I, Michael Miller, hereby certify that on this February 19, 2025, I served copies of the foregoing document to all parties or their counsel electronically through the Court's CM/ECF system.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Date: February 19, 2025