IN THE DISTRICT COURT OF THE UNITED STATES

EASTERN DISTRICT OF PENNSYLVANIA

| MICHAEL MILLER, Plaintiff, v. COUNTY OF LANCASTER, *et al.*, Defendants. | Civ. No.: 5:24-cv-05338-JFL  Judge Joseph F. Leeson, Jr. |
|---|---|

## PLAINTIFF'S EMERGENCY MOTION FOR VACATUR OF DISMISSAL PURSUANT TO 28 U.S.C. § 1651

Plaintiff Michael Miller respectfully moves this Court to vacate its Order of Dismissal (Doc. 36) pursuant to 28 U.S.C. § 1651 (All Writs Act) due to fundamental procedural errors that render the ruling legally void. Plaintiff's brief in support accompanies this motion.

**I. INTRODUCTION**

The Court's dismissal order (Doc. 36) must be vacated because it violates binding procedural law governing Rule 12(b)(1) and Rule 12(b)(6) motions. The ruling:

1. Was issued while the Court lacked jurisdiction, as Plaintiff's pending mandamus petition before the Third Circuit divested the Court of authority.

1

2. Improperly engaged in judicial fact-finding in a facial Rule 12(b)(1) challenge, where factual inquiries are strictly prohibited.

3. Applied a summary judgment framework without notice, in violation of Rule 12(d).

4. Imposed a heightened pleading standard, demanding proof rather than plausibility, contrary to *Twombly* and *Iqbal*.

5. Relied on Plaintiff's own exhibits to contradict well-pleaded allegations, violating *Doe v. Princeton Univ.* and *Fowler v. UPMC Shadyside*.

Each of these errors requires immediate vacatur of the dismissal order.

---

## II. LEGAL STANDARD FOR VACATUR

The All Writs Act (28 U.S.C. § 1651(a)) allows federal courts to vacate rulings issued in violation of due process or procedural rules. See *United States v. United Mine Workers of America*, 330 U.S. 258, 290 (1947).

A court's order is void ab initio and must be vacated where:

- It was issued without jurisdiction (*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)).

- It relied on improper fact-finding in a facial Rule 12(b)(1) challenge (*Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

- It improperly weighed evidence or imposed a heightened pleading standard at the motion-to-dismiss stage (*Twombly*, 550 U.S. at 570).

The Court's dismissal violates all three principles, making vacatur mandatory.

---

## III. PROCEDURAL ERRORS REQUIRING VACATUR

### A. The Court Lacked Jurisdiction to Rule

- On February 3, 2025, Plaintiff filed a petition for writ of mandamus before the Third Circuit.

- Under the divestiture rule, the district court loses jurisdiction over matters that are pending before an appellate court. See *In re School Asbestos Litig.*, 977 F.2d 764, 777 (3d Cir. 1992); *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985).

- Despite this jurisdictional bar, the Court dismissed Plaintiff's case on March 7, 2025, making the ruling void ab initio.

### B. The Court Violated Rule 12(b)(1) By Conducting Improper Fact-Finding

- A facial Rule 12(b)(1) challenge requires the Court to accept Plaintiff's allegations as true and limit its review to the complaint (*Constitution Party of Pa. v. Aichele*, 757 F.3d at 358).

- Instead, the Court conducted fact-finding into Plaintiff's state court litigation, a factual inquiry explicitly prohibited in a facial 12(b)(1) challenge.

- The Court then used its own conclusions about Plaintiff's state cases to dismiss his federal claims, violating Third Circuit precedent.

**C. The Dismissal Violates Supreme Court Precedent Requiring Federal Adjudication of Constitutional Claims**

- Federal courts must hear § 1983 claims and cannot decline jurisdiction merely because a state forum exists (*Zwickler v. Koota*, 389 U.S. 241 (1967)).

- Instead of addressing Plaintiff's constitutional claims, the Court mischaracterized them as RTKL disputes, improperly avoiding jurisdiction.

- Federal jurisdiction over § 1983 claims is not preempted simply because Pennsylvania has a Right to Know Law (*Monell v. Dept. of Social Services*, 436 U.S. 658 (1978)).

- The Court's ruling improperly forces Plaintiff to seek redress in state court, violating the Supreme Court's mandate that federal courts adjudicate constitutional claims.

**D. The Court Violated Rule 12(b)(6) By Applying a Summary Judgment Standard**

- Judge Leeson improperly engaged in fact-finding, treating disputed legal and factual issues as resolved against Plaintiff at the motion-to-dismiss stage.

- Under Rule 12(d), if a court considers matters outside the pleadings, it must convert the motion to summary judgment and provide notice. *Bruni v. City of Pittsburgh*, 824 F.3d 353, 361-62 (3d Cir. 2016).

- The Court failed to do so, violating Rule 12(d) and denying Plaintiff an opportunity to respond.

**E. The Court Imposed an Improper Heightened Pleading Standard**

- At the motion-to-dismiss stage, a complaint need only allege plausible claims, not prove them (*Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678).

- Judge Leeson improperly demanded evidentiary proof, contradicting Supreme Court and Third Circuit precedent.

**IV. REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Vacate the Order of Dismissal (Doc. 36) in its entirety pursuant to 28 U.S.C. § 1651, as it was issued without jurisdiction and in violation of binding procedural law.

2. Reconsider Defendants' Motion to Dismiss under the correct legal framework, ensuring compliance with:

    a. Rule 12(b)(1) – Accept Plaintiff's allegations as true and refrain from judicial fact-finding.

    b. Rule 12(b)(6) – Apply the proper plausibility standard rather than requiring evidentiary proof.

    c. Rule 12(d) – If the Court considers extraneous materials, it must convert the motion to summary judgment and provide notice.

3. Issue findings of fact and conclusions of law addressing:

    a. The Court's improper factual determinations in a facial Rule 12(b)(1) challenge.

    b. The failure to apply the correct two-step plausibility analysis under *Twombly* and *Iqbal*.

    c. The improper use of Plaintiff's exhibits to contradict well-pleaded allegations.

4. Grant any further relief deemed just and proper, including corrective orders to remedy procedural irregularities that have prejudiced Plaintiff's ability to litigate his claims fairly.

---

## V. CONCLUSION

For the reasons stated, the Court's dismissal order is procedurally invalid, legally void, and must be vacated immediately. Failure to correct these errors now will force unnecessary appellate litigation and undermine judicial integrity. Plaintiff respectfully requests immediate vacatur and reconsideration under the correct procedural standards.

Respectfully submitted,<br>
<u>/s/ Michael Miller</u><br>
Michael Miller, Pro Se<br>
108 N. Reading Road, F, 246<br>
Ephrata, Pennsylvania 17522<br>
717-388-0163<br>
reaganfive@protonmail.com

Dated: March 16, 2025

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

                    Sarah Hyser-Staub PA I.D. No. 315989
                    Lauren Anthony, PA I.D. No. 324557
                    100 Pine Street
                    P.O. Box 1166
                    Harrisburg, PA 17108-1166
                    717-232-8000
                    sstaub@mcneeslaw.com
                    lanthony@mcneeslaw.com

                    *Attorneys for Defendants*


                    Respectfully Submitted,

                    */s/ Michael Miller*
                    Michael Miller
                    108 N. Reading Rd., Ste F, 246
                    Ephrata, Pennsylvania 17522
                    717-388-0163
Dated: March 16, 2025      reaganfive@protonmail.com