IN THE DISTRICT COURT OF THE UNITED STATES

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br>Plaintiff,<br><br>v.<br><br>COUNTY OF LANCASTER, *et al*.,<br><br>Defendants. | Civ. No.: 5:24-cv-05338-JFL<br><br>Judge Joseph F. Leeson, Jr. |

**PLAINTIFF'S BRIEF IN SUPPORT OF EMERGENCY MOTION FOR VACATUR OF DISMISSAL PURSUANT TO 28 U.S.C. § 1651 AND FOR CORRECTION OF PROCEDURAL ERRORS IN VIOLATION OF RULES 12(B)(1) AND 12(B)(6)**

Plaintiff Michael Miller files this supporting brief in support of his concurrently filed motion moving this Court to vacate its Order (Doc. 36) pursuant to 28 U.S.C. § 1651 (All Writs Act) and to correct procedural violations that render the dismissal legally void.

---

## I. INTRODUCTION

Plaintiff Michael Miller moves to vacate the Court's procedurally invalid dismissal order (Doc. 36) pursuant to 28 U.S.C. § 1651 (All Writs Act). The order is legally void due to fundamental violations of Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), rendering appellate review premature and unnecessary.

The Court's ruling is fatally defective because:

1. Lack of Jurisdiction – The Court issued its ruling while divested of jurisdiction due to Plaintiff's pending mandamus petition before the Third Circuit (Case #25-1208).

2. Improper Judicial Fact-Finding in a Facial Rule 12(b)(1) Challenge – The Court improperly relied on its own legal and factual conclusions about Plaintiff's state litigation rather than accepting Plaintiff's allegations as true, in direct violation of Third Circuit precedent.

3. Application of a Summary Judgment Framework Without Notice – The Court considered factual and legal determinations outside the pleadings without converting the motion under Rule 12(d), violating procedural due process.

4. Imposition of a Heightened Pleading Standard – The Court demanded proof rather than plausibility, directly contradicting *Twombly* and *Iqbal*.

5. Misuse of Plaintiff's Own Exhibits to Contradict Well-Pleaded Allegations – The Court used Plaintiff's exhibits as dispositive evidence against him, in violation of *Doe v. Princeton Univ.* and *Fowler v. UPMC Shadyside*.

Each of these errors constitutes reversible legal error. The Court's dismissal order cannot be upheld and must be vacated immediately.

---

## II. LEGAL STANDARD FOR VACATUR UNDER 28 U.S.C. § 1651

The All Writs Act (*28 U.S.C. § 1651(a)*) empowers federal courts to vacate rulings that violate due process, procedural rules, or jurisdictional requirements. *United States v. United Mine Workers of America*, 330 U.S. 258, 290 (1947).

A ruling must be vacated as void ab initio when:

- The Court lacked jurisdiction to issue it.

  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

- The ruling was based on improper fact-finding in a facial Rule 12(b)(1) challenge.

  *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

- The Court improperly weighed evidence, applied a summary judgment framework without notice, or required proof instead of plausibility.

  *Bruni v. City of Pittsburgh*, 824 F.3d 353, 361-62 (3d Cir. 2016); *Twombly*, 550 U.S. at 570.

Because the Court's dismissal violates all three categories, vacatur is mandatory.

---

## III. PROCEDURAL VIOLATIONS REQUIRING VACATUR

### A. The District Court Lacked Jurisdiction Due to Plaintiff's Pending Mandamus Petition

- On February 3, 2025, Plaintiff filed a petition for writ of mandamus before the Third Circuit challenging Judge Leeson's improper handling of this case.
- Under the divestiture rule, a district court loses jurisdiction over any matter pending before an appellate court.
  - *In re School Asbestos Litig.*, 977 F.2d 764, 777 (3d Cir. 1992):

"Once a petition for a writ of mandamus is filed, the district court is divested of jurisdiction over the matters involved in the petition until the appellate court resolves the issue."

  - *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985):

"A lower court may not exercise jurisdiction over matters that are before a higher court in a pending petition for writ of mandamus."

- Despite this jurisdictional bar, Judge Leeson ruled on the motion to dismiss on March 7, 2025, while the mandamus petition remained pending.

- A ruling issued in the absence of jurisdiction is void ab initio and must be vacated.

  *Steel Co.*, 523 U.S. at 94.

---

**B. Violation of Rule 12(b)(1) – Unauthorized Fact-Finding and Mischaracterization of Plaintiff's Claims**

- A facial Rule 12(b)(1) challenge requires the Court to assume Plaintiff's allegations as true and limit its review to the four corners of the complaint. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

- Instead, Judge Leeson improperly engaged in judicial fact-finding regarding Plaintiff's state court litigation—an inquiry that is explicitly prohibited in a facial jurisdictional challenge.

- The Court then used its own independent conclusions about Plaintiff's state litigation to dismiss his federal claims, violating procedural due process.

This is clear procedural misconduct because:

1. Judicial fact-finding is not permitted in a facial 12(b)(1) challenge. A court must assume the plaintiff's allegations as true and cannot weigh competing

factual considerations.

*Constitution Party of Pa. v. Aichele*, 757 F.3d at 358.

2. References to other legal proceedings in a complaint do not grant the Court the authority to conduct an independent legal and factual analysis of those proceedings.

3. If the Court wished to consider facts outside the pleadings, it was required to convert the motion into a Rule 56 summary judgment motion under Rule 12(d).

   *Bruni v. City of Pittsburgh*, 824 F.3d 353, 361-62 (3d Cir. 2016).

Because the Court ignored these mandatory procedural requirements, its dismissal is procedurally invalid and must be vacated.

---

**C. The Dismissal Violates Supreme Court Precedent Requiring Federal Adjudication of Constitutional Claims**

- Federal courts have a duty to adjudicate constitutional claims under § 1983—they cannot refuse jurisdiction merely because a state forum exists. *Zwickler v. Koota*, 389 U.S. 241 (1967).

- Rather than addressing Plaintiff's federal constitutional claims, Judge Leeson recharacterized them as RTKL disputes—a blatant mischaracterization designed to evade Supreme Court precedent.

- Federal jurisdiction over § 1983 claims is not preempted simply because Pennsylvania has a Right to Know Law. The existence of a state administrative remedy does not eliminate a federal court's responsibility to adjudicate constitutional violations.
  *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

- By forcing Plaintiff to seek redress only in state court, the dismissal directly contradicts federal jurisdictional obligations:

  - *Bradley v. Fisher*, 770 F. App'x 545 (3d Cir. 2019), confirms that a state administrative process does not strip federal courts of jurisdiction over constitutional violations.

  - *Zwickler* explicitly rejects the notion that courts may dismiss federal constitutional claims simply because a state forum might address similar issues:

"We have not the right to decline the exercise of that jurisdiction simply because the rights asserted may be adjudicated in some other forum."

- This ruling has serious constitutional consequences. By delaying Plaintiff's ability to challenge unconstitutional state actions, the Court is chilling Plaintiff's First Amendment rights, in direct violation of *Zwickler*.

---

**D. Violation of Rule 12(b)(6) – The Court Applied a Summary Judgment Framework Without Notice and Imposed an Improper Pleading Standard**

1. The Court Treated a Motion to Dismiss as Summary Judgment and Considered Extraneous Materials Without Conversion

- Judge Leeson improperly engaged in fact-finding, treating disputed factual and legal issues as resolved against Plaintiff at the motion-to-dismiss stage.

- A Rule 12(b)(6) motion must be confined to the four corners of the complaint. If a court considers materials outside the pleadings, it must convert the motion to summary judgment under Rule 12(d) and provide notice.

- Instead of excluding extraneous materials, the Court improperly treated Plaintiff's own exhibits as dispositive evidence against him—contradicting his well-pleaded allegations, a practice explicitly prohibited by the Third Circuit.

- The Court failed to follow Rule 12(d), constituting reversible error.
    - *Bruni v. City of Pittsburgh*, 824 F.3d 353, 361-62 (3d Cir. 2016):

"If matters outside the pleadings are presented and not excluded, the motion must be converted to one for summary judgment, and all parties must be given an opportunity to respond."

- - *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022):

"Exhibits attached to a complaint may provide context but cannot override the plaintiff's well-pleaded facts."

- - *Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989):

"Failure to provide notice before converting a motion under Rule 12(d) is reversible error as a matter of law."

- Because the Court failed to comply with Rule 12(d), vacatur is mandatory.

---

2. The Court Imposed an Improperly Heightened Pleading Standard

- Rather than applying the plausibility standard required by Twombly/Iqbal, the Court improperly demanded evidentiary proof at the motion-to-dismiss stage.

- A complaint need only plead enough factual content to allow the court to draw a reasonable inference of liability, not prove its claims outright.
    - *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007):

"A complaint must only plead enough factual content to allow the court to draw a reasonable inference of liability."

- - *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009):

"Courts must disregard legal conclusions and assume only the well-pleaded factual allegations as true."

- - *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009):

"A court must separate factual allegations from legal conclusions and determine plausibility, not probability."

- Judge Leeson failed to follow these controlling standards, dismissing the complaint based on a demand for evidentiary support that is improper at this stage.

---

Conclusion

- Judge Leeson improperly applied a summary judgment framework without notice, violating Rule 12(d).

- The Court imposed an improper heightened pleading standard, contradicting Twombly and Iqbal.

- Plaintiff's own exhibits were wrongly used to contradict well-pleaded allegations, violating Third Circuit precedent.

- Under controlling law, these errors render the dismissal legally void, requiring immediate vacatur.

---

**IV. REQUESTED RELIEF**

Plaintiff demands that the Court:

1. Vacate the Order of Dismissal (Doc. 36) in its entirety pursuant to 28 U.S.C. § 1651, as the dismissal was issued in violation of binding procedural law and is therefore legally void.

2. Acknowledge that Defendants' motion presented only a facial 12(b)(1) challenge, which requires the Court to accept Plaintiff's allegations as true and prohibits judicial fact-finding or extraneous determinations (*Constitution Party of Pa. v. Aichele*, 757 F.3d 347 (3d Cir. 2014)).

3. Reconsider the motion to dismiss under the proper two-step Rule 12(b)(6) analysis, as required by *Iqbal* and *Twombly*, ensuring that the ruling:

- Separates well-pleaded factual allegations from legal conclusions,

- Evaluates only plausibility—not probability or proof—at this stage, and

- Excludes judicially imposed factual determinations, extraneous materials, or heightened pleading standards.

4. Issue findings of fact and conclusions of law that directly address Plaintiff's procedural objections, specifically:

   - The Court's improper reliance on its own factual and legal determinations in a facial Rule 12(b)(1) challenge.

   - The Court's failure to apply the correct plausibility standard under Rule 12(b)(6).

   - The Court's improper use of exhibits in the complaint to contradict well-pleaded allegations.

   - The Court's failure to convert the motion to summary judgment despite relying on matters outside the pleadings, in violation of Rule 12(d).

5. Grant any further relief as the Court deems just and proper, including sanctions or corrective orders to remedy the prejudicial procedural abuses that have impaired Plaintiff’s ability to fairly litigate his claims.

---

**V. CONCLUSION**

For the reasons stated, the Court’s order of dismissal is procedurally invalid and legally unsound. The ruling was based on misapplications of Rule 12(b)(1) and Rule 12(b)(6), improper judicial fact-finding, and clear violations of Third Circuit precedent.

Failure to correct these errors now would force unnecessary appellate litigation, prolong the resolution of Plaintiff’s claims, and undermine the integrity of the judicial process. The most efficient and just course of action is for this Court to vacate its procedurally defective order and reconsider the motion to dismiss under the correct legal standards.

Accordingly, Plaintiff demands that this Court immediately vacate its procedurally void dismissal order and issue a new ruling that strictly adheres to binding Third Circuit and Supreme Court precedent.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller, Pro Se
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

Dated: March 16, 2025