IN THE DISTRICT COURT OF THE UNITED STATES
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LANCASTER, *et al.*,<br><br>Defendants. | Civ. No.: 5:24-cv-05338-JFL<br><br>Judge Joseph F. Leeson, Jr. |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR VACATUR OF DISMISSAL**

AND NOW, this ___ day of _____, 2025, upon consideration of Plaintiff Michael Miller's Emergency Motion for Vacatur of Dismissal Pursuant to 28 U.S.C. § 1651 and for Correction of Procedural Errors in Violation of Rules 12(b)(1) and 12(b)(6) (the "Motion"), and any opposition thereto, and for good cause shown, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion is GRANTED.

2. The Court's Order of Dismissal (Doc. 36) is VACATED as it was issued in violation of binding procedural law and is therefore legally void.

3. Defendants' Motion to Dismiss shall be reconsidered under the correct legal framework, ensuring compliance with:

    a. Rule 12(b)(1) – The Court shall treat Defendants' motion as a facial jurisdictional challenge, accepting Plaintiff's allegations as true and

1

refraining from judicial fact-finding or reliance on extraneous materials.

b. Rule 12(b)(6) – The Court shall:

i. Disregard legal conclusions, including those asserted by the Court.

ii. Accept well-pleaded factual allegations as true without requiring evidentiary proof.

iii. Apply the correct plausibility standard, without imposing a heightened burden of proof at the motion-to-dismiss stage.

c. Rule 12(d) – If the Court considers materials outside the pleadings, it must provide notice and convert the motion to summary judgment, ensuring compliance with Rule 56 and binding Third Circuit precedent.

4. The Court shall issue findings of fact and conclusions of law addressing the procedural errors identified in Plaintiff's Motion, including:

a. The Court's improper reliance on factual and legal determinations outside the complaint in a facial Rule 12(b)(1) challenge, contrary to *Constitution Party of Pa. v. Aichele*, 757 F.3d 347 (3d Cir. 2014).

b. The failure to apply the correct two-step plausibility standard required by *Twombly* and *Iqbal*, leading to an improper demand for evidentiary proof at the pleading stage.

c. The improper use of Plaintiff's own exhibits to contradict well-pleaded allegations, in violation of *Doe v. Princeton Univ.*, 30 F.4th 335 (3d Cir.

2022).

    d. The failure to convert the motion to summary judgment despite relying on extraneous materials, in violation of Rule 12(d) and *Bruni v. City of Pittsburgh*, 824 F.3d 353, 361-62 (3d Cir. 2016).

5. The Court shall grant any further relief deemed just and appropriate, including issuing corrective orders to remedy procedural irregularities that have prejudiced Plaintiff's ability to fairly litigate his claims.

IT IS SO ORDERED.

BY THE COURT:

_____

Hon. Joseph F. Leeson, Jr.

United States District Judge