IN THE DISTRICT COURT OF THE UNITED STATES

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LANCASTER, *et al*.,<br><br>Defendants. | Civ. No.: 5:24-cv-05338-JFL<br><br>Judge Joseph F. Leeson, Jr. |

**PLAINTIFF'S MOTION FOR RECUSAL OF JUDGE LEESON**

**PURSUANT TO 28 U.S.C. § 455(a) AND (b)(1)**

Plaintiff Michael Miller respectfully moves for the recusal of Judge Joseph F. Leeson, Jr. pursuant to 28 U.S.C. § 455(a) and (b)(1) on the grounds that his impartiality might reasonably be questioned and that he has demonstrated personal bias, prejudgment, and procedural misconduct that renders his continued presiding over this case improper and a violation of Plaintiff's due process rights.

**I. LEGAL STANDARD**

Under 28 U.S.C. § 455(a), a judge must disqualify himself in any proceeding where "his impartiality might reasonably be questioned." Under § 455(b)(1), recusal is mandatory if the judge "has a personal bias or prejudice concerning a

1

party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

- Objective Test for Recusal: Courts apply an objective standard—whether a reasonable observer fully informed of the facts would conclude that the judge's impartiality is in doubt (*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988)).

- Even the Appearance of Bias Requires Recusal: A judge must step aside if his conduct "would create an appearance of partiality, even if actual bias is not proven" (*Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 166 (3d Cir. 1993)).

Here, Judge Leeson's procedural irregularities, improper threats of sanctions, and refusal to apply governing legal standards fairly demonstrate a pattern of prejudgment and bias requiring his recusal.

---

## II. GROUNDS FOR RECUSAL

### A. Threatening Sanctions to Deter Plaintiff's Advocacy

2

1. In Doc. 35, Judge Leeson threatened Plaintiff with sanctions for continuing to advocate his constitutional claims, despite these claims being legally meritorious and properly raised under 42 U.S.C. § 1983.

2. No basis exists in law for such a threat, and it serves only to suppress Plaintiff's lawful advocacy, demonstrating hostility and prejudgment.

3. Courts have held that unwarranted threats of sanctions against a litigant for raising legitimate claims demonstrate bias (*United States v. Antar*, 53 F.3d 568, 576 (3d Cir. 1995)).

Violation of Judicial Canons:

- Canon 1 – Requires judges to uphold judicial integrity.

- Canon 2(A) – Requires judges to avoid impropriety and the appearance of bias.

---

**B. Improper Judicial Fact-Finding and Procedural Misconduct in a Rule 12(b)(1) Challenge**

1. Judge Leeson engaged in unauthorized fact-finding despite this being a facial Rule 12(b)(1) challenge, where factual inquiries are prohibited.

3

2. He independently analyzed Plaintiff's state litigation and then mischaracterized Plaintiff's claims in order to dismiss them.

3. A facial Rule 12(b)(1) challenge requires the Court to assume Plaintiff's allegations as true and to limit review to the four corners of the complaint (*Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

4. Judge Leeson disregarded this standard and conducted an independent review of Plaintiff's state litigation, which he was not permitted to do.

Violation of Judicial Canons:

- Canon 3(A)(3) – Requires judges to be faithful to the law and to decide matters without bias.

---

## C. Systematic Favoritism Toward Government Defendants

1. In Doc. 35, Judge Leeson adopted Defendants' mischaracterization of Plaintiff's claims without addressing Plaintiff's legal rebuttals.

2. Every ruling favors government interests, creating an appearance of partiality.

3. Courts have held that consistent rulings favoring one party over another warrant recusal (*Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 166 (3d Cir. 1993)).

Violation of Judicial Canons:

- Canon 3(B)(2) – Requires judges to remain impartial and not favor one side.

---

**D. Failure to Follow Binding Third Circuit Precedent in a Rule 12(b)(6) Dismissal**

1. Judge Leeson applied a summary judgment standard without notice, violating Rule 12(d).

2. He imposed a heightened pleading standard, requiring proof instead of plausibility, directly contradicting *Twombly/Iqbal*.

3. He improperly used Plaintiff's own exhibits against him, violating *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022).

4. This constitutes prejudgment—the judge had already decided against Plaintiff before proper adjudication of the motion.

Violation of Judicial Canons:

- Canon 3(A)(4) – Requires judges to give litigants a full and fair opportunity to be heard.

## III. REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Immediately recuse Judge Leeson from further proceedings in this case pursuant to 28 U.S.C. § 455(a) and (b)(1).

2. Reassign this case to a different judge to ensure fair adjudication.

3. Grant such other and further relief as the Court deems just and proper to protect Plaintiff's due process rights.

## IV. CONCLUSION

Judge Leeson's threats of sanctions, unauthorized fact-finding, misapplication of Rule 12(b)(1) and Rule 12(b)(6), and systematic favoritism toward government defendants demonstrate actual bias and prejudgment that warrant his immediate recusal.

Under 28 U.S.C. § 455(a), even the appearance of bias mandates recusal. A reasonable observer would conclude that Judge Leeson's rulings have been tainted by procedural misconduct, unfairness, and hostility toward Plaintiff.

To preserve judicial integrity and due process, Plaintiff demands that this Court grant this motion and reassign this case to a different judge.

Respectfully submitted,
*/s/ Michael Miller*
Michael Miller, Pro Se
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

Dated: March 16, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

        Sarah Hyser-Staub PA I.D. No. 315989
        Lauren Anthony, PA I.D. No. 324557
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA 17108-1166
        717-232-8000
        sstaub@mcneeslaw.com
        lanthony@mcneeslaw.com

*Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
Dated: March 16, 2025    reaganfive@protonmail.com