UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER, | : |
|     Plaintiff, | : |
| | : |
| v. | : No. 5:24-cv-5338 |
| | : |
| COUNTY OF LANCASTER, | : |
| TAMMY BENDER, | : |
| JACQUELINE PFURSICH, | : |
| JOSHUA PARSONS, RAY D'AGOSTINO, | : |
| and CHRISTA MILLER, | : |
|     Defendants. | : |

# **O R D E R**

**AND NOW**, this 18th day of March, 2025, upon consideration of Plaintiff's Motion for Recusal, filed March 16, 2025, ECF No. 41; **IT IS HEREBY ORDERED THAT:**

1. The Motion, ECF No. 41, is **DENIED**.[1]

---

[1] Plaintiff asks Judge Leeson to recuse himself from this matter pursuant to 28 U.S.C. § 455(a) and (b)(1), on the basis of lack of impartiality and personal bias or prejudice, respectively. As support for this argument, Plaintiff alleges that the Court, in its Opinion dated March 6, 2025, ECF No. 35, "threatened Plaintiff with sanctions." This is untrue. At no point does the Opinion suggest an intention to issue sanctions against any party at this time. All eleven mentions of the word "sanctions" in the Opinion are used in its analysis of Plaintiff's retaliation claim, in which he argues that Defendants retaliated against him by filing a sanctions motion in a prior action in the District Court for the Middle District of Pennsylvania. Moreover, no party has moved for sanctions in the instant case, and the Court has not yet had occasion to issue sanctions in this case pursuant to statute, rule, or the Court's inherent power. *See Fegely v. Portfolio Recovery Associates LLC*, No. 5:23-CV-4909, 2024 WL 4608186, at *2 (E.D. Pa. Oct. 28, 2024) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002)).

    Plaintiff further alleges that the Court, in its March 6 Opinion, engaged in "improper judicial fact-finding" in its analysis of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), by conducting an "independent review of Plaintiff's state litigation." However, the Court dismissed Plaintiff's Counts V and VI for lack of subject matter jurisdiction insofar as they were based on Plaintiff's "Treatment Under RTKL"—a claim which federal courts are barred from deciding. *See N'Jai v. Floyd*, 386 F. App'x 141, 143 (3d Cir. 2010) (referencing *Capital Cities*

BY THE COURT:

/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge

---

*Media, Inc. v. Chester*, 797 F.2d 1164, 1176–77 (3d Cir. 1986)). To the extent Plaintiff argues this to be a "mischaracterization" of Counts V and VI, the Court has also independently analyzed them under Fed. R. Civ. P. 12(b)(6), as properly pled Equal Protection claims. *See* Opinion, ECF No. 35, 37-38.

Plaintiff also accuses the Judge of "systematic favoritism" toward the Defendants, believing every ruling thus far to have favored Defendants' interests. Yet "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Robinson v. Horizon Blue Cross Blue Shield of New Jersey*, 674 Fed. Appx. 174, 179 (3d Cir. 2017) (unpublished) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The Court reiterates that the unpredictable outcome of motions practice is not evidence of bias or unfair motive. *See* Opinion, at 33 n.20. As an aside, the Court notes that it declined to dismiss all of Plaintiff's claims with prejudice and granted Plaintiff the opportunity to file an amended complaint. *See* ECF No. 36.

Lastly, Plaintiff argues that the Court, in its March 6 Opinion, applied a "summary judgment standard" to the Motion to Dismiss, and "improperly used Plaintiff's own exhibits against him." In considering a motion to dismiss, a court may consider "a document [that] is 'integral to or explicitly relied upon in the complaint . . . without converting the motion to dismiss into one for summary judgment' under Rule 56." *Doe v. Princeton U.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997))). The Court already acknowledged that Plaintiff's Amended Complaint explicitly referenced and relied upon several exhibits, which were not attached, but were filed with the Court as exhibits to the original Complaint. *See* Opinion at 26-27 n.16. As a result, it found that any reference to the Complaint's exhibits, insofar as the Amended Complaint expressly sought to reference them, was proper and did not exceed the Rule 12(b)(6) standard of review: "The Court also finds that the references in the Amended Complaint serve to incorporate these exhibits into the pleadings under current review. For these reasons, the Court finds it in accordance with the standard of review under Fed. R. Civ. P. 12(b)(6) to consider the exhibits to the Complaint." *See id.* The Court maintains that thoughtful consideration was paid to the arguments of both parties, and that the Judge has not exhibited partiality towards any party, nor personal bias or prejudice. Recusal on this basis is unwarranted.