IN THE DISTRICT COURT OF THE UNITED STATES
EASTERN DISTRICT OF PENNSYLVANIA

| MICHAEL MILLER | |
|---|---|
| Plaintiff, | |
| v. | Civ. No.: 5:24-cv-05338-JFL |
| COUNTY OF LANCASTER, *et al.*, | Judge Joseph F. Leeson, Jr. |
| Defendants. | |

# NOTICE RESERVING OBJECTION TO APRIL 4 DEADLINE PENDING RULING ON VACATUR

Plaintiff Michael Miller respectfully notifies the Court that he declines to amend his complaint under the March 7, 2025 Order (ECF No. 36), and demands that the April 4, 2025 amendment deadline be cancelled. The Court's order is legally defective and procedurally coercive in multiple respects, rendering amendment at this stage improper and prejudicial.

## I. Contradictory Dismissal of Counts V and VI Renders the Order Void in Part

The Court's treatment of Counts V and VI is internally contradictory and legally impermissible. It states that it lacks subject matter jurisdiction over these claims,

yet simultaneously dismisses them with prejudice for failure to state a claim. This is a fundamental jurisdictional error.

A court that lacks subject matter jurisdiction cannot reach the merits or issue a final judgment. Dismissals for lack of jurisdiction must be without prejudice. See *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998); *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 358–59 (1989); *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). This contradiction renders the dismissal of Counts V and VI void. Plaintiff cannot be compelled to amend under an order that exceeds the Court's jurisdictional authority.

---

**II. Pending Motions for Vacatur and Recusal Remain Unresolved**

Plaintiff has filed dispositive motions challenging the Court's jurisdiction and impartiality—including a motion for vacatur based on divestiture (Doc. 39) and a motion for judicial recusal (Doc. 41). As of this filing, the Court has not properly adjudicated either motion. No amendment should be required or compelled until these threshold issues are resolved.

---

**III. April 4 Deadline Imposes Coercive Procedural Dilemma**

The April 4 deadline forces Plaintiff into an unconstitutional procedural dilemma:

- Amend under a jurisdictionally defective order, risking forfeiture of appellate rights; or
- Decline to amend and risk final dismissal of unresolved claims.

This posture imposes structural prejudice and denies Plaintiff a fair opportunity to seek review.

See *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429–30 (1982); *Alston v. Parker*, 363 F.3d 229, 235–36 (3d Cir. 2004); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883–84 (2009).

---

**IV. Disparity Between Judicial Delay and Rushed Deadline**

The Court delayed ruling on Defendants' motion to dismiss for over four months—despite multiple requests by Plaintiff for timely adjudication (Docs. 16, 30, 34). The sudden imposition of an amendment deadline under threat of forfeiture, without resolution of the Court's own procedural defects, further demonstrates structural imbalance and institutional prejudice.

See *Logan*, 455 U.S. at 433.

---

## V. Verified Complaint Was Sufficiently Pleaded

Plaintiff objects to the directive to amend claims that were already clearly and factually pleaded. Plaintiff's First Amended Complaint (Doc. 4) is a verified pleading, supported by detailed allegations and citations to controlling authority. The Court has not identified specific deficiencies in those claims. Requiring Plaintiff to replead under these conditions—while unresolved motions remain pending—imposes an arbitrary and prejudicial burden.
See *Alston*, 363 F.3d at 235–36.

---

## Conclusion

For the foregoing reasons, Plaintiff respectfully declines to amend at this time and demands that the Court:

1. Cancel the April 4, 2025 amendment deadline;

2. Resolve all pending jurisdictional and constitutional motions before requiring any further filings;

3. Enter a formal stay of the amendment deadline until all pending dispositive motions have been ruled upon; and

4. Issue an order clarifying that no claims will be dismissed based on the April 4 deadline without further judicial review and a written order.

This notice is filed in advance of the April 4 deadline to preserve Plaintiff's rights and ensure a complete and accurate record. It is not a waiver of amendment rights. Plaintiff does not concede the validity of the March 7, 2025 Order and specifically reserves the right to amend or seek other relief depending on the Court's ruling on the pending motions for vacatur and recusal.

No amendment should be required or construed as waived until those motions are fully and properly adjudicated.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Dated: March 22, 2025

# CERTIFICATE OF SERVICE

I, Michael Miller, certify that on this date, I electronically filed the foregoing document via the CM/ECF system, which will send notification of such filing to all registered ECF users, including:

*Sarah Hyer-Staub*
Attorney for All Defendants
McNees Wallace & Nurick LLC

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Dated: March 22, 2025