IN THE DISTRICT COURT OF THE UNITED STATES
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LANCASTER, *et al.*,<br><br>Defendants. | Civ. No.: 5:24-cv-05338-JFL<br><br>Judge Joseph F. Leeson, Jr. |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CLARIFY AND CORRECT MISAPPLICATION OF RULE 12 STANDARDS

Plaintiff Michael Miller respectfully submits this memorandum in support of his motion seeking clarification—or, where appropriate, correction—of the Court's March 7, 2025 ruling (ECF No. 36). The analysis in the accompanying Memorandum (ECF No. 35) materially departs from those standards as applied to the verified complaint. The result is a procedurally defective dismissal that both misapplies governing precedent and prejudices Plaintiff's rights.

## I. A Facial Rule 12(b)(1) Challenge Requires Allegations to Be Taken as True

Under binding Third Circuit precedent, a facial challenge to subject matter jurisdiction under Rule 12(b)(1) must be evaluated using the same standard as Rule 12(b)(6): the Court must accept all well-pleaded factual allegations as true and

1

limit its review to the face of the complaint. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

Here, the Court expressly characterized the Rule 12(b)(1) challenge as facial—but then failed to apply the required standard. Instead, the Court:

- Recast Plaintiff's verified constitutional claims as mere RTKL grievances;

- Cited unrelated lower court decisions to declare those claims nonjusticiable;

- And made improper factual determinations, including:

    • Whether Plaintiff's state appeals were still pending;

    • Whether the state process was "adequate";

    • Whether the County's conduct constituted retaliation.

None of these issues present a jurisdictional defect on the face of the complaint. They are factual and legal questions that go to the merits and must be addressed—if at all—under Rule 12(b)(6) or on summary judgment. Resolving them under Rule 12(b)(1) without converting the motion or providing notice violates the facial review standard mandated by *Mortensen* and *Constitution Party*.

Moreover, the Court failed to explain how claims brought under 42 U.S.C. § 1983—asserting retaliation, viewpoint discrimination, denial of access to the courts, and violations of due process—do not raise a federal question under 28

2

U.S.C. § 1331. Instead, the judge dismissed the claims by unilaterally relabeling them as state-law grievances and declaring them jurisdictionally barred without addressing the actual constitutional allegations.

This is not a permissible basis for dismissal. A federal court may not defeat jurisdiction by recharacterizing the plaintiff's claims into something they are not. As the Supreme Court made clear in *Zwickler v. Koota*, 389 U.S. 241, 248 (1967):

*"We have not the right to decline the exercise of that jurisdiction simply because the rights asserted may be adjudicated in some other forum."*
*"Congress imposed the duty upon all levels of the federal judiciary to give due respect to a suitor's choice of a federal forum for the hearing and decision of his federal constitutional claims."*

That duty applies with particular force here, where Plaintiff has alleged a retaliatory access restriction that interfered with political speech, public oversight, and civic advocacy. The Court's conclusion that these claims are "nonjusticiable" or "barred by the RTKL" is not a jurisdictional ruling—it is a disguised merits dismissal, unsupported by law and in direct conflict with *Zwickler* and *Mortensen*.

Further compounding the error, the Court relied on matters outside the complaint—such as prior litigation history and state-level procedures—without providing notice under Rule 12(d) or affording Plaintiff an opportunity to respond.

That procedural shortcut constitutes a constructive conversion of the motion and violates *Rose v. Bartle*, 871 F.2d 331, 340–43 (3d Cir. 1989).

In short, the Court's dismissal does not rest on a facial jurisdictional defect. It rests on:

- Fact-finding disguised as jurisdictional analysis,

- Avoidance of binding precedent, and

- A failure to follow the procedural requirements of Rule 12.

This is not a technical misstep. It is a fundamental breakdown in jurisdictional review that conceals a premature merits ruling behind the false label of subject matter jurisdiction. That tactic has been expressly rejected by both the Third Circuit and the Supreme Court.

---

**II. The Court's Rule 12(b)(6) Dismissal Disregards Verified Allegations**

The Court also erred in dismissing claims under Rule 12(b)(6) by:

- Recasting the factual allegations in favor of Defendants,

- Weighing the "likelihood" of Plaintiff's success, and

- Relying on outside materials.

As the Third Circuit has held, plausibility does not require a showing of likelihood or probability. See *Phillips v. Allegheny Cnty.*, 515 F.3d 224, 233 (3d Cir. 2008). Courts may not resolve disputes or assess credibility under Rule 12(b)(6). See also *Neitzke v. Williams*, 490 U.S. 319, 329–30 (1989).

**Count I (Prior Restraint): A Well-Pleaded Constitutional Claim**

Plaintiff's Count I alleged:

- A retaliatory records access policy imposed following prior RTKL litigation;

- A targeted restriction on Plaintiff's ability to obtain and disseminate information;

- The absence of neutral justification or procedural safeguards;

- And public statements linking the restriction to Plaintiff's prior speech.

These verified allegations satisfy all elements of a prior restraint claim under *Bantam Books v. Sullivan*, 372 U.S. 58 (1963); *Alexander v. United States*, 509 U.S. 544 (1993); and *Zwickler v. Koota*, 389 U.S. 241 (1967). The Court dismissed the claim by drawing factual inferences against the Plaintiff, referencing outside records, and asserting that no burden on protected speech was shown—without addressing the allegations as pled.

Further, the Court's reliance on Plaintiff's ability to "take notes" ignores the specific First Amendment harm: the inability to copy and share election records as part of ongoing political expression. This rewriting of the claim—without Rule 12(d) conversion—violates binding precedent, including *Rose v. Bartle*, 871 F.2d 331, 340–43 (3d Cir. 1989), which bars dismissal based on extrinsic material not properly noticed or converted.

---

**III. The Court's Rule 12(b)(1) Reasoning Sidesteps *Zwickler***

In *Zwickler*, the Supreme Court held that federal courts are obligated to adjudicate constitutional claims when properly pleaded. 389 U.S. at 248. Jurisdiction may not be declined on speculative or policy-based grounds.

Here, the Court used Rule 12(b)(1) to resolve factual and legal issues embedded in Plaintiff's constitutional claims, particularly where Article III jurisdiction was properly invoked. This maneuver functionally evades adjudication, rather than lawfully exercising judicial discretion.

---

**IV. Relief Is Warranted to Preserve Plaintiff's Rights and Clarify the Record**

These errors, taken together, require relief. At a minimum, the Court must clarify:

- Which claims were evaluated under 12(b)(1) versus 12(b)(6),
- Whether it relied on material outside the pleadings,
- Whether any Rule 12(d) conversion was made or intended,
- And whether the appropriate standards were applied to each count.

Where the dismissal was based on improper reasoning or procedure, vacatur or modification is warranted.

---

**V. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Clarify the standards applied to each dismissed count;
2. Vacate any ruling made in reliance on materials outside the pleadings without Rule 12(d) conversion;
3. Modify or vacate any dismissal based on improper application of Rule 12(b)(1) or 12(b)(6); and

4. Provide a brief statement of reasons identifying the applicable standard used as to each claim.

Plaintiff preserves all procedural and constitutional objections to the March 7 ruling and submits that the record, as it stands, reflects reversible error.

The appearance of law must not mask its absence.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
717-388-1063

Dated: March 24, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

        Sarah Hyser-Staub PA I.D. No. 315989
        Lauren Anthony, PA I.D. No. 324557
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA 17108-1166
        717-232-8000
        sstaub@mcneeslaw.com
        lanthony@mcneeslaw.com

        *Attorneys for Defendants*

        Respectfully Submitted,

        */s/ Michael Miller*
        Michael Miller
        108 N. Reading Rd., Ste F, 246
        Ephrata, Pennsylvania 17522
        717-388-0163
Dated: March 24, 2025      reaganfive@protonmail.com