IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | |
| Plaintiff, | : | No. 5:24-CV-05338-JFL |
| | : | |
| v. | : | Judge Joseph F. Leeson, Jr. |
| | : | |
| COUNTY OF LANCASTER, *et al.,* | : | |
| Defendants | : | |

## DEFENDANTS' BRIEF IN OPPOSITION TO "MOTION FOR VACATUR OF DISMISSAL"

Defendants County of Lancaster, Tammy Bender, Jacqueline Pfursich, Joshua Parsons, Ray D'Agostino, and Christa Miller (collectively, "Defendants") submit this brief in opposition to *pro se* Plaintiff Michael Miller ("Miller")'s "Emergency Motion for Vacatur of Dismissal Pursuant to 28 U.S.C. § 1651" (Doc. Nos. 39, 40).[1] For the reasons that follow, Defendants respectfully request that the Court deny Miller's motion.

**I.  INTRODUCTION**

The instant motion is another baseless filing from Miller related to this Court's adjudication of his claims. Despite Miller's suggestions to the contrary, the motion is neither an emergency nor meritorious. As discussed in more detail *infra*, the motion should be denied because Miller fails to articulate any entitlement to the relief sought, regardless of the standard applied to Miller's motion.

---

[1] Plaintiff's motion appears at Docket Numbers 39 and 40, which appear to be identical entries. Accordingly, Defendants refer to the motion as one filing but respectfully request that both submissions be denied. In addition, Defendants note that Miller did not contact undersigned counsel to seek concurrence in the motion prior to filing or file a certificate of concurrence/non-concurrence with the motion, as contemplated by this Court's policies and procedures.

1

## II. STATEMENT OF FACTS

Miller filed this motion on March 16, 2025 expressing his dissatisfaction with the Court's March 7, 2025 Memorandum Opinion and Order that granted in part and denied in part Defendants' motion to dismiss and dismissed his Complaint with leave to amend as to certain claims (Doc. Nos. 35, 36). Prior to filing this motion, on March 10, 2024, Miller appealed the Court's decision on the motion to dismiss to the U.S. Court of Appeals for the Third Circuit (Doc. No. 37). Although the Third Circuit recently indicated the appeal may be dismissed for lack of appellate jurisdiction,[2] Miller's appeal of this Court's March 7 Opinion and Order remains pending. Defendants respectfully submit that this Court presently has jurisdiction to rule on the instant motion, regardless of the pending appeal filed by Miller, because the appeal was not properly filed.[3]

---

[2] *See* Legal Division Letter, Doc. No. 7, *Miller v. County of Lancaster, et al.* (3d Cir. No. 25-1423) (explaining that case has been listed for dismissal due to jurisdictional defect where district court order is not a final order subject to immediate appeal).

[3] While "[a]s a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal," the Third Circuit has noted that:

> "One exception, in both civil and criminal cases is that the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable.... An appeal from a non-appealable judgment or order is sometimes characterized as a 'nullity'." . . . Indeed, a contrary conclusion would enable a litigant temporarily to deprive a district court of jurisdiction at any non-critical or critical juncture including trial itself, thus bringing proceedings in the district court to a standstill while a non-appealable ruling wends its way through the appellate process. This "great potential for disruption" has been recognized by this court.

*Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985) (citations omitted); *see also Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) ("[A] *premature* notice of appeal does not divest the district court of jurisdiction." (quoting *Mondrow v. Fountain House,* 867 F.2d

2

Through the instant motion, Miller requests the Court vacate its order dismissing his complaint with limited leave to amend pursuant to the All Writs Act, citing 28 U.S.C. § 1651. As discussed below, whether evaluated in connection with the All Writs Act or construed as a motion for reconsideration, the motion should be denied because there is no basis to vacate the Court's prior decision.

### III. STATEMENT OF THE QUESTION INVOLVED

Should this Court Deny Miller's Motion Because It Fails to Set Forth a Basis for Vacating the Court's Prior Opinion and Order?

*Suggested Answer:* Yes.

### IV. SUMMARY OF ARGUMENT

For the reasons discussed in more detail below, Defendants respectfully request that the Court deny the motion because Miller has not demonstrated that the Court's decision dismissing his complaint should be vacated.

### V. ARGUMENT

Miller claims he is entitled to vacatur of the Court's Order ruling on Defendants' motion to dismiss due to the following alleged issues: (1) the decision was issued "while the Court lacked jurisdiction" as a result of the mandamus action that Miller filed in the Third Circuit while the motion to dismiss was pending; (2) the Court "[i]mproperly engaged in judicial fact-finding in a facial Rule 12(b)(1) challenge"; (3) the Court improperly "[a]pplied a summary judgment framework" in evaluating Defendants' motion to dismiss; (4) the Court "[i]mposed a heightened

---

798, 800 (3d Cir.1989))). Furthermore, to the extent this Court would disagree and find that it should not exercise jurisdiction over the motion at this juncture, Defendants respectfully request that the motion be denied following the resolution of the pending appeal for the substantive reasons set forth herein.

pleading standard" contrary to relevant case law; and (5) the Court "[r]elied on Plaintiff's own exhibits to contradict well-pleaded allegations." (Doc. No. 39 at 1-2).

In support of his motion, Miller relies on the All Writs Act, codified at 28 U.S.C. § 1651. "The All Writs Act, 28 U.S.C. § 1651, allows federal courts to issue 'all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" *In re Imprelis Herbicide Mktg.*, No. 11-MD-02284, 2016 WL 320200, at *3 (E.D. Pa. Jan. 27, 2016) (quoting 28 U.S.C. § 1651(a)). Miller does not specifically articulate how he is entitled to relief under the All Writs Act, and Defendants are unaware of authority under the All Writs Act within this Circuit that would entitle Miller to relief here, where the basis for his motion is mere disagreement with the Court's resolution of a motion to dismiss. Thus, to the extent Miller relies on this statute, his motion should be denied.

Further, to the extent Miller's motion may be construed as a motion for reconsideration, Miller fails to meet the applicable standard. *See Bonilla v. City of Allentown*, No. 5:14-CV-05212, 2019 WL 1748498, at *2 (E.D. Pa. Apr. 19, 2019) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.") (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985))). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law;[] (2) the availability of new evidence that was not available when the court [ruled on the motion to dismiss]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quoting *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

Miller has not shown an intervening change in the controlling law, new evidence not available previously, or the need to correct a clear error of law or prevent manifest injustice. Miller's arguments as to alleged legal errors in the Court's decision are baseless. Miller maintains that the Court lacked jurisdiction to issue the subject decision due to the mandamus proceeding Miller filed in the Third Circuit, but Miller cites no authority supporting the proposition that a litigant may file a mandamus action—which is not an appeal—against the Court so as to divest that Court of jurisdiction. Miller's other "arguments" are simply disagreements with the Court's reasoning in its Opinion and Order, which are insufficient for purposes of a motion for reconsideration. *See id.* ("A motion for reconsideration 'is not properly founded on a request that the Court rethink what [it] had already thought through—rightly or wrongly.'" (alteration in original) (quoting *Pollock v. Energy Corp. of Am.,* 665 F. App'x 212, 218 (3d Cir. 2016))).

Because there is no basis to vacate the Court's Opinion and Order on Defendants' motion to dismiss regardless of the standard applied to Miller's motion, Miller's motion should be denied.

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Miller's motion.

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By: _____
      Sarah Hyser-Staub, PA ID 315989
      Lauren Anthony, PA ID 324557
      100 Pine Street
      P.O. Box 1166
      Harrisburg, PA 17108-1166
      (717) 232-8000
      sstaub@mcneeslaw.com
      lanthony@mcneeslaw.com

Dated: March 24, 2025       *Attorneys for Defendants*