IN THE DISTRICT COURT OF THE UNITED STATES
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LANCASTER, *et al.*,<br><br>Defendants. | Civ. No.: 5:24-cv-05338-JFL<br><br>Judge Joseph F. Leeson, Jr. |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR VACATUR**

Plaintiff, Michael Miller, respectfully submits this reply to address the arguments raised by Defendants in their opposition to his Motion for Vacatur (ECF No. 39). As demonstrated below, Defendants' opposition fails to rebut the procedural and jurisdictional defects outlined in Plaintiff's motion and does not address the controlling legal precedents cited. The March 7, 2025 ruling was issued without jurisdiction, in violation of mandatory procedural rules, and must be vacated.

**I. Jurisdictional Defects Require Vacatur**

Defendants assert that the district court had jurisdiction to issue its March 7, 2025 ruling despite the pending mandamus petition. However, their argument overlooks a critical distinction: a mandamus petition, such as the one filed by Plaintiff on

February 3, 2025 (Third Circuit Case No. 25-1208), seeks appellate intervention and divests the district court of authority over the matters involved, at least until the petition is resolved.

As the Third Circuit has held, "the filing of a notice of appeal… divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985). This rule applies equally to mandamus petitions. See also *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997). The district court acted without jurisdiction when it issued the March 7 order, rendering it void.

---

## II. The Court Violated Procedural Rules

Defendants fail to address the central procedural violations raised in Plaintiff's motion. The March 7 ruling violated several mandatory procedural rules that require vacatur:

### 1. Improper Fact-Finding in a Facial Rule 12(b)(1) Challenge

Defendants argue the district court's consideration of extrinsic materials was proper. However, under *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014), a facial Rule 12(b)(1) challenge must rely solely on the allegations

in the complaint. The district court's reliance on Plaintiff's state litigation records violated that standard.

## 2. Failure to Convert the Motion Under Rule 12(d)

*Rose v. Bartle*, 871 F.2d 331, 340–43 (3d Cir. 1989), mandates that when a court considers materials outside the pleadings, it must convert the motion to one for summary judgment and provide notice to the non-moving party. The district court gave no such notice. This was also reaffirmed in *Schuchardt v. President of the United States*, 839 F.3d 336, 343–44 (3d Cir. 2016).

## 3. Improper Use of Plaintiff's Own Exhibits

The Court used exhibits from Plaintiff's non-amended complaint to contradict his well-pleaded allegations. This violates *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), and *Doe v. Princeton Univ.*, 30 F. Supp. 3d 427, 435 (D.N.J. 2014), which both affirm that courts must credit the complaint's allegations at the motion-to-dismiss stage.

---

## III. This Motion Is Not for Reconsideration

Defendants mischaracterize this motion as a motion for reconsideration. Plaintiff does not seek to reargue the merits but to vacate a structurally void order entered without jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94

(1998), makes clear that an order issued without subject matter jurisdiction is not a valid judgment and must be vacated. This motion addresses procedural and constitutional violations, not case outcome.

---

**IV. The Court Improperly Dismissed Federal Constitutional Claims**

Defendants argue that Plaintiff's federal claims were properly dismissed as "nonjusticiable" under the RTKL. But this misstates the nature of the claims. Plaintiff brought verified constitutional claims under § 1983. The court had a duty to adjudicate them. As the Supreme Court held in *Zwickler v. Koota*, 389 U.S. 241, 248 (1967):

> *"We have not the right to decline the exercise of that jurisdiction simply because the rights asserted may be adjudicated in some other forum." "Congress imposed the duty upon all levels of the federal judiciary to give due respect to a suitor's choice of a federal forum for the hearing and decision of his federal constitutional claims."*

The court avoided that duty by mischaracterizing the complaint and failing to apply federal pleading standards. This violates *Neitzke v. Williams*, 490 U.S. 319, 329–30 (1989), which requires that verified constitutional complaints be credited at the pleading stage.

## V. Conclusion

Defendants offer no valid justification for the procedural errors and jurisdictional overreach that occurred. The March 7 ruling was:

- Issued while jurisdiction was divested,

- Entered in violation of *Mortensen*, *Aichele*, *Rose*, and Rule 12(d),

- Based on improper use of extrinsic materials and fact-finding, and

- Dismissed verified constitutional claims without applying the required standards.

These are not discretionary errors. They are structural and jurisdictional violations. Plaintiff respectfully requests that the March 7, 2025 order be vacated in full and the record corrected accordingly.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
717-388-1063

Dated: March 24, 2025

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

        Sarah Hyser-Staub PA I.D. No. 315989
        Lauren Anthony, PA I.D. No. 324557
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA 17108-1166
        717-232-8000
        sstaub@mcneeslaw.com
        lanthony@mcneeslaw.com

*Attorneys for Defendants*


Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
Dated: March 24, 2025    reaganfive@protonmail.com