IN THE DISTRICT COURT OF THE UNITED STATES
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LANCASTER, *et al.*,<br><br>Defendants. | Civ. No.: 5:24-cv-05338-JFL<br><br>Judge Joseph F. Leeson, Jr. |

# **PLAINTIFF'S MOTION FOR SUPPLEMENTAL CLARIFICATION AND PROCEDURAL FINDINGS**

*(In Further Support of Plaintiff's Motion for Vacatur (Doc. 39) and Motion to Clarify Rule 12 Standards (Doc. 44))*

Plaintiff Michael Miller respectfully moves this Court to issue a supplemental clarification identifying the procedural posture and basis for the March 7, 2025 Memorandum Opinion (ECF No. 35) and Order (ECF No. 36), including the standard applied, any sua sponte determinations made, and the scope of materials relied upon. This motion is filed under Federal Rule of Civil Procedure 60(a) and the Court's inherent authority to clarify the record in the interest of procedural fairness and preservation of appellate rights.

1

## I. Background

On November 20, 2024, Defendants filed a Motion to Dismiss (Docs. 17, 18), raising both Rule 12(b)(1) and Rule 12(b)(6) defenses and inviting the Court to take judicial notice of findings from unrelated proceedings. On November 27, Plaintiff opposed those arguments in detail (Doc. 19). On December 17, Plaintiff filed a Motion for Judicial Notice (Docs. 27, 27-1), not to introduce new evidence, but to clarify that judicial notice under Rule 201 must apply equally and within the rule's constraints. The Court denied that motion on December 19, 2024 (Doc. 29), stating that it would take judicial notice "where appropriate," without identifying what, if anything, was appropriate, and discouraged any further motion practice on the matter.

On March 7, 2025, the Court issued a Memorandum and Order dismissing Plaintiff's claims. In doing so, the Court:

- Resolved jurisdictional challenges based on factual issues not pled;

- Raised and resolved sua sponte legal issues not argued by either party;

- Relied on findings and documents outside the pleadings, including from other proceedings;

- Dismissed multiple counts with prejudice under unclear standards;

- Rejected Plaintiff's objections to judicial notice without explanation or procedural findings.

These actions, taken without Rule 12(d) notice, without a hearing, and without identification of the factual basis for the ruling, raise concerns of structural procedural unfairness, particularly in light of Plaintiff's pro se status and the constitutional nature of the claims asserted.

---

## II. Relief Requested

To preserve Plaintiff's rights under Rule 12 and Rule 60 and to ensure the record is procedurally complete for appeal, Plaintiff respectfully requests that the Court provide clarification on the following:

1. SUA SPONTE ARGUMENTS: Identify whether any arguments or legal theories relied upon in the March 7 Memorandum Opinion (Doc. 35) were raised sua sponte—that is, not presented in Defendants' motion to dismiss (Docs. 17, 18) or reply briefing.

2. MATERIALS CONSIDERED: Clarify whether the Court relied on any material outside the pleadings, including:

- Findings or orders from the Middle District of Pennsylvania or Commonwealth Court proceedings;
- OOR final determinations or records;
- Documents not attached to the Amended Complaint but referenced generally (e.g., media reports or exhibits from prior litigation).

3. JUDICIAL NOTICE:
    - Identify whether any such materials were judicially noticed under Federal Rule of Evidence 201;
    - State whether the requirements of Rule 201(b) (not subject to reasonable dispute) and 201(e) (right to be heard) were met;
    - Explain whether Plaintiff's objections in Doc. 27 were considered in this context.

4. RULE 12(d) CONVERSION: Clarify whether any count was dismissed under Rule 12(b)(6) using facts outside the pleadings and, if so, whether:
    - The Court gave Rule 12(d) notice;
    - Plaintiff was afforded a fair opportunity to respond.

5. FACTUAL INFERENCES: State whether any factual findings or adverse inferences were drawn under Rule 12(b)(1) or 12(b)(6), including

determinations about Plaintiff's intent, state court litigation, or whether government actors retaliated.

---

**III. Legal Grounds**

This Motion is warranted under:

- Rule 60(a) – to clarify ambiguities in the Court's record that affect substantive rights and appellate review;

- *Rose v. Bartle,* 871 F.2d 331, 340–43 (3d Cir. 1989) – requiring Rule 12(d) conversion and procedural safeguards;

- *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) – limiting facial Rule 12(b)(1) challenges to the complaint;

- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883–84 (2009) – due process requires structural fairness and avoidance of bias;

- *Neitzke v. Williams*, 490 U.S. 319, 329–30 (1989) – verified allegations must be credited at the motion-to-dismiss stage.

Clarification is especially necessary where a Court has ruled in reliance on matters not briefed by either party, denied an objection without explanation (see Doc. 29), and dismissed constitutional claims with prejudice under ambiguous standards.

## IV. Conclusion

To ensure transparency, maintain a fair appellate record, and protect the structural integrity of Rule 12 procedure, Plaintiff respectfully requests that the Court:

- Clarify the procedural basis for its March 7 ruling;

- Identify all materials considered and standards applied;

- Explain the denial of Plaintiff's Motion for Judicial Notice;

- And certify that all Rule 12(d), Rule 201, and Rule 60 requirements were met or, if not, modify or vacate the affected findings.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
717-388-1063

Dated: March 25, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

                Sarah Hyser-Staub PA I.D. No. 315989
                Lauren Anthony, PA I.D. No. 324557
                100 Pine Street
                P.O. Box 1166
                Harrisburg, PA 17108-1166
                717-232-8000
                sstaub@mcneeslaw.com
                lanthony@mcneeslaw.com

                *Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

Dated: March 25, 2025