IN THE DISTRICT COURT OF THE UNITED STATES
EASTERN DISTRICT OF PENNSYLVANIA

| MICHAEL MILLER | Civ. No.: 5:24-cv-05338 |
|---|---|
| Plaintiff, | |
| | Judge Joseph F. Leeson, Jr. |
| v. | |
| | |
| COUNTY OF LANCASTER, *et al.*, | |
| | |
| Defendants. | |

**<u>PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF REPRESENTATION AND INDEMNIFICATION ARRANGEMENTS, OR ALTERNATIVELY, FOR LEAVE TO CONDUCT LIMITED DISCOVERY</u>**

Plaintiff Michael Miller, proceeding pro se, respectfully moves this Honorable Court to compel Defendants to disclose the nature of their representation, including whether County of Lancaster is funding or directing the defense of individual-capacity Defendants. In the alternative, Plaintiff seeks leave to conduct limited discovery on this issue pursuant to Federal Rule of Civil Procedure 26(d)(1) and the Court's inherent supervisory authority.

This Motion arises following the Court's March 7, 2025 dismissal order and is filed to preserve a threshold issue of structural fairness affecting Plaintiff's post-judgment and appellate rights.

1

## I. SUMMARY OF BACKGROUND

Plaintiff brought this civil rights action under 42 U.S.C. § 1983, asserting multiple constitutional violations by County of Lancaster and five named officials sued in their individual capacities. All Defendants are represented by a single attorney employed by County's outside counsel, McNees Wallace & Nurick LLC. The Court dismissed the action on March 7, 2025, without permitting discovery or holding a hearing, based solely on a consolidated Rule 12(b) motion. The defense brief did not distinguish among Defendants or claims, and Plaintiff remains unaware of whether individual Defendants are being defended at public expense.

Plaintiff remains unable to determine whether County is paying for or directing the defense of the individual-capacity Defendants, or whether any indemnification or conflict procedures have been followed. No individualized defense was filed by any Defendant, and the Court dismissed all claims on legal and factual grounds presented by County's collective counsel. This procedural alignment raises concerns regarding structural fairness, representation conflicts, and the integrity of adversarial process.

The inability to ascertain whether Defendants are being defended at public expense materially impairs Plaintiff's ability to assess potential conflicts of interest, challenge any improper indemnification arrangements, and evaluate

whether the representation structure itself has undermined the adversarial process. These issues directly affect Plaintiff's ability to pursue post-judgment relief under Rule 60(b) and due process standards.

## II. SUMMARY OF RELIEF REQUESTED

WHEREFORE Plaintiff seeks an order compelling Defendants to disclose under certification:

1. Whether County is paying for or directing the defense of individual-capacity Defendants;

2. Whether any indemnification agreements, conflict waivers, or reservations of rights exist;

3. Whether McNees Wallace & Nurick LLC represents individual Defendants in their personal capacities; and

4. Whether public funds are designated for satisfaction of any judgment or settlement.

In the alternative, Plaintiff respectfully requests leave to serve one interrogatory and one request for production on the topic of representation and indemnification arrangements.

**III. SUMMARY OF LEGAL BASIS**

This request is narrowly tailored and grounded in:

- Rule 26(d)(1) (authorizing early or limited discovery by court order);

- Rule 1 (promoting just and efficient adjudication);

- *Hafer v. Melo*, 502 U.S. 21 (1991) (personal-capacity liability is distinct from official-capacity defense);

- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) (appearance of structural bias violates due process);

- *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982) (access to court requires adversarial process);

- *Bounds v. Smith*, 430 U.S. 817 (1977) (right to meaningfully present claims);

- *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271–73 (2010) (judgment may be vacated under Rule 60(b)(4) if entered without adherence to required procedural safeguards);

- Fed. R. Civ. P. 12(d) (requiring conversion where matters outside the pleadings are considered).

WHEREFORE, Plaintiff respectfully requests that the Court grant the relief described above or authorize limited discovery accordingly. This relief is necessary to ensure procedural transparency, prevent structural conflict, and preserve Plaintiff's rights under Rule 60(b) and the Due Process Clause.

## CERTIFICATE OF NON-CONCURRENCE PURSUANT TO LOCAL RULE 7.1(g)

Plaintiff hereby certifies that, pursuant to Local Rule 7.1(g), he made a good faith effort to seek concurrence in the relief requested in this Motion by contacting counsel for Defendants. On March 26, 2025, Defendants' attorney indicated that none of the defendants concur in the motion.

## CONCURRENT FILINGS

Plaintiff respectfully notifies the Court that a Memorandum of Law in Support of this Motion and a Proposed Order have been filed concurrently herewith.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
717-388-1063

Dated: March 26, 2025

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered parties, including counsel for Defendants:

    Sarah Hyser-Staub PA I.D. No. 315989
    Lauren Anthony, PA I.D. No. 324557
    100 Pine Street
    P.O. Box 1166
    Harrisburg, PA 17108-1166
    717-232-8000
    sstaub@mcneeslaw.com
    lanthony@mcneeslaw.com

    *Attorneys for Defendants*


Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

Dated: March 26, 2025