IN THE DISTRICT COURT OF THE UNITED STATES

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER | Civ. No.: 5:24-cv-05338 |
| Plaintiff, | |
| | Judge Joseph F. Leeson, Jr. |
| v. | |
| COUNTY OF LANCASTER, *et al.*, | |
| Defendants. | |

## PLAINTIFF'S RENEWED MOTION FOR RECUSAL UNDER 28 U.S.C. § 455(a) AND (b)(1) DUE TO APPARENT AND ACTUAL BIAS

Plaintiff Michael Miller respectfully renews his request that the Honorable Joseph F. Leeson, Jr. recuse himself pursuant to 28 U.S.C. § 455(a) and (b)(1), due to a pattern of judicial conduct in the March 7, 2025 Memorandum Opinion (Doc. 35) that reveals a loss of impartiality, editorial overreach, and prejudgment of Plaintiff's motives and character.

This motion supersedes and replaces Plaintiff's earlier recusal motion (Doc. 41), and corrects an error regarding Footnote 20. Plaintiff no longer asserts that Footnote 20 threatens sanctions; rather, this motion now rests entirely on the appearance of partiality arising from the Court's tone, factual excursions, and repeated editorial commentary unrelated to the disposition of a facial Rule 12(b)(1) or Rule 12(b)(6) motion.

## I. Procedural Context

The March 7, 2025 Memorandum Opinion resolved a motion to dismiss filed in lieu of an answer. Defendants raised:

- Facial challenges under Rule 12(b)(1), and

- Rule 12(b)(6) motions to dismiss for failure to state a claim.

Under Third Circuit law, a facial 12(b)(1) motion requires the court to accept Plaintiff's allegations as true and not to resolve factual disputes or credibility. Similarly, a 12(b)(6) motion must test the sufficiency of the complaint alone, without importing facts outside the pleadings or making inferences against the non-movant.

Plaintiff brought approximately twelve distinct counts against six named Defendants, including both official- and individual-capacity claims, carefully pleaded with individualized factual allegations. These claims were not boilerplate—they were specific, constitutional tort theories tied to personal and municipal conduct.

Yet, Doc. 35 departs sharply from those standards. Rather than apply the rules neutrally, the Court inserted extraneous, prejudicial commentary that:

- Mischaracterized Plaintiff's litigation conduct,

- Implied vexatiousness and bad faith,

- Cast aspersions on Plaintiff's motives,

- And imported Plaintiff's litigation history from unrelated proceedings.

No discovery occurred. No hearing was held. Defendants have never answered. There was no record basis for the Court to resolve credibility, weigh litigation history, or editorialize about Plaintiff's character.

Further, the underlying motion to dismiss filed by Defendants (Doc. 18) was itself procedurally improper and facially insufficient:

- It was filed by a single attorney representing both the County and five individually named defendants without individualized defenses or factual differentiation;

- It included factual allegations outside the pleadings and relied on materials not referenced in the complaint;

- It repeatedly labeled the case as "frivolous," included requests for sanctions and injunctive relief outside the Rule 12 scope, and used inflammatory ad hominem rhetoric against Plaintiff;

- It improperly invited the Court to take judicial notice of contested facts, to apply res judicata based on unresolved appeals, and to impose a pre-filing injunction against a civil rights litigant—all beyond the scope of Rule 12(b)(1) or (b)(6).

Despite these defects, the Court issued no procedural caution or criticism toward Defendants—underscoring the asymmetry of judicial tone and concern in this case. This pattern highlights not only the impropriety of the Defendants' generalized filing, but the Court's one-sided disapproval reserved solely for the pro se Plaintiff, despite the facial defects and prejudicial tactics advanced by Defendants' counsel.

---

## III. Legal Grounds for Recusal

Under 28 U.S.C. § 455(a), a judge must recuse where "his impartiality might reasonably be questioned." The test is objective: whether a reasonable, fully informed observer would doubt the judge's neutrality.

The tone and content of Doc. 35 violate that standard. Courts in the Third Circuit have emphasized that even judicial remarks alone can require recusal where they reflect favoritism, bias, or animus. See:

- *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 166 (3d Cir. 1993)

- *Liteky v. United States*, 510 U.S. 540, 555 (1994)

- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883 (2009)

This Court's opinion did not merely rule on law; it editorialized. It crossed the line from judicial analysis into factual inference and litigant characterization.

---

## IV. Relief Requested

Plaintiff respectfully requests that Judge Leeson:

1. Recuse himself pursuant to 28 U.S.C. § 455(a) and (b)(1);

2. Stay all further proceedings until the recusal issue is resolved;

3. Alternatively, enter findings that clarify the basis and necessity of the Court's extraneous commentary and litigation history references.

Plaintiff does not file this motion lightly. But no reasonable litigant could review the language of Doc. 35 and conclude that the Court remains a neutral arbiter.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
717-388-1063

Dated: March 28, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of

Court using the CM/ECF system, which will send notification of such filing to all

registered parties, including counsel for Defendants:

> Sarah Hyser-Staub PA I.D. No. 315989
> Lauren Anthony, PA I.D. No. 324557
> 100 Pine Street
> P.O. Box 1166
> Harrisburg, PA 17108-1166
> 717-232-8000
> sstaub@mcneeslaw.com
> lanthony@mcneeslaw.com
>
> *Attorneys for Defendants*

> Respectfully Submitted,
>
> */s/ Michael Miller*
> Michael Miller
> 108 N. Reading Rd., Ste F, 246
> Ephrata, Pennsylvania 17522
> 717-388-0163
> reaganfive@protonmail.com

Dated: March 28, 2025