# IN THE DISTRICT COURT OF THE UNITED STATES
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LANCASTER, *et al.*,<br><br>Defendants. | Civ. No.: 5:24-cv-05338<br><br>Judge Joseph F. Leeson, Jr. |

## EMERGENCY MOTION TO COMPEL RULING ON PENDING MOTIONS AND TO CLARIFY PROCEDURAL POSTURE PURSUANT TO FED. R. CIV. P. 1 AND 60(a)

Plaintiff Michael Miller respectfully files this Emergency Motion to compel immediate resolution of the following pending dispositive and procedural motions and to clarify the legal posture of this case in light of the Court's April 4, 2025 deadline to amend the complaint:

- Plaintiff's *Emergency Motion for Vacatur of Dismissal* (ECF No. 39);

- Plaintiff's *Motion to Clarify and Correct Misapplication of Rule 12 Standards* (ECF No. 44);

- Plaintiff's *Motion for Supplemental Clarification of Rule 12 Standards* (ECF No. 50);

- Plaintiff's *Renewed Motion for Recusal* (ECF No. 53).

This motion is brought under Federal Rules of Civil Procedure 1 and 60(a) and the Court's inherent powers to ensure the just, speedy, and procedurally sound administration of justice—particularly in light of Plaintiff's pro se status and the constitutional nature of the claims asserted.

---

## I. URGENCY AND GROUNDS FOR EMERGENCY RELIEF

### A. Structural Prejudice and Imminent Coercion

The Court's March 7, 2025 Order (ECF No. 36) imposes a coercive deadline to amend the complaint by April 4, 2025, while leaving unresolved several dispositive motions that directly challenge the legal and procedural validity of that Order. Plaintiff is forced into an unconstitutional dilemma: amend under a potentially void order or risk forfeiting claims. Such a posture constitutes structural prejudice and offends fundamental principles of fairness and due process.

### B. Unresolved Procedural Errors and Jurisdictional Objections

The Court has not ruled on key questions raised in Plaintiff's motions, including:

- Whether the Court lacked jurisdiction to issue the March 7 Order due to Plaintiff's pending mandamus petition (ECF No. 39);

- Whether the Court improperly resolved factual disputes in a facial Rule 12(b)(1) challenge, contrary to *Constitution Party of Pa. v. Aichele*, 757 F.3d 347 (3d Cir. 2014);

- Whether the Court relied on matters outside the pleadings without Rule 12(d) conversion or notice, in violation of *Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989), and *Bruni v. City of Pittsburgh*, 824 F.3d 353 (3d Cir. 2016);

- Whether the Court failed to credit verified factual allegations as required under *Neitzke v. Williams*, 490 U.S. 319 (1989).

**C. Partial Denial of Prior Recusal Motion Does Not Cure Remaining Harm**

Although the Court denied Plaintiff's initial Recusal Motion (ECF No. 41) in its March 18, 2025 Order (ECF No. 42), that ruling addressed only a subset of Plaintiff's concerns. It did not resolve the Rule 12 procedural errors or jurisdictional challenges that remain pending. Nor did it address the broader structural and due process violations now raised anew in Plaintiff's March 28, 2025 filing.

**D. Due Process and Rule 60(a) Clarification of the Record**

Plaintiff also seeks relief under Rule 60(a) to correct and clarify ambiguities in the Court's March 7 Memorandum (ECF No. 35) and Order (ECF No. 36), which impair Plaintiff's ability to comply, object, or appeal. The lack of procedural

findings, unresolved judicial notice disputes, and possible sua sponte reasoning all demand clarification.

**E. Renewed Motion for Recusal (ECF No. 53) Reinstates and Expands Bias Objections**

On March 28, 2025, Plaintiff filed a *Renewed Motion for Recusal* (ECF No. 53), which supersedes the prior motion and raises distinct legal grounds for disqualification under 28 U.S.C. § 455(a) and (b)(1). The renewed motion documents a pattern of editorial overreach, factual excursions, and prejudicial commentary in the March 7 Memorandum that reflect apparent and actual bias. The filing of ECF No. 53 restores a live, unresolved challenge to judicial impartiality and further supports Plaintiff's request that the April 4 deadline be **stayed** pending resolution of all outstanding motions.

---

## II. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Immediately rule on ECF Nos. 39, 44, 50, and 53 before the April 4, 2025 amendment deadline;

2. Clarify the procedural posture and legal standards underlying the March 7, 2025 Memorandum and Order (ECF Nos. 35, 36), including:

- Whether any arguments were resolved *sua sponte*;

- Whether materials outside the pleadings were relied upon and, if so, under what authority;

- Whether Rule 12(d) conversion occurred without notice;

- Whether Counts V and VI were impermissibly dismissed both for lack of jurisdiction and on the merits;

3. Stay or toll the April 4 deadline until the above motions are resolved;

4. Grant such other and further relief as the Court deems just and necessary to prevent coercion and safeguard Plaintiff's constitutional and appellate rights.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
717-388-1063

Dated: March 28, 2025

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered parties, including counsel for Defendants:

        Sarah Hyser-Staub PA I.D. No. 315989
        Lauren Anthony, PA I.D. No. 324557
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA 17108-1166
        717-232-8000
        sstaub@mcneeslaw.com
        lanthony@mcneeslaw.com

        *Attorneys for Defendants*


Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163

Dated: March 28, 2025    reaganfive@protonmail.com