UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER, : | |
| Plaintiff, : | |
| : | |
| v. : | No. 5:24-cv-5338 |
| : | |
| COUNTY OF LANCASTER, : | |
| TAMMY BENDER, : | |
| JACQUELINE PFURSICH, : | |
| JOSHUA PARSONS, RAY D'AGOSTINO, : | |
| and CHRISTA MILLER, : | |
| Defendants. : | |

# **O R D E R**

**AND NOW**, this 28th day of March, 2025, upon consideration of Plaintiff's Notice of Appeal, filed March 10, 2025, ECF No. 37, Plaintiff's Emergency Motions for Vacatur of Dismissal, filed March 16, 2025, ECF Nos. 39 and 40; Plaintiff's Motion to Clarify and Correct Misapplication of Rule 12b)(1) and Rule 12(b)(6) Standards, filed March 24, 2025, ECF No. 44; Plaintiff's Motion for Supplemental Clarification and Procedural Findings, filed March 25, 2025, ECF No. 50; Plaintiff's Motion to Compel Disclosure of Representation and Indemnification Arrangements, or Alternatively, For Leave to Conduct Limited Discovery, filed March 26, 2025, ECF No. 51; Plaintiff's Motion to Stay or Suspend the April 4, 2025 Deadline to File a Second Amended Complaint Pending Ruling on Post-Judgment Motions, filed March 27, 2025, ECF No. 52; Plaintiff's Renewed Motion for Recusal under 28 U.S.C. § 455(a) and (b)(1) due to Apparent and Actual Bias, filed March 28, 2025, ECF No. 53; and Plaintiff's Emergency Motion to Compel Ruling on Pending Motions and to Clarify Procedural Posture Pursuant to Fed. R. Civ. P. 1 and 60(a), filed March 28, 2025, ECF No. 54; **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Emergency Motions for Vacatur of Dismissal, ECF Nos. 39 and 40, are **DISMISSED without prejudice**;[1]

2. Plaintiff's Motion to Clarify and Correct Misapplication of Rule 12b)(1) and Rule 12(b)(6) Standards, ECF No. 44, is **DISMISSED without prejudice**;[2]

3. Plaintiff's Motion for Supplemental Clarification and Procedural Findings, ECF No. 50, is **DISMISSED without prejudice**;[3]

4. Plaintiff's Motion to Compel Disclosure of Representation and Indemnification Arrangements, or Alternatively, For Leave to Conduct Limited Discovery, ECF No. 51, is **DISMISSED without prejudice**;[4]

**5.** Plaintiff's Motion to Stay or Suspend the April 4, 2025, Deadline to File a Second Amended Complaint Pending Ruling on Post-Judgment Motions, ECF No. 52, is **GRANTED in part**, as follows:

---

[1] These motions ask the Court to make a determination that its March 7, 2025, decision–dismissing some of Plaintiff's federal claims with prejudice and dismissing the rest without prejudice, thereby granting plaintiff leave to amend, *see* ECF Nos. 35, 36—was legally fallacious. This is a request to review a merits decision, which the Court lacks the authority to determine at this time. On March 10, 2025, Plaintiff filed his Notice of Appeal, *see* ECF No. 37, of the Court's March 7, 2025, determination, thereby divesting the Court of jurisdiction over issues regarding the same. *See Venen v. Sweet*, 758 F.2d 117, 120-21 (3d Cir. 1985). The Motions for Vacatur, ECF Nos. 39 and 40, are therefore dismissed without prejudice, with leave to refile after the resolution of the appeal.

[2] Similarly, this motion asks the Court to "reevaluate" its March 7, 2025, determination and to "vacate or modify" its Order if it finds that any count was "improperly resolved" or any legal standard misapplied. *See* ECF No. 44. Again, this requires the Court undergo a merits determination regarding a prior legal decision. Because the Court currently lacks jurisdiction to do so, it dismisses the Motion to Clarify and Correct, ECF No. 44, without prejudice, and with leave to refile after the resolution of the appeal.

[3] As above, this motion asks the court to review its legal findings in the March 7, 2025, Order and Opinion to determine whether legal standards were correctly applied, and to "modify or vacate" the findings in accordance with such a determination, as needed. The Court currently lacks jurisdiction to review or vacate a prior legal determination, so it dismisses the Motion for Supplemental Clarification, ECF No. 50, without prejudice and with leave to refile after the resolution of the appeal.

[4] While on notice of appeal, the Court cannot compel discovery, for lack of jurisdiction. *See Schiavone v. State Farm Ins. Co.*, No. 22-CV-3245, 2023 WL 4785512, at *1 n.2 (3d Cir. July 27, 2023) (explaining that the district court denied plaintiff's motions to compel for lack of jurisdiction, since they were filed after the notice of appeal) and *2 (denying motions to compel discovery, "as there is no provision for discovery on appeal") (citing *In re Cap. Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89, 96 (3d Cir. 1990)). Accordingly, the Motion to Compel, ECF No. 51, is dismissed without prejudice and with leave to refile after the resolution of the appeal.

    a. Plaintiff's deadline to file a second amended complaint is suspended, pending resolution of the case on appeal.

    b. Plaintiff shall have 30 days from the date of the Third Circuit's order to file his second amended complaint in this Court. Any such amendment shall comport with the requirements and limitations outlined by this Court on March 7, 2025, *see* ECF Nos. 35-36, subject to any modifications by the Third Circuit.

6. Plaintiff's Renewed Motion for Recusal under 28 U.S.C. § 455(a) and (b)(1) due to Apparent and Actual Bias, ECF No. 53, is **DISMISSED without prejudice**;[5]

7. Plaintiff's Emergency Motion to Compel Ruling on Pending Motions and to Clarify Procedural Posture Pursuant to Fed. R. Civ. P. 1 and 60(a), ECF No. 54, is **DISMISSED as moot**;

---

[5]     Since the case is stayed pending appeal, the Court dismisses the Renewed Motion for Recusal without prejudice, and with leave to refile after the resolution of the appeal. *See Farina v. Bank of New York*, No. 15-CV-3395, 2023 WL 5627118, at *2 (D.N.J. Aug. 30, 2023) (citing *Thomas v. Northeastern Univ.*, 470 F. App'x 70, 71 (3d Cir. 2012)).

    Moreover, it appears that Plaintiff's renewed arguments for recusal are without merit. Plaintiff argues that the Court demonstrated "partiality arising from the Court's tone, factual excursions, and repeated editorial commentary" in the March 7, 2025, Opinion, *see* ECF No. 53, but does not cite to any specific language in the Opinion to support this. *See* 28 U.S.C. § 455. Plaintiff also cites to case law which, either does not support his proposition that the tone of an opinion can serve as evidence of judicial bias or partiality, *see Liteky v. U.S.*, 510 U.S. 540, 555 (1994) ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." This *will* be the case only "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."); *cf. id.* at 556 ("*Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display."), or points to examples of bias in factually dissimilar cases, *see Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 884 (2009) (finding a "serious risk of actual bias" where a "person with a personal stake in a particular case had a significant and disproportionate influence in placing the judge on the case by raising funds or directing the judge's election campaign when the case was pending or imminent."); *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 165 (3d Cir. 1993) (finding that a reasonable person could question the impartiality of a Judge who responded to a mandamus petition via letter to petitioners' counsel, which exhibited a personal interest in the outcome of the litigation). Absent more, Plaintiff has not shown that a reasonable person would doubt the Court's impartiality in issuing its March 7, 2025, Opinion. *See* 28 U.S.C. § 455. *See also Smith v Vidonish*, 210 F. App'x 152, 155 (3d Cir. 2006) (holding that conclusory statements in a recusal affidavit need not be credited). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555; *see also Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000); *In re TMI Litig.*, 193 F.3d 613, 728-29 (3d Cir. 1999).

8. The case is **STAYED**,[6] pending resolution of the appeal in the Court of Appeals for the Third Circuit;

9. Plaintiff is advised to immediately notify this Court of the completion of the pending appeal so this case may proceed; and

10. Plaintiff is advised to closely consider this Court's limited jurisdiction before filing any more motions in the above-captioned action until the Third Circuit resolves the case on appeal and the instant stay is lifted. Should Plaintiff file any motions after the date of this Order, but before the resolution of the case on appeal, he is on notice that they may also be dismissed without prejudice, and without further notice. Defendants need not respond to any motions filed until the present stay is lifted.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[6] While the instant appeal is pending, the Court cannot entertain legal arguments or make determinations on the merits of the case. With that, it issues this stay of proceedings until further order of the Court.