IN THE DISTRICT COURT OF THE UNITED STATES

EASTERN DISTRICT OF PENNSYLVANIA

| MICHAEL MILLER | Civ. No.: 5:24-cv-05338 |
|---|---|
| Plaintiff, | |
| | Judge Joseph F. Leeson, Jr. |
| v. | |
| COUNTY OF LANCASTER, *et al.*, | |
| Defendants. | |

## SUPPLEMENTAL NOTICE OF PROCEDURAL MISCONDUCT AND STRUCTURAL DUE PROCESS VIOLATIONS

Plaintiff Michael Miller respectfully files this Supplemental Notice to catalog and preserve for the record multiple instances of procedural misconduct and structural due process violations arising from the conduct of proceedings in this matter. This filing is submitted to ensure the completeness of the record and to preserve factual and legal bases for potential future claims under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents*, and the Rules for Judicial-Conduct and Judicial-Disability Proceedings.

Plaintiff also submits a set of Exhibits (A–O), each filed as a separate attachment, which correspond to specific items discussed below. These exhibits are already on the docket but are being submitted again in labeled format to ensure accessibility, clarity, and preservation of a complete evidentiary record.

## I. PURPOSE OF THIS NOTICE

This filing supplements prior objections and motions by consolidating and formally identifying specific procedural irregularities that constitute due process violations and potential judicial misconduct. It is intended to:

1. Preserve the record for appellate review;

2. Support potential claims for redress against judicial officers acting outside their lawful authority;

3. Provide notice to the Court and parties that these issues remain unresolved and will be pursued through appropriate channels.

## II. CATALOG OF PROCEDURAL MISCONDUCT

1. **Failure to Rule on Jurisdiction Before Merits**

    Despite Plaintiff's Emergency Petition for Mandamus filed in the Third Circuit on February 3, 2025 (Doc. 32), challenging the Court's failure to rule on subject matter jurisdiction, the Court proceeded to rule on the merits in its March 7, 2025 Order (Doc. 36) and Memorandum (Doc. 35), in direct violation of the divestiture rule. See *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985).

2. **Improper Use of Judicial Notice**

    The Court dismissed Plaintiff's Motion for Judicial Notice (Doc. 27) via Order (Doc. 29), asserting its authority to take notice "where appropriate," yet relied on extrinsic materials including state court decisions and Middle District orders in ways that violate Federal Rule of Evidence 201 and *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022). See also Docs. 24, 44, 50.

3. **Contradictory Jurisdictional Dismissal with Prejudice (Counts V–VI)**

    The Court dismissed Counts V and VI both for lack of subject matter jurisdiction and with prejudice under Rule 12(b)(6). (Doc. 36). Such dual treatment is legally impermissible. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

4. **Refusal to Correct Procedural Errors Despite Repeated Motions**

    Plaintiff filed multiple motions (Docs. 39, 44, 50) identifying misapplication of Rule 12(b)(1), 12(b)(6), and 12(d) standards. As of this filing, the Court has failed to rule on those motions, despite the proximity of the April 4, 2025 amendment deadline, further prejudicing Plaintiff.

5. **Selective Enforcement of Procedural Rules and Asymmetric Judicial Tone**

The Court delayed ruling on Defendants' motion to dismiss for over 100 days, in violation of Rule 12(a)(4), yet rapidly denied Plaintiff's motions and dismissed them as "moot" or "unnecessary." (See Docs. 26, 29, 42.) When Defendants filed a generalized, unsworn motion representing multiple defendants with no individual defenses or factual clarity (Doc. 17), the Court not only accepted it wholesale, but incorporated new arguments sua sponte and provided no procedural caution or critique. In contrast, Plaintiff's verified and individualized claims were met with editorial tone, factual inferences, and implied aspersions regarding his litigation history. See Doc. 53 (Renewed Recusal Motion).

This asymmetric tone is not an isolated occurrence. In a parallel matter in the Middle District of Pennsylvania, Magistrate Judge Carlson issued a sanctions ruling against Plaintiff that included language describing Plaintiff's advocacy as a "quixotic quest," his claims as "feckless," and his conduct as approaching "vexatious sanctionable misconduct." See *Miller v. Lancaster County*, Civ. No. 1:24-CV-14 (M.D. Pa.), Doc. 69. These patterns—across districts—of rhetorical hostility and selective enforcement raise the specter of institutional bias against Plaintiff as a disfavored litigant.

6. **Threat of Sanctions Creating Chilling Effect**

The Memorandum (Doc. 35) repeatedly references sanctions in a manner

that, while facially attributed to past litigation, effectively signals retaliatory intent. The chilling effect on Plaintiff's protected advocacy violates precedents such as *United States v. Antar*, 53 F.3d 568, 576 (3d Cir. 1995) and *Alexander v. United States*, 509 U.S. 544, 550 (1993).

7. **Procedural Coercion via Delay and Arbitrary Deadlines**

    After prolonged delay, the Court imposed an abrupt April 4, 2025 amendment deadline, despite unresolved jurisdictional and recusal motions. Plaintiff has preserved objection to this coercive posture (Doc. 43). Such tactics violate due process under *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); and *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

8. **Improper Sua Sponte Reasoning Without Notice or Opportunity to Respond**

    The Court introduced new legal theories not raised by Defendants, including jurisdictional narrowing and preemption, without providing Plaintiff a chance to respond. This constitutes a due process violation and violates Rule 12(d). See *Rose v. Bartle*, 871 F.2d 331, 341 (3d Cir. 1989).

9. **Appellate Clerk's Procedural Coordination and Administrative Foreclosure**

Following Plaintiff's Notice of Appeal (Doc. 37), the Clerk of the Third Circuit issued a jurisdictional directive (Doc. 7 in 25-1423) without judicial signature. Appellees cited this letter as dispositive support (Doc. 14), and the Court has refused to address Plaintiff's multiple, detailed objections (Docs. 9, 10, 15–18).

This closed loop—where a Clerk acts beyond ministerial authority, Appellees benefit strategically, and the judicial officers remains silent—reflects institutional bias and retaliatory coordination. It raises constitutional concerns under:

- **Due Process and Structural Integrity** (*Caperton*, *Ward*, *Antar*): Judicial neutrality is compromised when appellate procedure is outsourced to non-judicial officers.

- **Judicial Authority** (*Rosenberg*): Clerks lack power to issue dispositive rulings.

- **First Amendment** (*BE & K*): Procedural retaliation chills Plaintiff's right to petition.

- **Seventh Amendment** (*Beacon Theatres*): Plaintiff demanded a jury trial. The Clerk's actions, reinforced by judicial silence, impose a de facto summary dismissal mechanism that usurps jury functions.

- **Access to Courts** (*Boddie*): The scheme effectively forecloses meaningful adjudication.

These coordinated evasions result in a functional denial of due process. By enabling a clerk to initiate dispositive procedures, rewarding Appellees with strategic advantage, and declining to adjudicate Plaintiff's constitutional objections, the Court effectively forecloses the path to a jury trial and evades controlling authority such as *Zwickler v. Koota*, 389 U.S. 241 (1967). This is not adjudication—it is administrative foreclosure under color of law.

## III. CONCLUSION AND RESERVATION OF RIGHTS

This Notice is filed to preserve the record and support Plaintiff's rights under federal law, including but not limited to:

- Judicial misconduct complaints under 28 U.S.C. § 351;

- Claims against judicial officers under *Bivens* and *Scheuer v. Rhodes*, 416 U.S. 232 (1974);

- Constitutional due process and equal protection objections under the Fifth and Fourteenth Amendments;

- First Amendment claims preserving the right to petition and challenge judicial authority without retaliation;

- Seventh Amendment rights to trial by jury improperly denied through structural foreclosure.

The conduct described herein also violates multiple Canons of the Code of Conduct for United States Judges, including Canons 1, 2(A), 3(A)(3), and 3(B)(5), and is preserved for future reference in proceedings under 28 U.S.C. § 351.

This filing is incorporated by reference into all future pleadings, including but not limited to motions under Rules 59(e), 60(b), and all appellate submissions.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
717-388-0163

Dated: March 29, 2025

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered parties, including counsel for Defendants:

        Sarah Hyser-Staub PA I.D. No. 315989
        Lauren Anthony, PA I.D. No. 324557
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA 17108-1166
        717-232-8000
        sstaub@mcneeslaw.com
        lanthony@mcneeslaw.com

*Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163

Dated: March 29, 2025    reaganfive@protonmail.com