IN THE DISTRICT COURT OF THE UNITED STATES

EASTERN DISTRICT OF PENNSYLVANIA

| MICHAEL MILLER | Civ. No.: 5:24-cv-05338 |
|---|---|
| Plaintiff, | Judge Joseph F. Leeson, Jr. |
| v. | |
| COUNTY OF LANCASTER, *et al.*, | |
| Defendants. | |

# PLAINTIFF'S NOTICE AND OBJECTION TO MARCH 28, 2025 ORDER (ECF 55)

Plaintiff Michael Miller respectfully files this notice and objection to the Court's March 28, 2025 Order (ECF 55), which purports to dismiss without prejudice a series of post-judgment motions based on a jurisdictional theory that cannot be reconciled with prior conduct, applicable law, or constitutional structure.

This filing is also submitted to formally preserve and clarify the record concerning motions filed after the March 10, 2025 Notice of Appeal (ECF 37), which remain unadjudicated despite raising structural and procedural defects that were within this Court's jurisdiction at the time of filing.

## NOTICE OF UNADJUDICATED MOTIONS

1

Plaintiff notes that the motions listed in the Court's March 28 Order (ECF 55)—specifically ECF Nos. 39, 44, 50, 51, 53, and 54—were filed after Plaintiff's Notice of Appeal on March 10, 2025 (ECF 37). However, these motions fall squarely within the category of post-judgment matters over which the Court retains ancillary jurisdiction. They do not seek to relitigate the merits of the March 7 Order (ECF 36), but rather raise independent structural, procedural, and ethical violations affecting the validity of the judgment and the integrity of these proceedings.

Specifically, these motions raise:

- Violations of Rule 12(b)(1), 12(b)(6), and 12(d);

- Improper judicial notice and failure to convert under Rule 12(d);

- Judicial disqualification under 28 U.S.C. § 455;

- Court-mandated disclosure obligations under Rule 26 and Rule 11;

- Coercive scheduling and denial of Rule 15 rights post-dismissal.

As established in *United States v. Contents of Account No. 3034504504*, 971 F.2d 974, 987 (3d Cir. 1992), a district court retains jurisdiction to consider post-judgment motions that "question the very validity of the judgment." Likewise, under *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861–62 (1988),

and *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), courts retain jurisdiction to resolve collateral ethical matters and recusal issues even during an appeal.

Plaintiff respectfully requests that the Court acknowledge on the record whether it has adjudicated the merits of each of these motions. If it has not, Plaintiff preserves full objection to their dismissal without substantive review.

---

**I. THE COURT'S JURISDICTIONAL SHIFT IS SELF-CONTRADICTORY**

The March 7 Order (ECF 36) purported to dismiss Counts V and VI both "for lack of subject matter jurisdiction" and "with prejudice for failure to state a claim"—a legal impossibility. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (a court without jurisdiction may not rule on the merits); *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (same). This internal contradiction exposes the Court's use of procedural language to obscure substantive overreach. It exemplifies a judicial shell game: switching doctrinal frames to achieve outcome-driven dismissals while denying meaningful review.

This inconsistency alone renders the March 7 Order void in part. A court cannot dismiss with prejudice for failure to state a claim if it simultaneously asserts a lack of subject matter jurisdiction. That dual ruling is irreconcilable. It invites the

inference that "jurisdiction" is invoked only when needed to evade factfinding and final judgment—revealing that the March 7 ruling was not adjudication at all, but rather a selective exit strategy.

The Third Circuit has long recognized that a district court is divested of jurisdiction over aspects of the case involved in an interlocutory appeal. See *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985). Yet here, the Court exercised jurisdiction over the merits of Plaintiff's case on March 7, 2025, despite Plaintiff's February 3, 2025 mandamus petition (ECF 32) challenging the Court's jurisdiction. Having asserted jurisdiction when dismissing Plaintiff's claims, the Court now contradicts itself by disowning jurisdiction to consider procedural objections post-appeal—an inconsistency that reveals selective and outcome-driven reasoning.

On March 7, 2025, this Court entered an order (ECF 36) ruling on the merits of Plaintiff's verified civil rights complaint. That decision was issued while a mandamus petition (ECF 32) remained pending before the Third Circuit, raising live challenges to the Court's jurisdiction. The Court had full notice of this petition.

Now, in its March 28 Order (ECF 55), the Court claims it "lacks jurisdiction" to consider Plaintiff's motions to vacate, clarify, or correct its March

4

7 rulings—because Plaintiff filed a notice of appeal on March 10 (ECF 37). In other words, the Court was willing to assert full authority to dismiss the case while jurisdiction was under review, but now denies any ability to revisit or correct that ruling even where serious procedural violations are raised.

This selective approach to jurisdiction is not law—it is strategic convenience, and it creates an irreconcilable contradiction in the record.

---

## II. THE ORDER AVOIDS SUBSTANTIVE REVIEW OF PROCEDURAL MISCONDUCT

The March 28 Order further compounds its evasion by including footnotes that falsely imply Plaintiff's objections have been considered or resolved. References to "previous rulings" mischaracterize prior denials of motions as dispositive. In fact, the Court has never substantively ruled on Plaintiff's Rule 12 objections, recusal requests, or jurisdictional arguments—each of which remains unresolved and preserved.

The Order also claims to dismiss Plaintiff's motions "without prejudice," but this label is misleading. The Court is fully aware that Plaintiff cannot refile these motions while the case is on appeal, and that their dismissal without substantive rulings will frustrate appellate review unless formally preserved. This is not

5

judicial restraint—it is procedural foreclosure dressed in neutral language. The Court is attempting to insulate its prior misconduct while pretending to disown jurisdiction. This maneuver compounds the damage to due process and undermines the principle of transparent, accountable adjudication. its evasion by including footnotes that falsely imply Plaintiff's objections have been considered or resolved. References to "previous rulings" mischaracterize prior denials of motions as dispositive. In fact, the Court has never substantively ruled on Plaintiff's Rule 12 objections, recusal requests, or jurisdictional arguments—each of which remains unresolved and preserved.

Each of the dismissed motions (ECF 39, 44, 50, 51, 53, 54) identifies serious violations of the Federal Rules of Civil Procedure and established due process doctrine. These include:

- Misapplication of Rule 12(b)(1) and (b)(6) standards;
- Improper judicial notice of extrinsic evidence;
- Dismissal without requiring an answer;
- Retaliatory tone and chilling references to sanctions;
- Refusal to adjudicate recusal and jurisdictional objections.

None of these motions were ruled on before the appeal. None were considered on the merits. Yet the Court now seeks to strip itself of jurisdiction post hoc while never acknowledging that the March 7 order itself was rendered under defective procedural posture.

## III. THE COURT'S ATTEMPT TO BIND FUTURE PLEADINGS IS COERCIVE

While the March 28 Order purports to "stay" the April 4, 2025 amendment deadline, it simultaneously directs Plaintiff to "conform" any future amended complaint to the Court's March 7 rulings. That ruling is on appeal and alleged to be void due to due process violations.

Plaintiff respectfully objects to any effort to bind future pleadings to a decision that:

1. Was entered in violation of the divestiture rule;

2. Dismissed claims without jurisdiction or factual findings;

3. Is the subject of multiple constitutional and procedural objections.

## IV. MISREPRESENTATIONS IN THE ORDER'S FOOTNOTES

7

The footnotes accompanying the March 28 Order compound the procedural harm by mischaracterizing Plaintiff's filings and misapplying controlling law.

First, the Court repeatedly asserts that it "lacks jurisdiction" because Plaintiff's motions seek review of the March 7 merits determination. This is false. Plaintiff's motions (ECF 39, 44, 50) challenge procedural violations—including improper judicial notice, misapplication of Rule 12, failure to convert under Rule 12(d), and structural due process failures—that courts retain jurisdiction to review even while an appeal is pending. See *United States v. Contents of Account No. 3034504504*, 971 F.2d 974, 987 (3d Cir. 1992) (district courts retain authority over motions that challenge the "validity of the judgment").

Second, the Order's footnote dismisses the renewed motion for recusal (ECF 53) as meritless and suggests that 28 U.S.C. § 455 is inapplicable during an appeal. That is incorrect. Section 455 imposes a continuing duty of judicial disqualification "in any proceeding." See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861–62 (1988); *In re Sch. Asbestos Litig.*, 977 F.2d 764, 785–86 (3d Cir. 1992). Plaintiff's motion identified specific tone, inferences, and rhetorical bias that meet the standard for appearance-based disqualification. See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009); *Alexander v. Primerica*, 10 F.3d 155, 166 (3d Cir. 1993).

Third, the Court's assertion that Plaintiff "did not cite specific language" from the March 7 memorandum (ECF 35) is inaccurate. Plaintiff's recusal motion (ECF 53) expressly referenced the Court's editorial tone, factual excursions, and implicit threats of sanctions—elements which go beyond mere dissatisfaction and create the appearance of hostility. The Court's selective reliance on *Liteky* is misguided. The Supreme Court did not immunize hostile tone—it reaffirmed that judicial remarks may support disqualification when they "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555. That is precisely what Plaintiff alleged: a pattern of editorial commentary, misstatement of facts, and unequal procedural treatment revealing structural antagonism. The Court refuses to confront those allegations, instead mischaracterizing them as conclusory.[1]

Similarly, the Court cites *Schiavone v. State Farm* and *Capital Cities/ABC* to suggest that discovery cannot be compelled after appeal. But neither case involves post-dismissal motions raising systemic due process defects or Court-mandated

---

[1] Judge Leeson's dismissal of Plaintiff's specific bias allegations as "conclusory" mirrors a broader pattern of judicial prejudice against pro se litigants. For example, in *Miller v. Lancaster County*, No. 1:24-cv-00014 (M.D. Pa.), Judge Jennifer Wilson dismissed Plaintiff's timely and specific Rule 72 objections in Doc. 40 and 60 by unilaterally labeling them "generalized," thereby evading mandatory de novo review. See ECF Nos. 55 and 64 in that case. In both instances, the judiciary bypasses procedural safeguards through arbitrary semantic framing rather than adjudication, effectively foreclosing access to meaningful review.

9

disclosures under Rule 26 and 11. These citations are not only inapposite—they are deployed to obscure judicial responsibility, not to clarify doctrine.

Lastly, the Court's invocation of a "stay" while declining to adjudicate any pending motions stands in sharp contrast to its earlier refusal to stay proceedings while Plaintiff's mandamus petition (ECF 32) was pending. This inconsistency reveals that the stay functions as a procedural closure tactic, not as neutral deference to the appellate process.

---

## V. CONCLUSION AND PRESERVATION

This contradiction is compounded by precedent holding that courts must resolve post-judgment motions affecting the integrity of prior rulings. See *United States v. Contents of Account No. 3034504504*, 971 F.2d 974, 987 (3d Cir. 1992); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

At no point has this Court required Defendants to answer. The March 7 dismissal substituted judicial assertion for factfinding and deprived Plaintiff of his Seventh Amendment right to a jury determination of his verified claims.

Plaintiff respectfully notes that the conduct reflected in ECF 55 not only violates procedural norms, but undermines the structural integrity of the judiciary. The Court's behavior is incompatible with Canon 1 and 2(A) of the Code of

Conduct for United States Judges, which demand fidelity to the law and the appearance of impartiality.

Plaintiff preserves full objection to the March 28 Order and all related proceedings. The record now reflects:

- Unresolved motions raising structural legal violations;

- Procedural contradictions undermining judicial integrity;

- A continuing failure to adjudicate Plaintiff's verified claims on the merits.

This objection is incorporated into all future filings and appeal submissions.

The March 28 Order exemplifies structural evasion of Article III duties. It invokes "jurisdictional limits" as a sword to escape scrutiny—while having previously ignored those same limits to reach the merits. This Court cannot selectively invoke its power to dispose of rights and then disclaim it when called to account for doing so. That is not law. It is a judicial shell game. Lastly, Article III forbids adjudication by implication, silence, or delegation to clerks or procedural mechanics that deny meaningful review. (*See 25-1423, Doc. 7 and pro se Plaintiff's subsequent objections in Docs. 9, 10, 15, 16, 17, 18*).

Respectfully submitted,

/s/ Michael Miller

March 30, 2025

---

**APPENDIX: LEGAL AUTHORITIES REFUTING MARCH 28 ORDER**

1. **Venen v. Sweet**, 758 F.2d 117 (3d Cir. 1985):

   Confirms that a district court is divested of jurisdiction over matters involved in an appeal once a notice of appeal is filed. Undermines the March 28 Order's contradictory posture—asserting jurisdiction to deny relief while disclaiming jurisdiction to address underlying issues preserved on appeal.

2. **United States v. Contents of Account No. 3034504504**, 971 F.2d 974 (3d Cir. 1992):

   Clarifies that district courts retain jurisdiction to hear motions that challenge the validity of a prior judgment under Rule 60(b), even after appeal is taken. Confirms the propriety of Plaintiff's post-judgment structural motions and rebuts the court's refusal to adjudicate them.

3. **Cohen v. Beneficial Indus. Loan Corp.**, 337 U.S. 541 (1949):

   Establishes the collateral order doctrine, allowing immediate appeal of rulings affecting rights too important to be denied review and too

independent of the merits to require deferral. Validates the separate appealability of orders denying recusal or ignoring due process objections.

4. **Liljeberg v. Health Servs. Acquisition Corp.**, 486 U.S. 847 (1988):

   Holds that disqualification under 28 U.S.C. § 455(a) is required where the judge's impartiality might reasonably be questioned, and that such violations justify vacatur of judgment, even without proof of actual bias. Confirms that recusal obligations persist during and after appeal.

5. **In re School Asbestos Litigation**, 977 F.2d 764 (3d Cir. 1992):

   Emphasizes the judiciary's duty to avoid both actual bias and the appearance of partiality, particularly in non-jury cases. Supports reassignment and mandates recusal to protect public confidence even where misconduct stems from accumulated procedural conduct rather than animus.

6. **Caperton v. A.T. Massey Coal Co.**, 556 U.S. 868 (2009):

   Articulates the constitutional requirement of recusal when there is a "serious risk of actual bias"—not just proven animus. Refutes any claim that only overt hostility justifies disqualification and directly supports Plaintiff's structural due process challenge to judicial partiality.

7. **Alexander v. Primerica Holdings**, 10 F.3d 155 (3d Cir. 1993):

   Mandamus issued to remove a judge due to cumulative conduct creating an

appearance of bias, despite no proof of personal hostility. Confirms that disqualification is required where a reasonable person might question the judge's impartiality, especially in bench trials.

8. **Liteky v. United States**, 510 U.S. 540 (1994):

   Clarifies that judicial remarks alone do not require recusal, but an accumulation of hostile actions or a persistent pattern of favoritism or antagonism can constitute bias under § 455(a). Supports Plaintiff's claim of structural hostility and prejudgment through cumulative conduct.

9. **Schiavone v. State Farm**, No. 22-CV-3245, 2023 WL 4785512 (3d Cir. July 27, 2023):

   Non-precedential opinion cited by Court that addresses the denial of a motion to reopen a voluntarily dismissed case after a private settlement and lapse of years. Inapplicable to live post-judgment motions asserting structural defects and due process violations. Improperly cited to evade adjudication of live jurisdictional issues.

10. **Capital Cities/ABC, Inc. v. C.A.**, 913 F.2d 89 (3d Cir. 1990):

    Concerns media access to sealed criminal trial materials, not structural motions filed by parties. Stands for the necessity of public access hearings—

not as authority to deny litigants procedural relief. Misused to justify judicial silence in the face of post-dismissal misconduct allegations.

---

**Conclusion:**

These authorities collectively refute the March 28 Order (ECF 55), which rests on misapplied doctrines, inapposite citations, and an abdication of judicial responsibility. **They support Plaintiff's position that jurisdiction remained for post-judgment structural motions**, and that ethical and constitutional standards compelled, rather than excused, judicial action.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
717-388-1063

Dated: March 31, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered parties, including counsel for Defendants:

    Sarah Hyser-Staub PA I.D. No. 315989
    Lauren Anthony, PA I.D. No. 324557
    100 Pine Street
    P.O. Box 1166
    Harrisburg, PA 17108-1166
    717-232-8000
    sstaub@mcneeslaw.com
    lanthony@mcneeslaw.com

*Attorneys for Defendants*


Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

Dated: March 31, 2025