IN THE DISTRICT COURT OF THE UNITED STATES
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br><br>*Plaintiff*,<br><br>v.<br><br><br>COUNTY OF LANCASTER, *et al.*,<br><br>*Defendants*. | Civ. No.: 5:24-cv-05338-JFL<br><br>Judge Joseph F. Leeson, Jr. |

# **PLAINTIFF'S NOTICE OF JURISDICTIONAL REINSTATEMENT AND PROCEDURAL PRESERVATION**

Plaintiff respectfully submits this Notice following the Third Circuit's dismissal of Appeal No. 25-1423 on July 14, 2025 (ECF No. 34-1). Jurisdiction over this matter has now returned to the district court.

This Notice is filed to preserve Plaintiff's rights and clarify the status of motions previously deferred or dismissed during the pendency of the appeal.

## **1. Appeal and Jurisdictional Conflict**

Plaintiff filed a Notice of Appeal on March 10, 2025 (ECF No. 37), which the Court acknowledged in its March 28 Order (ECF No. 55) as divesting it of

jurisdiction. Based on that conclusion, the Court dismissed or deferred ruling on Plaintiff's multiple post-judgment motions.

However, the Third Circuit has now ruled that the March 7, 2025 dismissal order (ECF No. 36) was not final and dismissed the appeal for lack of jurisdiction. That decision necessarily implies that the district court's prior conclusion in ECF No. 55—that jurisdiction had been divested—was incorrect.

The record also shows that the Court ruled on ECF No. 41 (Motion for Recusal) by issuing a merits-based denial (ECF No. 42) *after* the appeal was noticed. The result is a jurisdictional inconsistency that the district court must now address.

---

## 2. Pending Motions and Stayed Proceedings

ECF No. 55 stayed Plaintiff's amendment deadline until 30 days after the appeal was resolved. That time has not yet begun to run. Plaintiff further notes that ECF Nos. 38–57 remain undisposed, including multiple constitutional and procedural objections preserved in real time. These include motions addressing:

- Procedural coercion,

- Misapplication of Rule 12(b)(1) and 12(b)(6),

- Requests for clarification under Rule 52,

- Judicial disqualification under 28 U.S.C. § 455,

- Structural due process objections.

---

### 3. Preservation of Rights

Plaintiff expressly states:

- He has not waived his right to amend under ECF No. 36;

- He has not waived any procedural or constitutional objections raised in ECF Nos. 38–57;

- He preserves all jurisdictional and structural objections to the March 7 ruling, the April 4 amendment deadline, and the Court's March 28 stay;

- He requests full adjudication of all motions previously dismissed or deferred.

---

### 4. Requested Relief

Plaintiff respectfully requests that the Court:

1. Confirm that jurisdiction is reinstated and the stay is lifted;

2. Clarify whether the amendment deadline under ECF No. 55 is now in effect;

3. Rule on all unresolved filings from ECF Nos. 38 through 57;

4. Acknowledge that Plaintiff preserves all objections without waiving the right to amend or appeal.

---

**5. Structural Denial of Review and Request for Clarification**

*A. Jurisdiction Was Asserted and Disclaimed for Self-Protection*

This matter has been procedurally diverted through jurisdictional contradiction. On March 18, 2025, the judge ruled on Plaintiff's Motion for Recusal (ECF No. 41)—after the appeal was noticed—and denied it on the merits, citing case law and rebutting factual allegations. Yet just ten days later, in the March 28 Order (ECF No. 55), he claimed to be divested of jurisdiction and refused to rule on any other motions, including those raising procedural and structural objections. That contradiction remains unresolved.

In ECF No. 55, the judge acknowledged several pending motions—including those for vacatur, clarification, discovery, and renewed recusal—but dismissed them all "without prejudice," citing *Venen v. Sweet*, 758 F.2d 117 (3d Cir. 1985). At the same time, he denied the renewed recusal motion on the merits.

This selective invocation of jurisdiction enabled him to defend his own ruling while avoiding scrutiny of its legal validity. He then warned Plaintiff not to file further motions, stating they would be dismissed "without further notice."

This was not neutral case management. It was jurisdictional self-protection—not judicial adjudication.

### B. The Appeal Was Blocked Before It Began

On March 14, 2025—just four days after Plaintiff noticed the appeal—the Clerk of the Third Circuit issued a screening letter invoking Borelli and 28 U.S.C. § 1291, preemptively framing the appeal as defective before any judge reviewed the record. Plaintiff responded with a formal FRAP 27 objection (Doc. 9), demanding judicial determination and objecting to non-judicial interference. No judge responded.

Over the next four months, Plaintiff submitted nearly 30 additional filings, including jurisdictional arguments, emergency motions, and structural objections. None were adjudicated. On July 14, 2025, the Third Circuit summarily dismissed the appeal for lack of jurisdiction—without addressing the stay entered below, the contradictory recusal ruling, or the objections preserved under FRAP 27 and L.A.R. 27.7.

### C. No Forum, No Exit

Plaintiff moved to vacate the dismissal (ECF No. 39), citing jurisdictional and procedural defects that had to be resolved before any amendment could be considered. He then sought a stay (ECF No. 52) to preserve rights—not to surrender them. The district court disclaimed jurisdiction. The Third Circuit then dismissed the appeal, insisting on a "clear and unequivocal" waiver of amendment.

But the amendment offer was tethered to an order that is legally invalid. A plaintiff is not required to amend a complaint to correct errors committed by the Court—especially where the dismissal violated Rule 12. Finality turns on legal effect, not on whether a litigant capitulates to a procedurally void order. Plaintiff was given no forum in which to obtain review.

Doc. 36 resolved all federal claims and terminated jurisdiction over others. Plaintiff objects to the use of procedural form to block all access to adjudication.

**D. Renewed Structural Objection to Rule 12 Abuse**

This Notice places the Court on record: a single facial Rule 12(b)(1) and 12(b)(6) motion—filed by counsel for six government defendants—has suspended Plaintiff's well-pleaded constitutional claims for nearly a year. There has been no answer, no discovery, no hearing, and no ruling on Plaintiff's repeated procedural objections. Despite more than 100 docketed filings, every decision has been rendered in chambers, off the record, and without adversarial testing. The same

attorney achieved the same result in Plaintiff's Middle District case, *Miller v. County of Lancaster*, No. 1:24-cv-00014 (appeal pending, No. 24-2934). This is not litigation— it is administrative control masquerading as judicial process.

The pattern is clear: Rule 12 was used to force dismissal on the pleadings, while denying jurisdiction to resolve objections, then staying the case altogether. The Court has not applied the correct standard under *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977), which prohibits converting a Rule 12 motion into a factual dismissal without procedure. Nor has it followed the plausibility standard required by *Twombly*, 550 U.S. 544 (2007), or *Phillips*, 515 F.3d 224 (3d Cir. 2008). Instead, the Court has used Rule 12 as a procedural wall—blocking any review of the government's conduct.

This is not legal error. It is a structural misuse of judicial procedure to insulate government defendants and to exhaust a pro se litigant's right to be heard. The form of adjudication has been maintained; the substance has not. Plaintiff's constitutional claims remain untested.

This is not merely procedural abuse; it is constitutional avoidance. As the Supreme Court made clear in *Zwickler v. Koota*, 389 U.S. 241, 248 (1967), federal courts may not decline to adjudicate First Amendment claims simply because they are uncomfortable or could be heard elsewhere. "Congress imposed the duty upon

all levels of the federal judiciary to give due respect to a suitor's choice of a federal forum for the hearing and decision of his federal constitutional claims." *Id.* When a pro se litigant alleges government retaliation, content-based suppression, and obstruction of access, a federal court may not respond with obfuscation, deferral, or silence.

      Plaintiff objects.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
717-388-0163

Dated: July 15, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

        Sarah Hyser-Staub PA I.D. No. 315989
        Lauren Anthony, PA I.D. No. 324557
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA 17108-1166
        717-232-8000
        sstaub@mcneeslaw.com
        lanthony@mcneeslaw.com

*Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163

Dated: July 15, 2025    reaganfive@protonmail.com