UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER, | : |
|       Plaintiff, | : |
| | : |
| v. | :  No. 5:24-cv-5338 |
| | : |
| COUNTY OF LANCASTER, | : |
| TAMMY BENDER, | : |
| JACQUELINE PFURSICH, | : |
| JOSHUA PARSONS, RAY D'AGOSTINO, | : |
| and CHRISTA MILLER, | : |
|       Defendants. | : |

# **O R D E R**

**AND NOW**, this 15th day of July, 2025, upon consideration of this Court's Order dated March 7, 2025,[1] ECF No. 36; Plaintiff's Notice of Appeal, filed March 10, 2025, ECF No. 37, this Court's Order dated March 28, 2025, ECF No. 55; the Order of the Third Circuit Court of Appeals, dated July 14, 2025, dismissing Plaintiff's appeal for lack of appellate jurisdiction because "the order appealed from remains a non-final decision," *see* ECF No. 58; and Plaintiff's Notice of Jurisdictional Reinstatement and Procedural Preservation,[2] ECF No. 59; **IT IS HEREBY ORDERED THAT:**

    1.    The stay is lifted.

---

[1] The Court's Opinion and Order dated March 7, 2025, had the effect of dismissing only Counts II through VI of the Amended Complaint with prejudice, and of dismissing Counts I and VII through XI without prejudice. *See* ECF Nos. 35-36. This did not constitute a final judgment as it granted Plaintiff leave to file a second amended complaint as to Counts I, VII, VIII, IX, X, and XI.

[2] Plaintiff's Notice, ECF No. 59, requests in part that the Court "[c]onfirm that jurisdiction is reinstated and the stay is lifted," "[c]larify whether the amendment deadline under ECF No. 55 is now in effect," and "[r]ule on all unresolved filings from ECF Nos. 38 through 57."

2. Plaintiff has **thirty (30) days** from the date of the Third Circuit's Order dismissing his appeal to file a second amended complaint in this case.[3]

3. To the extent Plaintiff's Notice, ECF No. 59, seeks a reconsideration of this Court's Order dated March 28, 2025, such reconsideration is **DENIED**.[4]

BY THE COURT:

/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge

---

[3] On March 28, 2025, this Court granted Plaintiff "30 days from the date of the Third Circuit's order to file his second amended complaint in this Court." *See* ECF No. 55 at 3. The Third Circuit's Order resolving this case on appeal is dated July 14, 2025. *See* ECF No. 58. Thirty days therefrom is August 14, 2025, which marks the new deadline for Plaintiff to file a second amended complaint in accordance with the Court's Order of March 7, 2025.

[4] In his Notice, ECF No. 59, Plaintiff asserts "that ECF Nos. 38-57 remain undisposed" and requests that the Court rule on the same. Any unresolved motions requesting a Court decision concerning the merits of this case on appeal, filed between March 11 and March 28, 2025, were resolved in this Court's Order dated March 28, 2025, dismissing those motions *without* prejudice and with leave to refile after the resolution of the appeal. *See* ECF No. 55. To the extent Plaintiff requests the Court to reconsider its March 28, 2025, decision regarding these motions, the request is untimely, *see* Local Rule 7.1(g) ("Motions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the order concerned") and without merit, *see Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."). A federal court may defer or deny a motion that it lacks the authority to rule on because of the pendency of an appeal. Fed. R. Civ. P. 62.1. Here, Plaintiff has not shown an intervening change in the controlling law, new evidence, or a clear error of law or fact leading to manifest injustice, such as would warrant this Court's reconsideration of its March 28, 2025, Order dismissing these motions without prejudice due to a pending appeal. *See Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).