IN THE DISTRICT COURT OF THE UNITED STATES

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br><br>*Plaintiff*,<br><br>v.<br><br>COUNTY OF LANCASTER, *et al.*,<br><br>*Defendants*. | Civ. No.: 5:24-cv-05338-JFL<br><br>Judge Joseph F. Leeson, Jr. |

# **PLAINTIFF'S NOTICE OF PRESERVATION OF PROCEDURAL AND CONSTITUTIONAL OBJECTIONS**

Plaintiff respectfully submits this Notice to preserve all objections arising from the jurisdictional contradictions, procedural denials, and constitutional avoidance documented throughout this matter. This filing is made solely to preserve procedural and constitutional objections for appellate and certiorari review. It is not a motion for reconsideration, renewed briefing, or further argument before this district court judge. The record is preserved. No further response is required or invited.

1

## 1. Preservation of Jurisdictional and Procedural Objections

Plaintiff preserves all objections raised in ECF Nos. 38–59, including:

- Objection to the district judge making factual findings to dismiss claims on a facial Rule 12(b) motion, in violation of *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977);

- Objection to misapplication of pleading standards under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008);

- Objection to misuse of Rule 12(b)(1) and 12(b)(6) to evade adjudication of verified constitutional claims;

- Structural objection to the March 28, 2025 stay (ECF No. 55), which barred amendment and prohibited further motions without adjudication;

- Objection to the district judge asserting jurisdiction to defend his own conduct (ECF No. 42) while disclaiming jurisdiction to address Plaintiff's objections;

- Objection to the contradictory handling of Appeal No. 25-1423, where the district court claimed it was divested of jurisdiction due to the appeal, but

the Third Circuit dismissed the appeal for lack of a final order—leaving Plaintiff without any forum to challenge the March 7 dismissal and denying a meaningful opportunity to be heard.

## 2. Preservation of Constitutional Objections

Plaintiff further preserves:

- First Amendment objections to government retaliation, content-based suppression, and viewpoint discrimination;

- Fourteenth Amendment objections to selective enforcement, procedural coercion, and denial of fair access to a judicial forum;

- Objection to misuse of jurisdictional doctrine to shield judicial officers from structural accountability;

- Objection to constructive denial of an Article III forum through procedural manipulation rather than lawful adjudication.

## 3. Final Clarification and Preservation

Plaintiff notes that the district judge's July 15, 2025 Order (ECF No. 60) lifted the stay and restated the amendment deadline, but declined to adjudicate any motions.

Instead, the judge—acting sua sponte from chambers—mischaracterized Plaintiff's request for first-time rulings on deferred motions (ECF No. 59) as a motion for reconsideration of the March 28, 2025 Order, even though that order dismissed the motions without prejudice for lack of jurisdiction and never addressed their merits.

Relying on this mischaracterization, the judge invoked Local Rule 7.1(g), Federal Rule of Civil Procedure 62.1, and *Max's Seafood Café v. Quinteros*, 176 F.3d 669 (3d Cir. 1999)—none of which apply to motions that were never adjudicated. This post hoc maneuver contradicts the judge's own instruction to refile after resolution of the appeal and improperly recasts procedural deferrals as untimely "motions for reconsideration."

This tactic not only evades review—it distorts the procedural record in a way that obstructs appellate and certiorari scrutiny. Plaintiff objects not only on substantive grounds, but also on the procedural prejudice caused by this reframing. All objections are preserved, and Plaintiff incorporates by reference the arguments set forth in ECF No. 59.

---

## 4. Reservation of Rights

Plaintiff reserves the right to seek:

- Relief under Fed. R. Civ. P. 52, 59, and 60 for rulings issued without proper procedure or jurisdiction;

- Full adjudication of ECF Nos. 38–57, including structural and constitutional motions previously deferred or dismissed without review;

- Appellate review of all claims improperly dismissed, denied, deferred, or procedurally reframed;

- Certiorari review to address the systemic evasion of constitutional adjudication under color of jurisdiction.

---

## 5. Note on Judicial Conduct

Plaintiff notes that the district judge's selective assertions of jurisdiction—invoking authority to defend his own conduct while disclaiming it to avoid adjudicating Plaintiff's challenges—raise serious concerns about impartiality and procedural integrity. This Notice preserves all related objections and potential harms for appellate and further review.

Respectfully submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522

reaganfive@protonmail.com  
717-388-0163

Dated: July 16, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

        Sarah Hyser-Staub PA I.D. No. 315989
        Lauren Anthony, PA I.D. No. 324557
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA 17108-1166
        717-232-8000
        sstaub@mcneeslaw.com
        lanthony@mcneeslaw.com

*Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
Dated: July 16, 2025    reaganfive@protonmail.com