UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MICHAEL MILLER, | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | No. 5:24-cv-5338 |
|  | : |  |
| COUNTY OF LANCASTER, | : |  |
| TAMMY BENDER, | : |  |
| JACQUELINE PFURSICH, | : |  |
| JOSHUA PARSONS, RAY D'AGOSTINO, | : |  |
| and CHRISTA MILLER, | : |  |
| Defendants. | : |  |

**O R D E R**

**AND NOW**, this 24th day of July, 2025, upon consideration of Plaintiff's Motion for Substantive Adjudication of Filings,[1] filed July 21, 2025, ECF No. 62, **IT IS HEREBY ORDERED THAT:**

Plaintiff's Motion, ECF No. 62, is **GRANTED** in part and **DENIED** in part, as follows:

1. Plaintiff's request that the Court reopen and consider on the merits ECF Nos. 43, 46, 47, 48, 49, 56, 57, and 59 is **DENIED**.[2]

---

[1] Plaintiff's Motion, ECF No. 62, requests the Court to "issue rulings on the merits of all properly filed motions," which he proceeds to list as ECF Nos. 39, 41, 43-44, 46-57, 59. The Court construes this as a request to reopen and consider these motions without requiring that Plaintiff refile each. This order addresses each in turn.

[2] To the extent Plaintiff seeks resolution of ECF Nos. 43, 46, 47, 56, 57, or 59, those filings are notices which do not require court action and which the Court does not construe as motions. To the extent Plaintiff seeks resolution of ECF Nos. 46, 47, 48, and 49, Plaintiff also misidentifies those docket entries. *See* ECF No. 62. In the instant Motion, Plaintiff refers to ECF No. 46 as a "Motion to Schedule a Rule 16 Conference," but ECF No. 46 in the docket is titled "Notice Preserving Objection to Judicial Impartiality and Jurisdiction" and makes no mention of a Rule 16 conference; he refers to ECF No. 47 as a "Motion for Equitable Extension of Time to Amend," but ECF No. 47 is titled "Notice Preserving Objection to Procedural Irregularities and Constitutional Deprivation" and makes clear his "decision not to amend"; he refers to ECF No. 48 as a "Motion to Clarify and Correct Record under Rule 52" but ECF No. 48 is Defendants' Brief in Opposition to "Motion for Vacatur of Dismissal"; lastly, he refers to ECF No. 49 as a Rule 11 Notice Regarding Defense Misconduct, but it is his own Reply in Support of Motion for Vacatur. *See* ECF No. 62 at 2.

2. Plaintiff's request that the Court reopen and consider on the merits his Motion for Recusal, ECF No. 41, is **DENIED**.[3]

3. Plaintiff's request that the Court reopen and consider on the merits his Renewed Motion for Recusal, ECF No. 53, is **GRANTED**.

   i. Plaintiff's Renewed Motion for Recusal, ECF No. 53, is **DENIED**.[4]

4. Plaintiff's request that the Court reopen and consider on the merits his Emergency Motion for Vacatur of Dismissal, ECF No. 39, is **GRANTED.**

   i. Plaintiff's Emergency Motion for Vacatur of Dismissal, ECF No. 39, is **DENIED.**[5]

5. Plaintiff's request that the Court reopen and consider on the merits his Motion to Clarify and Correct Misapplication of Rule 12(b)(1) and Rule 12(b)(6) Standards, ECF No. 44, and his Motion for Supplemental Clarification and Procedural Findings, ECF No. 50, is **GRANTED**.

---

[3] The Court construes Plaintiff's instant Motion as requesting resolution of the aforementioned filings to the extent they were not already decided on the merits. Plaintiff's Motion for Recusal, ECF No. 41, did not concern the merits of his appeal, *see* ECF No. 37, and was decided via the Court's Order dated March 18, 2025, denying it for the reasons stated therein, *see* ECF No. 42.

[4] Plaintiff's Renewed Motion for Recusal, ECF No. 53, differs from his original Motion for Recusal, ECF No. 41, in that it argues for recusal on the basis of bias and partiality only. The original Motion for Recusal, however, argued for recusal partially on the basis of "systematic favoritism" and a violation of Canon 3 of Judicial Ethics. *See* ECF No. 41. This Court addressed Plaintiff's arguments concerning judicial bias in its order dated March 18, 2025. *See* ECF No. 42. Thus, to the extent the Renewed Motion for Recusal argues the existence of judicial bias and partiality, it is denied for the reasons stated in the Court's March 18, 2025, Order. To the extent the Renewed Motion for Recusal seeks reconsideration of the Court's decision on the original Motion for Recusal, Plaintiff has not shown an intervening change in the controlling law, new evidence, or a clear error of law or fact leading to manifest injustice, such as would warrant reconsideration. *See Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.").

[5] In the instant Motion, Plaintiff refers to ECF No. 39 as a "Motion to Vacate Order and Clarify Record," but nowhere in ECF No. 39 does it request clarification of the Court. It does, however, ask that the Court reconsider (and ultimately vacate) its March 7, 2025, Order granting and denying in part Defendants' Motion to Dismiss. *See* ECF Nos. 39 at 6-7; 39-1 at 11, 13. Accordingly, the Court construes ECF No. 39 as a motion for reconsideration. It denies the same because Plaintiff has not shown an intervening change in the controlling law, new evidence, or a clear error of law or fact leading to manifest injustice, such as would warrant reconsideration of the Court's March 7, 2025, Opinion and Order. *See Quinteros*, 176 F.3d at 677; *see also Harsco Corp.*, 779 F.2d at 909.

    i.   Plaintiff's Motion to Clarify and Correct Misapplication of Rule 12(b)(1) and Rule 12(b)(6) Standards, ECF No. 44; and Motion for Supplemental Clarification and Procedural Findings, ECF No. 50; are **DENIED**.[6]

6.   Plaintiff's request that the Court reopen and consider on the merits his Motion to Stay or Suspend Deadlines, ECF No. 52; and his Emergency Motion to Compel Ruling on Pending Motions and to Clarify Procedural Posture, ECF No. 54; is **DENIED**.[7]

7.   Plaintiff's request that the Court reopen and consider on the merits his Motion to Compel Disclosure of Representation and Indemnification Arrangements, or Alternatively, for Leave to Conduct Limited Discovery,[8] ECF No. 51, is **GRANTED**.

    i.   Defendants **shall respond** to the Motion, ECF No. 51, by **August 14, 2025**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[6] In these motions, Plaintiff again takes issue with the Court's March 7, 2025, decision regarding Defendants' Motion to Dismiss. *See* ECF Nos. 44, 50. To the extent either motion requests the Court to "clarify" or defend its reasoning from March 7, such request is denied. The basis for the Court's determination is fully articulated in its Opinion dated March 7, 2025. *See* ECF No. 35. To the extent Plaintiff seeks reconsideration of the March 7 Opinion and Order, he still has not shown an intervening change in the controlling law, new evidence, or a clear error of law or fact leading to manifest injustice, *see Quinteros*, 176 F.3d at 677, and "[t]he moving party's 'mere disagreement' with the Court's decision is not grounds for reconsideration." *United States v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016) (citing *Meachum v. Temple Univ. of the Commonwealth. Sys. of Higher Educ.*, 56 F. Supp. 2d 557, 557 n.2 (E.D. Pa. 1999)).

[7] Plaintiff's instant Motion requests resolution of certain motions to the extent they were not already decided on the merits. Plaintiff's Motion to Stay or Suspend Deadlines pending appeal, ECF No. 52, and his Motion to Compel Ruling and to Clarify Procedural Posture, ECF No. 54, were each decided via this Court's March 28, 2025, Order. *See* ECF No. 55. With respect to the Motion to Stay or Suspend Deadlines, the Court suspended Plaintiff's deadline to file a second amended complaint until the resolution of his case on appeal. *Id.* Plaintiff has thirty (30) days from the date of the Third Circuit's Order to file his second amended complaint in this Court, subject to the requirements and limitations outlined by this Court on March 7, 2025. *See* ECF Nos. 55, 60.

[8] The Court notes that Plaintiff's instant motion refers to ECF No. 51 as a "Motion for Leave to File Supplemental Brief" but the above references ECF No. 51 by its full title.