UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL MILLER

*Plaintiff*,

v.

COUNTY OF LANCASTER, *et al.*,

*Defendants*.

Civ. No.: 5:24-cv-05338-JFL

Judge Joseph F. Leeson, Jr.

**PLAINTIFF'S NOTICE OF PRESERVATION AND CLARIFICATION OF DOCKET TREATMENT**

**I. Preservation of Objections and Record Clarification**

Plaintiff submits this notice to preserve and clarify the treatment of docketed filings that bear on the finality and appealability of the judge's orders. These filings were timely presented for adjudication but were mischaracterized and left unresolved. This notice is submitted to ensure the record accurately reflects that they remain pending and improperly excluded.

**II. Governing Standards and Legal Authority**

In the Order dated July 24, 2025 (ECF No. 63), the judge stated that "ECF Nos. 43, 46, 47, 56, and 57 are not motions, and therefore no ruling is required." Plaintiff objects to that characterization. Each of those filings:

- Preserved legal objections grounded in jurisdiction, impartiality, and due process;

- Identified unresolved procedural or structural defects;

- Or expressly sought clarification, correction, or acknowledgement of the Court's posture.

1

Although captioned as "Notices," these filings plainly requested judicial action and are legally operative under controlling precedent. As the Third Circuit has held:

"Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."

— *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999)

Federal Rule of Civil Procedure 1 mandates that all procedures be construed to secure the just, speedy, and inexpensive determination of every action and proceeding. Rule 7(b) governs requests for court action regardless of caption. Courts must construe pro se filings liberally and evaluate them by substance, not form.

**III. Application to Plaintiff's Filings and Judicial Conduct**

The judge has evaded every avenue of adjudication. He dismissed the case on facial Rule 12(b) grounds without holding a hearing, resolving factual disputes, or addressing Plaintiff's core constitutional claims. He imposed strict formalism on a pro se litigant and confined Plaintiff to written motion practice. Yet when Plaintiff complied—filing timely, substantive, and legally grounded requests for relief—the judge then refused to rule on them, dismissing some as "not motions" and reframing others as improper attempts at "motions for reconsideration." This cycle renders the judge unaccountable to law and leaves the pro se litigant with no viable channel to be heard.

The reliance on caption discrepancies to avoid adjudication is not a good-faith application of procedural rules—it is a pretext. Each filing was substantively identified in ECF No. 62, properly docketed, and requested judicial action. Under Rule 7(b), Rule 1, and binding Third

Circuit authority, courts must evaluate pro se filings by their content, not their labels. The judge's refusal to do so—while simultaneously recharacterizing other filings when it suits his purpose—reveals an arbitrary and outcome-driven procedural posture.

This pattern functionally eliminated Plaintiff's ability to be heard in the district court and obstructed meaningful appellate review by manipulating the procedural posture of the case. Plaintiff's omnibus motion at ECF No. 62 specifically identified these docket entries and requested rulings. Yet the judge refused to engage with their substance, despite repeated opportunity and clear legal authority requiring adjudication. That refusal raises material questions of finality, procedural fairness, and structural neutrality.

See *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982) ("The right to be heard must be granted at a meaningful time and in a meaningful manner.");

*In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003) ("The appearance of bias or partiality can be just as damaging to the integrity of the judicial system as actual bias.");

*Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 166 (3d Cir. 1993) ("Even an appearance of partiality can erode public confidence in the judicial process.").

**IV. Preservation of Objections and Filings**

Accordingly, Plaintiff preserves these filings and all related objections. This notice is submitted solely to confirm that the identified submissions were timely made, substantively presented for adjudication, and improperly excluded by the judge. Plaintiff maintains that the judge's refusal to rule on duly presented filings, the selective characterization of procedural submissions, and the structural handling of this case have denied Plaintiff fair process and neutral adjudication.

Nothing in this notice should be construed as a concession that any prior order was valid or final. Plaintiff continues to object that each order entered in this matter—including ECF Nos. 36, 55, 60, and 63—was issued without lawful authority and is ultra vires. These objections are preserved in full, and Plaintiff reserves all rights under the Constitution, governing rules, and applicable statutes.

Respectfully submitted,

*/s/ Michael Miller*
MICHAEL MILLER, Pro Se
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163

Dated: July 24, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

                Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

*Attorneys for Defendants*


Respectfully Submitted,

*/s/ Michael Miller*
MICHAEL MILLER
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
(717) 388-0163
Dated: July 24, 2025        reaganfive@protonmail.com