UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br><br>*Plaintiff*,<br><br>v.<br><br>COUNTY OF LANCASTER, *et al.*,<br><br>*Defendants*. | Civ. No.: 5:24-cv-05338-JFL<br><br>Judge Joseph F. Leeson, Jr. |

**PLAINTIFF'S RENEWED MOTION FOR RECUSAL AND FORMAL OBJECTION TO JUDICIAL IMPARTIALITY UNDER 28 U.S.C. § 455**

**I. Claim**

Plaintiff respectfully moves for the recusal of Judge Joseph F. Leeson, Jr. under 28 U.S.C. § 455(a). A reasonable person, reviewing the full record, would question the judge's impartiality based on a sustained pattern of procedural irregularities, inconsistent jurisdictional assertions, and strategic use of form to avoid adjudicating Plaintiff's claims. This conduct has denied Plaintiff access to a neutral forum and reflects structural bias.

---

**II. Rule**

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

This standard is objective, requiring recusal where a fully informed observer would reasonably doubt the judge's neutrality.

"Even an appearance of partiality can erode public confidence in the judicial process."

— *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 166 (3d Cir. 1993)

Recusal does not require actual bias. It applies when judicial behavior—tone, rulings, or process—creates a reasonable inference of partiality. See also *Liteky v. United States*, 510 U.S. 540, 548 (1994).

---

### III. Grounds

**A. Prior Grounds for Recusal (ECF No. 53, Incorporated)**

Plaintiff previously moved for recusal on March 28, 2025 (ECF No. 53), citing:

- Use of editorial tone and dismissive language in the March 7 Memorandum (ECF No. 35);
- Adverse inferences about Plaintiff's motives and character without evidentiary basis;
- Use of facts outside the pleadings in a Rule 12(b)(1) dismissal;
- Unequal enforcement of procedural standards favoring Defendants.

These grounds remain unrebutted and are hereby incorporated.

**B. Subsequent Conduct Reinforces Appearance of Bias**

1. **Procedural Shell Games**

    In ECF No. 63, the Court declined to rule on filings labeled as "not motions," while recharacterizing others as motions for reconsideration to deny them under inapplicable rules. These inconsistent labels foreclosed meaningful review. See *Doc. 65*.

2. **Void Rule 12(b)(1) Ruling**

    In ECF No. 36, the Court dismissed Plaintiff's constitutional claims on a facial jurisdictional challenge while resolving factual disputes—directly violating *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977).

3. **No Opportunity to Be Heard**

    All rulings have issued from chambers, without conference, hearing, or findings. Plaintiff has never met the presiding judge or been permitted oral argument, even where factual and jurisdictional issues are disputed.

4. **Manipulation of Jurisdictional Posture**

    In ECF No. 55, the Court claimed it lacked jurisdiction to rule on ECF No. 44 due to Plaintiff's appeal. Yet ten days earlier, in ECF No. 42, it exercised jurisdiction to deny Plaintiff's recusal motion. This inconsistent posture reinforces the appearance of strategic evasion, not neutral adjudication.

5. **Refusal to Adjudicate Recusal Motion (ECF No. 53)**

    In footnote 4 of ECF No. 63, the judge mischaracterized the renewed recusal motion as a motion for reconsideration, declined to address its grounds, and dismissed it procedurally. This conflates a § 455 motion with Rule 60 practice and fails to acknowledge the controlling standard set by *Alexander*, where recusal is required even absent actual bias when the appearance of partiality arises from tone, treatment, or conduct.

A § 455(a) motion is a statutory safeguard—not a vehicle for reconsideration.

The Court's failure to adjudicate ECF No. 53 meaningfully only compounds the appearance of partiality already evident from the rulings addressed above.

**V. Conclusion and Relief Requested**

Plaintiff, and any similarly situated reasonable person fully informed of this record, would question the impartiality of Judge Leeson. The Court has exhibited a sustained pattern of procedural inconsistency, jurisdictional manipulation, and refusal to adjudicate motions on their merits—particularly those asserting constitutional or structural violations. The resulting posture does not reflect mere disagreement over process or substance. It undermines the appearance of neutrality that § 455(a) was enacted to protect.

Recusal is not discretionary in such circumstances. The statute requires disqualification where impartiality might reasonably be questioned, even if no actual bias is found. That standard is plainly met here. See *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 166 (3d Cir. 1993) ("Even an appearance of partiality can erode public confidence in the judicial process.").

Accordingly, Plaintiff respectfully requests:

1. Recusal of Judge Leeson under 28 U.S.C. § 455(a);
2. Reassignment of this case to a neutral judicial officer not implicated in prior rulings;
3. Adjudication of all pending and preserved motions by the reassigned judge based on the existing record;
4. Docketing of this formal objection to the appearance of partiality, for preservation on appellate and collateral review.

Respectfully submitted,

*/s/ Michael Miller*
MICHAEL MILLER, Pro Se
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163

Dated: July 25, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

        Sarah Hyser-Staub PA I.D. No. 315989
        Lauren Anthony, PA I.D. No. 324557
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA 17108-1166
        717-232-8000
        sstaub@mcneeslaw.com
        lanthony@mcneeslaw.com

*Attorneys for Defendants*


Respectfully Submitted,

*/s/ Michael Miller*
MICHAEL MILLER
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
(717) 388-0163
reaganfive@protonmail.com

Dated: July 25, 2025