UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL MILLER

*Plaintiff*,

v.

COUNTY OF LANCASTER, *et al.*,

*Defendants*.

Civ. No.: 5:24-cv-05338-JFL

Judge Joseph F. Leeson, Jr.

## PLAINTIFF'S NOTICE PRESERVING STRUCTURAL CONFLICT AND DISQUALIFICATION OBJECTIONS

Plaintiff respectfully submits this notice to preserve his objections to ongoing judicial disqualification, structural conflicts of representation, and the improper handling of ECF No. 51.

## I. Timeline Manipulation Prevents Review

In the Court's Order dated July 24, 2025 (ECF No. 63), Defendants were directed to respond to Plaintiff's Motion to Compel Disclosure of Representation and Indemnification Arrangements (ECF No. 51) no later than August 14, 2025. That date is also the last day Plaintiff may file a timely notice of appeal under Rule 4(a)(1)(A).

This creates a procedural impasse: if Plaintiff appeals before August 14, jurisdiction over the motion is lost. If he waits, no ruling will issue in time for meaningful appellate review. The judge has therefore structured the schedule to deprive Plaintiff of both remedy and review.

## II. Disqualification Under § 455(a)

Plaintiff objects that Judge Leeson is disqualified under 28 U.S.C. § 455(a) from ruling on ECF No. 51. That motion seeks disclosure of structural conflicts and potential ethical violations involving defense counsel, indemnification practices, and unauthorized representation—issues the judge has consistently avoided adjudicating.

As stated in Plaintiff's renewed motion for recusal, and preserved in prior filings, a reasonable person would doubt the judge's impartiality in continuing to shield these issues from review while simultaneously denying access to discovery, hearing, or adjudication.

### III. Objections Preserved

Plaintiff preserves the following:

- That ECF No. 51 was properly filed, ripe for adjudication, and not resolved within the timeframe required to preserve appellate review;
- That the judge's setting of a response deadline on the last possible day for appeal creates a jurisdictional wedge;
- That the judge is disqualified from further involvement under 28 U.S.C. § 455(a), and that any action taken despite that disqualification is void or voidable;
- That all rights, objections, and procedural challenges are preserved.

*/s/ Michael Miller*
MICHAEL MILLER, Pro Se
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163

Dated: July 25, 2025

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

*Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
MICHAEL MILLER
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
(717) 388-0163
reaganfive@protonmail.com

Dated: July 25, 2025