UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL MILLER

    *Plaintiff*,

    v.

COUNTY OF LANCASTER, *et al*.,

    *Defendants*.

Civ. No.: 5:24-cv-05338-JFL

Judge Joseph F. Leeson, Jr.

## PLAINTIFF'S NOTICE AND FORMAL OBJECTION TO VOID RULE 12(b) RULINGS ENTERED WITHOUT JURISDICTION

### I.    Purpose and Preservation

Plaintiff files this notice to preserve objections and clarify the legal posture following the Court's July 24, 2025 Order (ECF No. 63), specifically as it relates to *Plaintiff's Motion to Clarify and Correct the Application of Rule 12(b)(1) and 12(b)(6)* (ECF No. 44). That motion argued the Court lacked jurisdiction to dismiss under Rule 12(b)(1) while resolving factual and legal disputes—a practice barred by binding precedent.

In ECF No. 63, the Court denied ECF No. 44 without addressing that threshold issue. Instead, the Court treated the motion as a request for reconsideration and applied standards under Local Rule 7.1(g) and *Max's Seafood Café*, bypassing the procedural concern. Plaintiff objects that this treatment left a jurisdictionally void ruling in place and denied proper adjudication. This notice preserves the objection and clarifies the issue for the record.

### II.    Controlling Law and Standard of Review

When a Rule 12(b)(1) challenge is facial—as it was here (ECF Nos. 17–18)—the Court must accept all well-pleaded facts as true and may not resolve factual disputes or draw

inferences. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Deviation from this standard exceeds judicial authority and constitutes reversible error.

### III.     Doc. 35 (ECF No. 36) Violated Rule 12(b)(1) and Was Ultra Vires

The judge violated Rule 12(b)(1). In ECF No. 36, he granted Defendants' facial

jurisdictional challenge while resolving legal disputes, drawing inferences, and applying

extrinsic authority—conduct expressly barred at the facial stage under *Mortensen*.

In his memorandum (ECF No. 35 at 21–22), the judge declared that Plaintiff's claims

were "rooted in his dissatisfaction" with RTKL proceedings, and concluded that federal courts

"generally lack jurisdiction" over such claims. This conflated state-law background with federal

claim substance, using legal conclusions to dismiss at the jurisdictional gate.

The Court also relied on unrelated decisions (e.g., *Ledcke*, *N'Jai*, *Miller v. Nelling*) to

recharacterize the claims as a disguised RTKL appeal, bypassing the actual First and Fourteenth

Amendment claims pled. These actions departed from the Rule 12(b)(1) standard and blocked

proper review. The ruling exceeded the Court's authority and is void.

### IV.     Post-Hoc Reframing and Rule by Ipse Dixit

On March 24, Plaintiff filed ECF No. 44 to raise these concerns, but the Court claimed it

lacked jurisdiction to address its merits. Then, in ECF No. 63, the Court reframed it as a motion

for reconsideration and denied it without evaluating the Rule 12 error raised.

In footnote 6, the Court states: "To the extent either motion requests the Court to 'clarify'

or defend its reasoning, such request is denied." This is not the rule of law—it is rule by *ipse*

*dixit*: a bare assertion from chambers, unsupported by reasoning, authority, or findings. The

Court did not engage with the Rule 12 error. The judge simply wrote "DENIED."

No hearing was held. No findings were issued. The judge never met the party or explained the ruling. Invoking the label "the Court" does not convert unilateral fiat into neutral adjudication. The gap between language and reality undermines confidence in the forum and denies the right to be heard.

This pattern reflects a fourfold obstruction:

1. Substantive objections are ignored (as with ECF No. 44),

2. Procedural mislabeling is used to deny adjudication (motions recast as improper),

3. Caption-based avoidance is selectively applied (notices dismissed as non-motions, motions dismissed as untimely or invalid),

4. Jurisdictional posture is manipulated to evade review (jurisdiction asserted or denied as convenient).[1]

Together, these tactics foreclose review of jurisdictional defects and block Plaintiff's rightful access to a lawful and impartial forum. Courts may not avoid review of threshold defects by redefining filings or applying inapplicable standards. See *Zwickler v. Koota*, 389 U.S. 241 (1967); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982).

## V.     Structural and Constitutional Violations

Plaintiff formally objects to the procedural pattern reflected in ECF Nos. 55, 60, and 63 as violating structural due process and the constitutional guarantee of a neutral forum.

The Supreme Court has made clear that "the right to be heard must be granted at a meaningful time and in a meaningful manner." See *Logan*. That standard is not met when a court

---

[1] In his March 28 Order (ECF No. 55), the judge asserted that he lacked jurisdiction to rule on ECF No. 44 due to Plaintiff's March 10 notice of appeal. Yet ten days earlier, on March 18, he exercised jurisdiction to deny Plaintiff's recusal motion (ECF No. 42), despite the same procedural posture. This selective invocation of jurisdiction undermines the rationale offered and reinforces the pattern of procedural evasion.

declines to engage with a properly raised jurisdictional objection, then denies relief without analysis, findings, or reasoning.

The Third Circuit has likewise warned that "the appearance of bias or partiality can be just as damaging to the integrity of the judicial system as actual bias." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003); *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 166 (3d Cir. 1993). The procedural treatment here gives rise to such an appearance. Plaintiff raised a jurisdictional defect grounded in binding precedent. The judge refused to address it—then denied it by assertion alone. That conduct reflects neither neutrality nor due process, and it cannot be insulated by form or discretion.

## VI.    Objection to Void Orders Under Rule 60(b)(4)

Each of these dispositive orders—ECF Nos. 35, 36, 55, 60, and 63—was issued without lawful authority and is therefore void. Plaintiff has consistently maintained that this Court has subject-matter jurisdiction over his constitutional claims and was required to exercise it. See *Zwickler*. But the challenge is that the court exercised that jurisdiction in a manner that violated controlling standards under Rule 12 and Article III.

A dismissal that rests on factual findings under a facial Rule 12(b)(1) motion—or that bypasses adjudication through label-shifting and conclusory denials—exceeds the court's authority. Such rulings are void or voidable. Jurisdictional error of this kind is never waived and remains subject to collateral review under Rule 60(b)(4).

Accordingly, Plaintiff preserves all rights under Rule 60(b)(4), Rule 60(d)(1), and any other applicable law. These objections preserve Plaintiff's ability to seek both appellate and independent Rule 60 review of all challenged rulings.

**VII. Conclusion**

Plaintiff preserves the objections set forth above and confirms that ECF No. 44 was timely, grounded in binding precedent, and improperly denied without adjudication. The Court's failure to address the Rule 12 violation does not bar appellate or collateral review. Plaintiff reserves all rights under federal law and procedural rules.

Respectfully submitted,

*/s/ Michael Miller*
MICHAEL MILLER, Pro Se
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163

Dated: July 25, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the

foregoing document to the following:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

*Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
MICHAEL MILLER
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
(717) 388-0163
reaganfive@protonmail.com

Dated: July 25, 2025