IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | |
| Plaintiff, | : | No. 5:24-CV-05338-JFL |
| | : | |
| v. | : | Judge Joseph F. Leeson, Jr. |
| | : | |
| COUNTY OF LANCASTER, *et al.*, | : | |
| Defendants | : | |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S "MOTION TO COMPEL DISCLOSURE OF REPRESENTATION AND INDEMNIFICATION ARRANGEMENTS, OR, ALTERNATIVELY, FOR LEAVE TO
CONDUCT LIMITED DISCOVERY" (DOC. NO. 51)**

Defendants County of Lancaster, Tammy Bender, Jacqueline Pfursich, Joshua Parsons, Ray D'Agostino, and Christa Miller (collectively, "Defendants") submit this brief in opposition to *pro se* Plaintiff Michael Miller ("Miller")'s "Motion to Compel Disclosure of Representation and Indemnification Arrangements, or, Alternatively, for Leave to Conduct Limited Discovery" (Doc. No. 51). For the reasons that follow, Defendants respectfully request that the Court deny Miller's motion.

I.  **INTRODUCTION**

As made clear by the docket and procedural history of this matter, Miller has continued with a pattern of baseless and inflammatory filings, and his motion at Doc. No. 51 is no exception. As discussed *infra*, this motion warrants denial

because there is no basis to award Miller the unfounded and unusual relief he seeks.

## II.     STATEMENT OF FACTS

On March 10, 2025, Miller filed a notice of appeal as to this Court's March 7, 2025 Memorandum Opinion and Order disposing of Defendants' motion to dismiss (Doc. No. 37), opening a jurisdictionally defective appellate case that was eventually dismissed as such.  Less than one month after filing his improper appeal, Miller filed the instant motion on March 26, 2025.  (Doc. No. 51).  On March 28, 2025, this Court issued an order that, *inter alia*, stayed this case pending resolution of Miller's appeal and ordered that Defendants need not respond to any motions filed while the stay was in effect.  (Doc. No. 55).

While Miller's improper appeal with the Third Circuit was pending, Miller filed several items at the appellate level, including a motion styled as a "motion to supplement the record with evidence of structural conflict and unauthorized representation" through which Miller sought to include various documents relating to Defendants' representation by counsel as part of the record in the Third Circuit proceedings.  Although styled as a motion to supplement the record, the appellate motion raised issues similar to those discussed in the instant motion that is the subject of this response.

Miller's motion to supplement filed with the Third Circuit stemmed from Miller's apparent belief that the circumstances of Defendants' representation by their legal counsel in these proceedings is improper. Miller's motion appeared to take issue with the County's legal counsel defending both the County and its individual employees and/or representatives. *See* Ex. A (Third Circuit No. 25-1423, Doc. No. 29-1 at 7-8). Defendants filed a response in opposition to the motion before the Third Circuit, noting, in sum, that Miller has no standing to object to the County of Lancaster providing a defense to its employees and representatives and that Miller lacks standing to assert the County's solicitor had a conflict of interest. *See* Ex. B (Third Circuit No. 25-1423, Doc. No. 32 at 1-2).

The Third Circuit ultimately dismissed Miller's appeal for lack of appellate jurisdiction on July 14, 2025 and remanded the case back to this Court. (Doc. No. 58). In doing so, the Court of Appeals also denied the numerous motions and other filings submitted by Miller at the appellate level while the appeal was pending, including Miller's motion to supplement the record discussed above. *See* Ex. C. (Third Circuit No. 25-1423, Doc. No. 34-1).

On July 15, 2025, this Court lifted its stay and directed Miller to file a second amended complaint no later than August 13, 2025. (Doc. No. 60). Miller filed several documents stating that he had no intention of amending and would

stand on his prior complaint.[1] On July 24, 2025, this Court issued an Order disposing of various motions filed by Miller prior to the stay, and directing Defendants to respond to the instant motion only by August 14, 2025. (Doc. No. 63). Accordingly, Defendants now respond in opposition to the instant motion and respectfully request that the motion be denied.

## III. STATEMENT OF THE QUESTION INVOLVED

Should this Court deny Miller's motion, where Miller has failed to establish entitlement to the relief requested in the motion under the governing standard and has failed to show any impropriety with respect to Defendants' representation, to the extent his motion suggests such impropriety?

*Suggested Answer:* Yes.

## IV. SUMMARY OF ARGUMENT

Defendants respectfully request that the Court deny the motion because: (1) Miller has not demonstrated entitlement to the information sought in the motion under the governing standard; and (2) to the extent Miller's motion suggests any impropriety with regard to Defendants' representation by counsel, there is no showing of any such impropriety.

---

[1] This motion is arguably now moot, as Miller failed to amend his complaint by the Court's deadline, which will result in dismissal of this action with prejudice. Although final judgment had not yet been entered, Miller filed another appeal to the Third Circuit on August 12, 2025. (Doc. No. 74).

## V. ARGUMENT

First, while Miller alludes to the standard for early discovery under Federal Rule of Civil Procedure 26(d)(1), Miller has failed to meet this standard—and indeed, since he has now appealed this matter to the Third Circuit, his request is procedurally improper and/or moot. Nevertheless, one district court has summarized authority on this topic as follows:

> Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). As such, "courts have broad discretion to manage the discovery process and may expedite or otherwise alter the time and sequence of discovery." *Teets v. Doe One*, 2021 WL 808572, at *1 (W.D. Pa. Mar. 3, 2021). **While a standard for assessing motions for early or expedited discovery has not been announced by the Third Circuit Court of Appeals, "[t]he prevailing approach in this Circuit is to apply the 'good cause' or reasonableness standard."** *Robson Forensic, Inc. v. Shinsky*, 2022 WL 1198228, at *3 (E.D. Pa. Apr. 22, 2022), *appeal dismissed*, 2022 WL 17037664 (3d Cir. Sept. 12, 2022) (citing *Bath Auth., LLC v. Anzzi LLC*, 2018 WL 5112889, at *8 (E.D. Pa. Oct. 19, 2018)). *See also Samuel, Son & Co. v. Beach*, 2013 WL 4855325, at *3 (W.D. Pa. Sept. 11, 2013).
>
> This good cause standard requires the court to "consider[ ] the totality of the circumstances to discern whether the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Teets*, 2021 WL 808572, at *1 (citing *Strike 3 Holdings, LLC v. Doe*, 2020 WL 3567282, at *4-5 (D.N.J. June 30, 2020) (applying non-exclusive list of factors for determining "good cause"); *Leone v. Towanda Borough*, 2012 WL 1123958 (M.D. Pa. Apr. 4, 2012) (applying good cause standard to request for expedited discovery)).

*Graziano v. Pennsylvania Dep't of Corr.*, No. 1:22-CV-00163-SPB, 2022 WL 17252572, at *1 (W.D. Pa. Nov. 28, 2022) (emphasis added). The good cause standard requires that the request be "'reasonable' in light of the relevant circumstances." *See Robson Forensic*, 2022 WL 1198228, at *3 (quoting *Kone Corp. v. ThyssenKrupp USA, Inc.*, No. 11-465-LPS-CJB, 2011 WL 4478477, at *4, 2011 U.S. Dist. LEXIS 109518 at *10 (D. Del. Sept. 26, 2011)). "The [C]ourt should consider: '(1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and purpose of the requests; and (3) the nature of the burden to the respondent.'" *See id.* (quoting *Kone Corp.*, 2011 WL 4478477, at *11).

Miller's motion fails to meet this standard. Miller's motion is essentially a compilation of unfounded speculation regarding Defendants' legal representation with no bearing on this case and scattered references to Miller's dissatisfaction with the Court's earlier decision on Defendants' Motion to Dismiss. At bottom, Miller's motion fails to show how the requested information is reasonable in light of the circumstances of the case, especially given that Miller now intends for the Court of Appeals to hear this case again. (Doc. Nos. 68, 70-74). Even if the case were not in such a procedural posture, Miller has not made any compelling argument regarding why this information is necessary for litigation of his case.

Complying with such a request risks infringing on privileged information between Defendants and their legal counsel.

Second, Miller lacks standing to object to the County of Lancaster providing a defense to its employees and representatives that he has sued and to assert that the County's solicitor had a conflict of interest. A court may disqualify an attorney only when "'disqualification is an appropriate means of enforcing the applicable disciplinary rule[,]' keeping in mind 'any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enable attorneys to practice without excessive restrictions.'" *Jackson v. Rohm & Haas Co.,* 366 F. App'x. 342, 347 (3d. Cir. 2010) (quoting *U.S. v Miller,* 624 F.2d 1198, 1201 (3d. Cir. 1980)). Federal courts have recognized an exception to the above-mentioned general rule, allowing a non-client to move to disqualify an attorney where "the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims." *See Coyler v. Smith,* 50 F. Supp. 2d 966 (C.D. Cal. 1999).

Here, neither the general rule nor the exception applies. Miller is not a current or former client of the County's solicitor, or the undersigned. Miller fails to demonstrate that there is any conflict in this representation, let alone that any alleged conflict has caused, or will cause, him any injury. Each defendant named in this action has the right to present a defense against Miller's claims through

counsel of their own choosing.  Miller fails to provide any factual support for his suggestion that the County of Lancaster's solicitor acted outside her authority or that Appellees' representation by counsel was improper under any set of applicable ethics rules.

Miller's motion appears grounded in the same speculation that he previously expressed to the Third Circuit regarding Defendants' representation.  Like Miller's filing at the circuit level, the instant motion also warrants denial.  Miller's numerous inflammatory statements set forth in the motion further underscore the baseless nature of Miller's motion.  Miller has failed to show good cause for the requested relief, and Defendants respectfully request that the Court deny the motion.

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Miller's motion, consistent with the proposed order submitted in connection with this response.

[Signature to Follow on Next Page]

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By: *Sarah H Staub*
    Sarah Hyser-Staub, PA 315989
    Lauren Anthony, PA 324557
    100 Pine Street
    P.O. Box 1166
    Harrisburg, PA  17108-1166
    (717) 232-8000
    sstaub@mcneeslaw.com
    lanthony@mcneeslaw.com

Dated: August 14, 2025      *Attorneys for Defendants*